UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN JOHNSON,<br><br>Defendant. | Case No. 22-CR-176 (CJN) |

**GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF
OTHER BAD ACTS PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States of America, by and through its undersigned counsel, respectfully submits this Notice of Intent to Offer Evidence of Other Bad Acts Under Federal Rule of Evidence 404(b). The government intends to offer evidence that, in the months leading up to the criminal conduct charged in this case, the defendant used Google Chrome to access apparent child pornography on multiple occasions. For example, the defendant's Google Chrome history shows that he navigated to, among other things, a Dropbox folder entitled "Black teens and underage thots,"[1] Dropbox folders with the same names as folders that contained child pornography on his Google Drive, and specific video files on MEGA, including one entitled "deleted porn hub vid 13 yo.mp4." In addition, the defendant's phone contained a screenshot of what appears to be a Telegram group labeled "Young hoes10-16(black girls…" The government's proffered evidence is admissible for the non-propensity purposes of proving the defendant's motive, intent, knowledge, absence of mistake, and lack of accident with respect to the charged offense. And it is especially probative given the defendant's claims to law enforcement that he has no sexual interest in underage teenagers and unknowingly downloaded the child pornography that he uploaded to Google Drive.

---

[1] "Thot" is a disparaging slang term for "a woman considered to be sexually provocative or promiscuous." *See Thot*, Dictionary.com, https://www.dictionary.com/browse/thot.

**FACTUAL BACKGROUND**

The National Center for Missing and Exploited Children (NCMEC) is a non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. NCMEC operates a CyberTipline and Child Victim Identification Program. Through the CyberTipline, Internet Service Providers (ISPs), Electronic Service Providers (ESPs), and individual persons may notify NCMEC of online child sexual abuse images. NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement agencies.

As alleged, Google reported that Google user stephenjohnson1197@gmail.com—an account that was later determined to belong to the defendant, Stephen Johnson—had uploaded numerous media files to Google Drive between September 21, 2020, and October 1, 2020. These images included visual depictions of minors that capture a minor or someone interacting with the minor engaged in masturbation, sexual intercourse, sado and masochistic abuse, and visual depictions of minors in which the depictions are focused on their genital, pubic area, or anus (hereinafter "child exploitative material"). Google reported that this user had uploaded these media files from three internet protocol (IP) addresses.

Google reported that the user of this account had provided a name of "Stephen Johnson," a phone number of 240-687-▇▇▇▇, and a backup email account of stephen@srjdigital.com. Google advised that the telephone number had been verified by Google on June 6, 2020.

Google provided a total of two hundred and twenty-two files totaling nine hundred and nineteen megabytes to NCMEC and advised that the files had been identified via a "MD5 Hash

Match"[2] to known child exploitative material categorized by NCMEC.

Law enforcement reviewed the files provided by Google and found that all the media files provided were videos. The following are descriptions of some of the videos uploaded from the IP address of 2601:14d:8201:83a0:d9c6:fb73:b0b3:292b to the defendant's Google Drive:

a. lil black girl fucked by BBC.mp4 – Uploaded on September 21, 2020: This video is forty-five seconds long and shows a prepubescent African American female having her buttocks and genitals rubbed and penetrated by an erect adult penis. The child is faced away from the camera watching television, and she is nude from the waist down. The child does not appear to have any indication of pubic hair.

b. black Shayla BACK IT UP 2.mp4 – Uploaded on September 21, 2020: This video is one minute and twenty-six seconds long and shows a prepubescent African American female completely nude laying on a bed. The child is holding an electric toothbrush which she places on and inside her genitals. An unknown person eventually takes the toothbrush out of the child's hand and places it on and inside the child's genitals. The prepubescent girl has no breast development or indication of any pubic hair.

c. d7f235bb-2f07-41c6-beed-92cd0dc41788.mp4 – Uploaded on September 22, 2020: This video is thirty-five seconds long and shows a prepubescent African American female having her mouth penetrated by an erect adult penis. The child is clothed during the video but does not appear to have any breast development.

d. VID-20180228-WA0229.mp4 – Uploaded on September 22, 2020: This video is fifty-four seconds long and shows a fully clothed prepubescent African American female having her mouth penetrated by an erect adult male penis. The adult male places his hand on the child's head and pushes it back and forth on his erect penis. The child looks into the camera on occasion and appears to know the video is being recorded.

In December 2020, an administrative subpoena was issued to Comcast for subscriber information regarding two of the IP addresses reported by Google. In January 2021, Comcast

---

[2] The MD5 message-digest algorithm is a widely used hash function producing a 128-bit hash value. The hash value generated is unique to each image file. Based on information and belief, Google maintains a repository of hash values associated with images that have been identified as being child exploitation material. Google can search user accounts for images that match these hash values to determine if a user has child exploitation material associated with their account.

reported that both IP addresses were associated with an account held by the defendant, Stephen Johnson, with an address on H Street Northeast in Washington, D.C. Comcast advised that the same 240-687- number was the defendant's listed telephone number.

Law enforcement attempted to subpoena subscriber information for the third IP address that Google reported, but the service provided never provided any responsive records.

In April 2021, law enforcement served Google LLC with a search warrant issued by this Court for the contents of the stephenjohnson1197@gmail.com Google account. In July 2021, law enforcement received the requested production from Google.

Law enforcement reviewed the contents of the production provided by Google for the account stephenjohnson1197@gmail.com. The review revealed that the user of the account had provided 240-687- as his telephone number and stephen@srjdigital.com as his recovery email. Additionally, the defendant had connected the 240-687- number to numerous other email accounts. These email accounts included stephen@srjdigital.com.

Law enforcement conducted a search of the stephenjohnson1197@gmail.com Google account for child exploitative material and located a folder within the account's Google Drive labeled "Haute Gurls." This folder contained several subfolders which included the following folders: "2020 PYT PACK," "blkkid 2," Brand new pyts 2," "ebonypyt," "Exclusive PYT's," "new stuff," and "pyt trade." Law enforcement reviewed these folders and located numerous images and videos of child exploitative material.

Law enforcement accessed the folder "new stuff," which led to a subfolder of "ebony teens," which contained child exploitative material. The subfolder "ebony teens" contained several subfolders and additional child exploitative material was located within the subfolders labeled "Starw" and "Videos."

4

Law enforcement found that a video located within "Starw" is labeled, "(Children-sf-model) Pthc[3] - 11Yo Black Girl Showing Off Her Pussy Aka - [!!! New !!!][USA][00.07.14]." This video—whose file name references an 11-year-old girl—shows an African American prepubescent female completely nude with her genitals exposed to the camera. The child manipulates her genitals with her fingers, and the camera zooms in on the child's genitals several times. This file was uploaded to the defendant's Google Drive on October 1, 2020.

Law enforcement reviewed the folder entitled "Videos" and located approximately twenty videos of child exploitative material. These videos included the following:

a. VID-20180813-WA0544 – Uploaded on October 1, 2020: This video shows a prepubescent Caucasian female nude kneeling in front an adult Caucasian male. The child's mouth is being penetrated by the adult male's erect penis with the focus of the camera on the child's mouth and the adult's erect penis.

b. Videoplaybac – Uploaded on October 1, 2020: This video shows a prepubescent toddler's vagina being penetrated by an adult males erect penis. The video is recorded extremely close to the child's genitals and anus. The video ends when the adult male masturbates and ejaculates on the child's buttocks.

c. webcam omegle brother e sister suck fuck play, awesome hmmm mf16holland_omegle – Uploaded on October 1, 2020: This video shows two Caucasian prepubescent children starting a video completely clothed and eventually removing their clothing. The children engage in sexual acts and sexual contacts with each other. The children also display their genitals in a lewd or lascivious manner. The video is approximately thirty-seven minutes long.

At least one of the videos from the original CyberTip was contained in the results from the search warrant for the Google account.

The Google production also included, among other things, the defendant's Google Chrome web browser history between April 8, 2020, and October 2, 2020. The browser history—which is connected to the stephenjohnson1197@gmail.com account—shows that, on multiple occasions,

---

[3] PTHC is an acronym for "pre-teen hard core."

5

the defendant visited Dropbox folders with names including "Black teens and underage thots," "blkkidd 2," "PYT[4] Pack," "2020 PYT PACK," and "Brand new pyts 2." Some of these folder names—such as "blkkidd 2," "2020 PYT PACK," and "Brand new pyts 2"—are identical to folder names that were found in the file structure of the defendant's Google Drive; as mentioned above, these three Google Drive folders were among those that contained child pornography. In addition, the browser history shows that the defendant navigated to specific video files on the file sharing site MEGA, including one entitled "deleted porn hub vid 13 yo.mp4," which the defendant's Google account metadata shows he uploaded to his Google Drive on September 21, 2020, and another entitled "2017-06-22 22.28.29.mp4," which the defendant also uploaded to his Google Drive on September 21, 2020. Google reported the latter file—which depicts an adult male having a prepubescent female perform oral sex on his erect penis—to NCMEC in one of its CyberTips. (Neither of the files were included in the Google Drive production.) The browser history also shows that the defendant searched for pornography using terms such as "indian school teen" and "young ebony pyt," suggesting an interest in the sexualization of young teenagers. In addition, the browser history shows substantial activity establishing that the defendant was the user of the browser, including visits to numerous pages and accounts associated with the defendant's name and that of his marketing company, "SRJ Digital."

    A search of the email address stephen@srjdigital.com (the recovery email address for the Google account) via open-source databases, led to the identification of the defendant's LinkedIn account, which listed the defendant as the "Founder" of SRJ Digital, an online marketing company.

    In response to a subpoena, LinkedIn reported that the subscriber for the identified LinkedIn account is the defendant, Stephen Johnson, and that his registered phone number is

---

[4] PYT is an acronym for "pretty young thing."

240-687-■■■■■■. The defendant also registered the email addresses of stephen@srjdigital.com and stephenjohnson1197@gmail.com with LinkedIn.

In August 2021, a record check of open-source and law enforcement only databases found that 240-687-■■■■■■ was registered to the defendant, and that he had a home address on H Street Northeast, in Washington, D.C. (the same address associated with the Comcast IP addresses used to transport the child exploitative material).

In August 2021, an administrative subpoena was issued to T-Mobile for subscriber and call detail records for 240-687-■■■■■■. T-Mobile provided the subpoenaed information. T-Mobile reported that the account subscriber is Stephen Johnson of Quincy Place Northwest in Washington, D.C. Based on open-source databases, this appears to be a multi-family unit that was a prior address associated with the defendant. T-Mobile reported that the account had been active since February 17, 2010.

In September 2021, a member of the Federal Bureau of Investigation (FBI) served a search warrant issued by this Court on T-Mobile for prospective and historical cellular site data for T-Mobile phone number 240-687-■■■■■■. Within days, law enforcement began to receive prospective cellular site data from T-Mobile regarding 240-687-■■■■■■. Law enforcement found that the cellular phone had repeatedly geo-located during the early morning hours near the defendant's reported apartment on H Street Northeast, in Washington, D.C.

Law enforcement therefore determined that the defendant resided on H Street Northeast, in Washington, D.C., at the address associated with the IP addresses used to upload child exploitative material to Google Drive.

On October 7, 2021, members of the FBI Child Exploitation and Human Trafficking Task Force (CEHTTF) executed a residential search warrant issued by this Court for the defendant's

residence, which was located at ▉ H Street Northeast, Apartment ▉, in Washington, D.C. The defendant was located within the residence at the time the search warrant was executed and taken into custody by members of the CEHTTF pursuant to an arrest warrant issued by this Court.

The defendant was taken to the FBI's Washington Field Office, where he waived his *Miranda* rights and agreed to be interviewed by CEHTTF members. The defendant stated that the H Street Northeast apartment was his residence, provided 240-687-▉ as his telephone number, and stated that he was self-employed in marketing under the name "SRJ Digital" with a work email address of stephen@srjdigital.com. The defendant acknowledged that the stephenjohnson1197@gmail.com account was his account and that it had been shut down by Google. He stated that he had appealed the closure of his account to Google, which responded that the account had "sensitive or some kind of content that wasn't allowed," and that he "just didn't even know where that could come from." The defendant then stated, "I mean, obviously, I look at porn, and, you know, download a whole bunch of files, so I'm like, 'OK. Maybe there's something in there' because I do remember, just, you know, looking at porn the night before but nothing of that nature, so it was kind of surprising."

The defendant stated that he believed the pornography that had triggered the account closure was "one of those big files" from Dropbox or Google folders. The defendant stated that he downloaded the pornography onto his Lenovo computer, and that it uploaded to his Google Drive because he had his computer synced with his Google Drive. The defendant claimed that he "never had a chance to look through the files or anything," suggesting that he was unaware that the pornography he had downloaded contained any illegal files.

The defendant stated that, when looking for pornography, he searched for "nude black teens," and he admitted that he had also searched for "PYT," which stands for "pretty young thing."

The defendant explained, "That is kind of a colloquial term for, you know, um, black girls who are, you know, uh, you know, obviously, I'm hoping, you know, looking at over, you know, above 18, but like, you know, when you look on PornHub, anywhere, the whole thing is, you know, oh, you know, these girls are hot, you know, so, I guess, right, 'PYT' is definitely one that I've used." The defendant stated, "I wouldn't want to search for any young, underage girls; I doubt you'd ever see that in my search history."  The defendant explained that he was looking for "girls that are right in that 18 to 21 range" but acknowledged that some of that content can "skew, I guess, younger." The defendant expressed surprise that he might have downloaded underage content.

      The defendant admitted that he had a "Haute Gurls" folder on his Google Drive, which he said related to a blog he had wanted to start, and stated, "I don't even know what's in that folder to be honest."  He added, "I think when I downloaded those folders, I put it in there just because it was the 'porn folder.'  But, um, I never, yeah, the point is, is that, yeah, I would have never meant to upload to Google Drive, or download that kind of, which, from what you're describing there, is definitely, I mean, if you can kind of look at my search—there's nothing that would make me want to look at kind of stuff at all."  The defendant later claimed that after his Google account was shut down, he went into the folder on his Lenovo computer, saw what was in there, "got scared," and deleted it.

      The defendant also admitted to using a Samsung Galaxy Note 10 Plus smartphone, for which he provided the passcode, and to having used the messaging apps Telegram and WhatsApp.  But he denied using them for pornography and stated he used them to communicate with people overseas.  The Samsung phone was seized during the execution of the residential warrant.

9

Subsequent forensic analysis of the Samsung phone led to the recovery of files indicating that the defendant had used the phone to access child pornography via Telegram. Three files were located on the phone that referenced Telegram in their file structure. The observed files were:

    a. 100038600663_99230 – Created on March 10, 2021: A screenshot of a cellular phone camera photo roll which has "white girls" written across the photo gallery. The photo gallery contains twelve visible photographs which includes a nude prepubescent female with a dog's mouth over her genitals, a close up photograph of what appears to be a prepubescent female's nude anus and genitals, and a close up photograph of what appears to be a prepubescent female penetrating her genitals with an object.

    b. 100038600665_65222 – Created on March 10, 2021: A screenshot of what appears to be a Telegram group labeled "Young hoes10-16(black girls…" The file has been edited and the label has been circled with a white marker, and usernames on the screenshot have been obstructed.

    c. 400238100203_1018 – Created on May 22, 2021: An image of a prepubescent's genitals being penetrated by an adult male's erect penis. The photo is a close-up view that focuses on the child's genitals.

## LEGAL STANDARDS

Federal Rule of Evidence 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character but is admissible for any non-propensity purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Id.* at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's action conformed to his character." *Id.* at 929–30 (*quoting United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as

the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether other bad acts evidence is admissible. First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435. Second, the evidence is subject to the balancing test of Rule 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id*. Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *See, e.g.*, *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("The Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger substantially outweighs the evidence's probative value.") (emphasis in original) (cleaned up); *Cassell*, 292 F.3d at 796 ("'[U]nfair prejudice' as used in Rule 403 is not to be equated with testimony simply adverse to the opposing party. Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'" (quoting *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977))).

Finally, the government is required to "provide reasonable notice" to the defendant of the other bad acts evidence it intends to offer at trial, including "the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3). This filing provides the requisite notice.

## ARGUMENT

I. **EVIDENCE OF THE DEFENDANT'S GOOGLE CHROME WEB BROWSER HISTORY AND ACCESS TO CHILD PORNOGRAPHY VIA TELEGRAM IS ADMISSIBLE UNDER RULE 404(b).**

"In the context of crimes involving sexual exploitation of minors, it is generally accepted in this Circuit and elsewhere, that 'evidence of a defendant's sexual attraction to children (or

teenagers) is probative of the specific intent element of criminal statutes involving sexual activity with minors.'" *United States v. Lieu*, 298 F. Supp. 3d 32, 52 (D.D.C. 2018) (Contreras, J.) (quoting *United States v. Hite*, 916 F. Supp. 2d 110, 117 (D.D.C. 2013) (Kollar-Kotelly, J.) (citing in turn *United States v. Chambers*, 642 F.3d 588, 595 (7th Cir. 2011))), *aff'd*, 963 F.3d 122 (D.C. Cir. 2020).  Courts in this Circuit have accordingly admitted a defendant's web history and search terms pursuant to Rule 404(b) where it indicates a sexual interest in children.  *See, e.g.*, *United States v. Roberson*, 581 F. Supp. 3d 65, 77–78 (D.D.C. 2022) (Bates, J.) ("Evidence that Roberson searched the internet in 2016 for written accounts, images, and/or videos that sexualized children is probative as to his sexual interest in children, which is relevant to his motive, intent, knowledge, and/or absence of mistake in seeking out and distributing child pornography only a few months earlier. . . . Evidence of defendant's search history suggesting his sexual interest in children satisfies Rule 404(b)."), *appeal filed*, No. 23-3066 (D.C. Cir. May 11, 2023); *Hite*, 916 F. Supp. at 119–120 (admitting the defendant's web browser history because "file names indicative of child pornography are appropriate Rule 404(b) evidence that is probative of the Defendant's intent, knowledge, and absence of mistake").

The defendant admitted in his custodial interview that he viewed pornography on Dropbox and used the search term "PYT," but he denied interest in underage teenagers, seeking out or knowingly downloading child pornography, or having viewed any of the material that he uploaded to Google Drive.  The defendant's web history in the months immediately preceding the Transportation offense tells an entirely different story.  The history contains ten entries across three separate dates—June 26, 2020; June 29, 2020; and July 2, 2020—for a Dropbox folder with the name "Black teen and underage thots."  Immediately surrounding his navigation to this folder on June 26, the defendant visited Dropbox folders entitled "Young Teenz," "PYT Pack," and "nudes."

The defendant visited the "Black teen and underage thots" folder again on June 29 and July 2. And between May 2020 and August 2020, he also visited other Dropbox folders with names identical to the names of folders on his Google Drive that contained child pornography, such as "blkkidd 2," "2020 PYT PACK," and "Brand new pyts 2."[5]

In addition, the defendant's browser history shows that he navigated to at least two specific video files constituting child pornography that he later uploaded to his Google Drive. On April 27, 2020, the defendant accessed video files on MEGA entitled "deleted porn hub vid 13 yo.mp4" and "2017-06-22 22.28.29.mp4." Metadata from Google shows that the video entitled "deleted porn hub vid 13 yo.mp4" was uploaded to the Google Drive on September 21, 2020, but the file itself was not included in the search warrant return. The metadata shows the file structure, and this file was saved to the Haute Gurls folder at this path: "Drive/Haute Gurls/pyt trade/trade/2020 black pyt." In addition, the file "2017-06-22 22.28.29.mp4" was reported by Google to NCMEC as part of one of the CyberTips, and Google removed it from the Google Drive. According to NCMEC, this video was also uploaded to the Google account on September 21, 2020. The video depicts an adult male having a prepubescent female perform oral sex on his erect penis. Because this file was removed from the account, it too was not recovered in the search warrant return.

In addition, files recovered from the defendant's phone with references to Telegram in their file structure include a screenshot of a Telegram group labeled "Young hoes10-16(black girls…"—an apparent reference to female children between 10 and 16 years of age.

---

[5] The defendant's Chrome history reflects 77 entries for the "blkkidd 2" Dropbox folder between May 7, 2020, and August 18, 2020; 33 entries for the "2020 PYT PACK" Dropbox folder between May 7, 2020, and May 8, 2020; and 12 entries for the "Brand new pyts 2" Dropbox folder between May 7, 2020, and May 8, 2020. Identically named folders found on the defendant's Google Drive—which the defendant denied having viewed—contained child pornography.

As is apparent from the defendant's statements during his custodial interview, the defendant denies that he has any interest in underage teenagers, had ever sought out or knowingly downloaded such material, or had looked at any of the material he uploaded to his Google Drive. The government's proffered 404(b) evidence is highly probative in light of the defendant's denials. *See Roberson*, 581 F. Supp. 3d at 75 ("Especially since the defendant has previously denied any sexual interest in children . . . evidence rebutting such denials is highly probative."); *id.* at 77–78 ("The evidence's probative value is then heightened by the fact that defendant has frequently denied his sexual interest in children . . . ."); *cf. United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007) (en banc) ("Federal courts repeatedly have held that the government may offer evidence in its case-in-chief in anticipation of an expected aspect of the defense."). The Google Chrome web browser history and Telegram screenshot show that the defendant visited material that was either explicitly advertised as underage content or obvious child pornography—and that he also specifically navigated to and viewed some of this material before uploading it to Google Drive. Indeed, the file names of some of the material include terms such as "underage" and include ages such as "13 yo" and "10-16," making clear to the viewer that the material is child pornography. The proffered 404(b) evidence proves that the defendant purposely sought out and viewed material associated with the sexualization of underage teenagers and accessed child pornography. The defendant's searches and web history close in time to the charged criminal conduct—including but not limited to the specific examples set forth in this Notice—thus prove his motive, intent, knowledge, absence of mistake, and lack of accident in transporting child pornography.

This Court should permit the government to introduce evidence during its case-in-chief at trial that the defendant searched for and visited online material associated with the sexualization of underage teenage children.

## II. THE PROBATIVE VALUE OF THE PROFFERED 404(b) EVIDENCE IS NOT SUBSTANTIALLY OUTWEIGHED BY ANY UNFAIR PREJUDICE.

Evidence admissible under Rule 404(b) is subject to the restrictions of Rule 403. *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). "Rule 403 establishes a high barrier to justify the exclusion of relevant evidence, by requiring that its probative value must be 'substantially' outweighed by considerations such as 'unfair' prejudice." *United States v. Lieu*, 963 F.3d 122, 128 (D.C. Cir. 2020) (citing *Cassell*, 292 F.3d at 796). In this case, the highly probative value of the government's proffered other bad acts evidence is not substantially outweighed by potential unfair prejudice to the defendant. "The prejudice that the court must assess is the prejudice that lies in the danger of jury misuse of the evidence." *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995). "While there is always a risk that jurors will misuse evidence of this type to veer into an impermissible propensity inference, this risk, absent 'compelling or unique evidence of prejudice' . . . 'cannot give rise to a per se rule of exclusion.'" *United States v. Harris*, No. 19-CR-358 (RC), 2020 WL 6484311, at *3 (D.D.C. Nov. 4, 2020) (Contreras, J.) (quoting *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007)). There is no compelling risk of unfair prejudice in this case, let alone any that could not be cured by an instruction "instructing the jury to consider the evidence only for its proper purpose." *Mitchell*, 49 F.3d at 777; *see also Lieu*, 963 F.3d at 129 (affirming admission of 404(b) evidence in part because "the district court gave appropriate limiting instructions explaining the permissible and impermissible uses of" similar evidence"); *Roberson*, 581 F. Supp. 3d at 78 ("[E]vidence of defendant's search history suggesting his sexual interest in children satisfies Rule 404(b). Nor does Rule 403 impede the admission of this evidence. . . . [T]he Court detects no threat of unfair prejudice from the introduction of this evidence, and certainly not the kind of prejudice that would outweigh the material's probative value. Any risk of the jury drawing an unbidden propensity

15

inference can be satisfactorily offset by a limiting instruction 'restrict[ing] the evidence to its proper scope" if one is requested by the defendant." (second alteration in original) (quoting Fed. R. Evid. 105 and citing *Lieu*, 963 F.3d at 129)).

The government has demonstrated permissible non-propensity purposes for offering evidence of the defendant's Google Chrome web browser history and files associated with his use of the Telegram messenger application. The proffered evidence is admissible under Rule 403 because it is powerfully probative—especially in light of the defendant's past denials and anticipated defenses—and presents no risk of unfair prejudice. Accordingly, this Court should permit the government to introduce it in its case-in-chief at trial.

## CONCLUSION

For the foregoing reasons, the government intends to offer the proffered evidence under Federal Rule of Evidence 404(b) and should be permitted to do so.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Dated: November 22, 2023

By: */s/ Paul V. Courtney*
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-1719
paul.courtney@usdoj.gov