UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN JOHNSON,<br><br>Defendant. | Case No. 22-CR-176 (CJN) |

**UNITED STATES' CONSOLIDATED OPPOSITION TO DEFENDANT'S
TWO MOTIONS TO DISMISS INDICTMENT [ECF NO. 86 & NO. 87]**

The United States of America, by and through its undersigned counsel, opposes the defendant's Motion to Dismiss Indictment for Insufficient Notice, ECF No. 86, and the defendant's Motion to Dismiss Indictment Due to Duplicity, ECF No. 87, both filed on November 22, 2023. The single-count indictment in this case, filed on May 20, 2022,[1] is constitutionally sufficient because it provides fair notice to the defendant of the charged crime and because it protects him from the specter of double jeopardy after conviction or acquittal.  Further, the indictment is not duplicitous because it contains only one charged offense, only leaving open the *means* by which the United States may prove that single offense.  Thus, the court should reject the defendant's arguments and should deny both motions to dismiss.

---

[1] The single-count indictment in this case, ECF No. 43, filed on May 20, 2022, is currently the operative charging instrument in this case and the government's arguments in opposition are based upon that operative indictment.  However, the United States intends to seek a superseding indictment prior to the trial date that may render moot portions of the defendant's two motions, ECF No. 86 and No. 87.

**FACTUAL BACKGROUND**

The defendant, Stephen Johnson, came to the attention of law enforcement when Google reported to the National Center for Missing and Exploited Children (NCMEC)[2] that Google user stephenjohnson1197@gmail.com had uploaded numerous media files to Google Drive between the dates of September 21, 2020, and October 1, 2020. Between October 3 and October 5, 2020, Google submitted 19 related CyberTip reports concerning the Google account stephenjohnson1197@gmail.com—an account that was later determined to belong to the defendant, Stephen Johnson. Google reported that the user of this account had provided a name of "Stephen Johnson," along with a verified phone number and a backup email account.

As described in further detail below, Google identifies and reports child sexual abuse imagery in accordance with the federal definition of child pornography as codified in 18 U.S.C. § 2256. When a Google employee or contractor reviews a file and determines that it is apparent child pornography, the file's "hash" (or digital fingerprint) is added to a repository of known child pornography. When Google submits a CyberTip, the contents of the files reported have been viewed by a Google employee or contractor—the contents of the file are either reviewed by a person immediately before sending the CyberTip, or historically a person had reviewed a file whose hash matched the hash of the reported image and had determined it was apparent child pornography.

---

[2] The National Center for Missing and Exploited Children is a non-profit 501(c)(3) organization that serves as a national clearinghouse and resource center for families, victims, private organizations, law enforcement, and the public on missing and sexually exploited child issues. NCMEC operates a CyberTipline and Child Victim Identification Program. Through the CyberTipline, Internet and Electronic Service Providers, and individual persons, may notify NCMEC of online child sexual abuse images. NCMEC makes information submitted to the CyberTipline and Child Victim Identification Program available to law enforcement agencies.

The CyberTip reports that Google submitted in this case corresponded to 220 files that were hash matches to files that a Google employee or contractor had identified as child pornography. The reports were referred to the Northern Virginia–Washington, D.C. Internet Crimes Against Children Task Force and, after initial investigation by the Virginia State Police, were assigned to Metropolitan Police Department Detective Thomas Sullivan—a member of the task force—in December 2020.

Detective Sullivan reviewed the files submitted with CyberTip reports and observed child pornography. Out of an abundance of caution, the government initially applied for a search warrant to view the CyberTip files. After extensive litigation, Magistrate Judge Zia Faruqui found that the application established probable cause but ultimately denied it as unnecessary. *See In re the Search of Encrypted Data Provided by the National Center for Missing and Exploited Children for Nineteen Related Cyber Tipline Reports*, No. 20-SW-321 (ZMF), 2021 WL 2100997, at *1 (D.D.C. May 22, 2021); (ECF No. 4, Case No. 2021-SW-321 (ZMF) (D.D.C. May 22, 2021)).

On March 30, 2021, Judge Faruqui issued a search warrant for the defendant's Google account, stephenjohnson1197@gmail.com. (*See* Case. No. 20-SC-3303 (ZMF) (D.D.C.)). In the supporting affidavit, Detective Sullivan detailed his review of certain files from the CyberTip reports, which had been uploaded to the defendant's Google Drive from an IP address associated with the defendant's Comcast Internet service, including but not limited to:

  a. **lil black girl fucked by BBC.mp4** – Uploaded on September 21, 2020: This video is forty-five seconds long and shows a prepubescent African American female having her buttocks and genitals rubbed and penetrated by an adult male's erect penis. The child is faced away from the camera watching television, and she is nude from the waist down. The child does not appear to have any indication of pubic hair.

  b. **black Shayla BACK IT UP 2.mp4** – Uploaded on September 21, 2020: This video is one minute and twenty-six seconds long and shows a prepubescent African American female completely nude laying on a bed. The child is holding

3

an electric toothbrush which she places on and inside her genitals. An unknown person eventually takes the toothbrush out of the child's hand and places it on and inside the child's genitals. The prepubescent girl has no breast development or indication of any pubic hair.

In July 2021, law enforcement reviewed the contents of the defendant's Google account pursuant to the warrant. Law enforcement searched the production for child pornography and located a folder within the account's Google Drive labeled "Haute Gurls." This folder contained several subfolders which included the following folders: "2020 PYT PACK," "blkkid 2," Brand new pyts 2," "ebonypyt," "Exclusive PYT's," "new stuff," and "pyt trade." Some of these folders contained additional child pornography that Google had not reported in the CyberTips. In addition, the Google production also included, among other things, the defendant's Google Chrome web browser history between April 8, 2020, and October 2, 2020. The browser history shows that, on multiple occasions, the defendant visited Dropbox folders with names including "Black teens and underage thots," "blkkidd 2," "PYT Pack," "2020 PYT PACK," and "Brand new pyts 2." Some of these folder names—such as "blkkidd 2," "2020 PYT PACK," and "Brand new pyts 2"—are identical to folder names that were found in the file structure of the defendant's Google Drive; these three Google Drive folders were among those that contained apparent child pornography.

On September 9, 2021, Judge Faruqui signed a search warrant authorizing the government to obtain historical and prospective cell site location data for the cellular phone associated with the defendant's Google account. (*See* Case No. 21-SC-2953 (ZMF) (D.D.C.)). That data corroborated other information obtained by law enforcement indicating that the defendant resided in an apartment on H Street Northeast in Washington, D.C.

On October 5, 2021, Judge Faruqui issued a criminal complaint and arrest warrant charging the defendant with one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1). (*See* ECF No. 1).

On October 7, 2021, members of the FBI Child Exploitation and Human Trafficking Task Force (CEHTTF) executed a residential search warrant for the defendant's residence. Pursuant to the search warrant, law enforcement seized digital devices belonging to the defendant, including his laptop computers and cellular telephones. The defendant was home at the time the search warrant was executed and taken into custody pursuant to the arrest warrant.

Following his arrest, the defendant was taken to the FBI's Washington Field Office, where he waived his *Miranda* rights and agreed to be interviewed by CEHTTF members. During the interview, he made a number of admissions related to the case.

On May 20, 2022, the Grand Jury returned a single-count indictment charging defendant Johnson with one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1). Trial is currently scheduled to begin on January 29, 2023.

## **LEGAL STANDARDS**

Where a defendant is charged with a felony, he must be prosecuted by an indictment. Fed. R. 7(a)(1). An indictment need not contain an elaborate recitation of allegations, nor a roadmap of the trial, but is sufficient if it "contain[s] the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117-18 (1974). The Federal Rules of Criminal Procedure emphasize the idea of simplicity in charging, requiring only that an indictment be "a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(2). Under both the Fed. R. Crim. P. 7 and longstanding Supreme Court precedent, "[i]t is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly,

5

without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.' Hamling, 418 U.S. at 117–18, citing United States v. Carll, 105 U.S. 611, 612 (1882).

When considering whether an indictment is constitutionally sufficient, the question is not "whether it could have been more definite and certain." United States v. Munchel, No. 1:21-CR-118-RCL, 2023 WL 2992689, at *2 (D.D.C. Apr. 18, 2023), citing United States v. Verrusio, 762 F.3d 1, 13 (D.C. Cir. 2014). While an indictment may contain specific details or describe specific acts alleged against a defendant, those details are generally not required and can sometimes be in tension with the "plain, concise" statement demanded by Rule 7. See United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (reversing and remanding the Ninth Circuit Court of Appeals and finding indictment sufficient where it included the statutory language, along with the date of the attempted offense). Instead, the central question to ask is "whether the allegations, if proven, would be sufficient to permit a jury to find that the crimes charged were committed." Munchel, 2023 WL 2992689, at *2, citing United States v. Bowdoin, 770 F. Supp. 2d 142, 146 (D.D.C. 2011). Only in the rare circumstances

> where the very core of criminality under a statute is a specific identification of fact that an indictment must do more than simply repeat the language of the criminal statute. Otherwise, it is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.

Munchel, 2023 WL 2992689, at *2 (internal quotations, citations, and alterations omitted). Further, when considering the sufficiency of an indictment, the indictment must be viewed as a whole and the court is limited to reviewing the face of the indictment. See United States v. Tajideen, 319 F. Supp. 3d 445, 464 (D.D.C. 2018). Thus, provided that an indictment clearly

includes the elements necessary to prove the offense, it is constitutionally sufficient and complies with the requirements set forth in the Federal Rules.

## ARGUMENT

### I. The Indictment Against Defendant Johnson for Transportation of Child Pornography is Constitutionally Sufficient and Complies with the Federal Rules

The indictment returned by the Grand Jury against defendant Stephen Johnson complies with the Federal Rules of Criminal Procedure and is constitutionally sufficient because it provides the defendant with notice of the single charge against him and protects him from specter of double jeopardy. On May 20, 2022, the Grand jury returned an indictment charging Johnson with one count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1). Count 1, the only count, of the indictment reads:

> On or about and between September 21, 2020 and October 5, 2020 within the District of Columbia and elsewhere, the defendant, STEPHEN JOHNSON, did knowingly transport and ship using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, any visual depiction and the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

This count tracks the language used in § 2252(a)(1) and includes all of the elements of the offense, including that the defendant acted "knowingly" when he committed the offense and did so between the approximate dates of September 21, 2020, and October 5, 2020. *See* § 2252(a)(1). Not only does the indictment set forth all of the elements of Transportation of Child Pornography, but the statute itself does not allow for ambiguity because the terms of the statute are defined by law, including the specific terms "computer," "child pornography," "visual depiction," "minor," and "sexually explicit conduct." See generally, 18 U.S.C. § 2256(1)-(11). The single count of the indictment alleges a single charge committed during a short window of time and specifies each element of the offense, thereby providing sufficient notice to the defendant and avoiding any threat

7

of double jeopardy. Further, the statutory language in the indictment is a "plain, concise statement of the essential facts constituting the offense," thereby satisfying the requirements of Fed. R. Crim. P. 7(c)(1).

Nevertheless, the defendant raises a variety of arguments in his motion, ECF No. 86, claiming that the indictment is insufficient. The court should reject each of the defendant's arguments because this is not the rare case where, "'the very core of criminality under' a statute is 'a specific identification of fact' that 'an indictment must do more than simply repeat the language of the criminal statute.'" Munchel, 2023 WL 2992689, at *2, citing United States v. Haldeman, 559 F.2d 31, 124–25 (D.C. Cir. 1976). The text of the statute at issue, § 2252(a)(1) is direct and unambiguous, with clearly defined statutory terms that precludes uncertainty.

Johnson first argues that he cannot possibly have "fair notice" of the charge against him, because the indictment includes a date range instead of specific dates that he allegedly transported child pornography and because the indictment doesn't specify the particular electronic files that contain child pornography rather than lawful content. The court should reject this argument. Never mind that the defendant has not bothered to exercise his right to request a Bill of Particulars, Fed. R. Crim. P. 7(f), what he is seeking by means of this argument is not a more fulsome indictment – a plain, concise written statement – what he is seeking is a trial brief and an early list of the government's trial exhibits.

With respect to the date range, the indictment provides the approximate two-week window, from September 21, 2020, through October 5, 2020, in which the defendant allegedly transported child pornography. Notably, the defendant does not cite a single case supporting his claim that this date range inhibits him from defending against the charged count. The date range here is narrow and is supported by the underlying discovery provided in this case that indicates the

8

defendant transported child pornography on multiple dates within that range. That the Grand Jury has not specified the particular dates on which the transportation happened does not undermine the sufficiency of the notice provided by the indictment.

With respect to the defendant's complaint that the indictment does not specify the particular electronic child pornography files at issue, this level of granular detail is not required by either the Constitution or the Federal Rules. "To be sure, 'neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every *means* by which the prosecution hopes to prove that the crime was committed.'" United States v. Miller, 605 F. Supp. 3d 63, 70 (D.D.C. 2022), citing Haldeman, 559 F.2d 31, 124 (D.C. Cir. 1976). While framing his argument as one of "fair notice," the defendant is essentially asking is for the government to specify every *means* by which it may prove the charged crime as well as for early access to the government's expected trial exhibits. To illustrate the absurdity of the defendant's position, consider a similar argument in the context of a homicide indictment: the defendant's demand that an indictment specify the particular electronic files that form the basis of the charge is akin to a homicide defendant demanding that the indictment include the specific number and angle of each blow employed to effectuate a murder. Those details – while relevant at trial – are unnecessary for purposes of informing the defendant of the charge against him and ensuring that he will not be prosecuted a second time for the same offense.

In support of his argument that he has not received fair notice, the defendant cites to United States v. Hillie, 227 F.Supp.3d 57 (2017). However, Hillie is readily distinguishable from this case where the 17-count indictment there charged the defendant with numerous almost-identical charges and provided overlapping date ranges that spanned multiple years. Moreover, the Hillie decision evaluating the sufficiency of an indictment has frequently been distinguished and its

reasoning has only been followed on one occasion in the District of Columbia. *See* United States v. Apodaca, 275 F. Supp. 3d 123, 154 (D.D.C. 2017) (indictment sufficient despite not specifying a particular weapon possessed); United States v. Tajideen, 319 F. Supp. 3d 445, 473 (D.D.C. 2018) (indictment sufficient); United States v. Saffarinia, 424 F. Supp. 3d 46, 92 (D.D.C. 2020); United States v. Oseguera Gonzalez, No. CR 20-40 (BAH), 2020 WL 6342948 (D.D.C. Oct. 29, 2020); United States v. Robertson, 588 F. Supp. 3d 114 (D.D.C. 2022), aff'd, 86 F.4th 355 (D.C. Cir. 2023), and aff'd, 84 F.4th 1045 (D.C. Cir. 2023) (indictment sufficiently specific); United States v. Sargent, No. 21-CR-00258 (TFH), 2022 WL 1124817, at *10 (D.D.C. Apr. 14, 2022) (read as a whole, superseding indictment is constitutionally sufficient and does not violate Rule 7(c)(1); United States v. Weeks, 636 F. Supp. 3d 117, 124 (D.D.C. 2022) (Count One sufficiently states an offense and does not violate Weeks' Fifth and Sixth Amendment rights); United States v. Nordean, No. CR 21-175 (TJK), 2022 WL 17583799, at *9 (D.D.C. Dec. 11, 2022) (indictment sufficient and need not inform defendant "as to every means by which the prosecution hopes to prove that the crime was committed."); United States v. McHugh, No. CR 21-453 (JDB), 2023 WL 2384444, at *4 (D.D.C. Mar. 6, 2023) (indictment sufficiently specific); United States v. Munchel, No. 1:21-CR-118-RCL, 2023 WL 2992689 (D.D.C. Apr. 18, 2023) (reliance on *Hillie* is "unpersuasive" because that case featured "unique circumstances, overlapping and broad time periods" without sufficient specificity to discern the conduct underlying each separate count."; United States v. Warnagiris, No. CR 21-00382 (PLF), 2023 WL 6926491, at *17 (D.D.C. Oct. 19, 2023) (distinguishing *Hillie* and denying motion to dismiss indictment, but ordering a bill of particulars for certain counts); but see, United States v. Miller, 605 F. Supp. 3d 63 (D.D.C. 2022) (dismissing count on grounds of insufficiency).

The defendant additionally argues that the indictment does not protect him from the specter of double jeopardy following conviction or acquittal in this case. Not so. The clear terms of the indictment bar a second trial on any offenses involving the transportation or shipment of child pornography with venue in the District of Columbia that occurred between the dates of September 21, 2020, and October 5, 2020. This provides broad protection for the defendant from a second prosecution for any transportation of child pornography offenses that occurred in that roughly two-week window in the fall of 2020. If the indictment included additional specificity as the defendant argues, it would actually narrow the array of charges that would be barred by double-jeopardy. For example, if the indictment hypothetically charged that Johnson transported child pornography only on September 21, 2020, and October 5, 2020 – and not in the intervening period – then double jeopardy would not prevent a future prosecution on the transportation of child pornography that occurred on, say, September 29, 2020, or September 30, 2020. Similarly, if the indictment hypothetically charged Johnson with having uploaded the fictitious electronic files "ABCED.jpg" and "WXYX.jpg" on particular dates, double jeopardy would not bar the future prosecution for the upload of fictitious file "GHIJK.jpg," even if the upload of that file occurred on the same date. Undersigned counsel fails to see how additional specificity in the indictment would redound to the defendant's benefit, when the clear language of the present indictment provides him with broad protection covering transportation of child pornography offenses that occurred within the time period in the indictment, even protecting the defendant from future prosecution for offenses that are presently unknown to law enforcement.

The court should reject the defendant's motion to dismiss the indictment, ECF No. 86, because the one-count indictment filed on May 20, 2021, complies with the federal rules and is

11

constitutionally sufficient because it puts the defendant on notice of the charge against him and protects him from a second prosecution for the same offense.

## II. The Indictment Is Not Duplicitous

The court should additionally deny the defendant's Motion to Dismiss Indictment Due to Duplicity, ECF No. 87, in which the defendant claims that the indictment has charged him with two or more offenses in the same count. According to the defendant, he claims that he has been charged with more than one offense in the single count of the indictment. The defendant's claim appears to be based on a misunderstanding of duplicity and conflates the *means* of proving a single charge with the existence of multiple offenses.

"Duplicity is the joining in a single count of two or more distinct and separate offenses." United States v. Nordean, No. CR 21-175 (TJK), 2022 WL 17583799, at *17 (D.D.C. Dec. 11, 2022), citing United States v. Watt, 911 F. Supp. 538, 549 (D.D.C. 1995). To determine whether and indictment impermissibly joins multiple offenses into a single count, a court must apply a three-step analysis. Id. The court must determine, first, whether the challenged count in fact alleges multiple violations of a criminal statute; second, if so, whether a defendant's conduct "may legitimately be regarded as a single course of conduct and hence a single offense"; and third, again if so, whether proceeding under one count would unduly prejudice the defendant. *See id.* at 549–50 (cleaned up). Id.

When considering the first step of this analysis, the key question is whether the count *charges* more than one offense. "Whether the actions to which the count referred could have been charged as a separate crime is irrelevant. An indictment is not duplicitous when it alleges alternative means of committing a single crime. United States v. Cameron, 662 F. Supp. 2d 177, 182 (D. Me. 2009), aff'd, 699 F.3d 621 (1st Cir. 2012) (internal citations omitted), citing Schad v.

Arizona, 501 U.S. 624, 631 (1991).  Here, the single-count indictment charges exactly one offense: Transportation of Child Pornography in the District of Columbia between September 21, 2020, and October 5, 2020.  It is through the discovery materials provided to the defendant that the United States has revealed the various *means* that may be employed to prove that single charge.  Through discovery, the United States has provided the defendant with the names and content of specific files containing child pornography, as well as the dates that those files were transported.  That evidence – the file names, content of the file, and the dates of upload – are all simply the means by which the United States will seek to prove the one-count indictment.

Should the court find it necessary to proceed to the second step of the analysis, the defendant's conduct here can be viewed as a continuing course of conduct:  on multiple dates in a two-week period in the fall of 2020 he electronically transported numerous files of child pornography.  See United States v. Anson, 304 F. App'x 1, 4 (2d Cir. 2008) ("Insofar as Anson's transportation and receipt of child pornography through the internet constitute a single scheme to obtain that illegal pornography, we perceive no basis to conclude that Counts 1, 2, and 3 were duplicitous."); United States v. Richards, No. 3:05-00037, 2006 WL 1639103, at *4 (M.D. Tenn. June 12, 2006) ("Indictment charges defendant with a single, continuous possession of child pornography in or about March 2000. The fact that Defendant allegedly stored his child pornography in two separate locations at that time does not make the Indictment duplicitous.")  Finally, proceeding on the one-count indictment for Transportation of Child Pornography raises no discernable prejudice to the defendant.

Finally, should the court find that the single-count indictment is duplicitous, the remedy is not, as the defendant advocates, dismissal of the indictment.  Instead, the court should employ the less-drastic remedies of either giving "a unanimity instruction or requir[ing] the government

13

to elect a theory of the prosecution." United States v. Lewis, No. 19-CR-307 (RCL), 2021 WL 2809819, at *2–3 (D.D.C. July 6, 2021), citing United States v. Sanford, Ltd., 859 F. Supp. 2d 102, 116 (D.D.C. 2012).

## CONCLUSION

For the reasons addressed above, the court should deny the defendant's two motions to dismiss the indictment, ECF No. 86 and ECF No. 87, as the indictment is constitutionally sufficient, complies with the Federal Rules of Criminal Procedure, and is not duplicitous.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:  /s/ Jocelyn Bond
Jocelyn Bond
D.C. Bar No. 1008904
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 809-0793 (Bond)
(202) 252-1719 (Courtney)
Jocelyn.Bond@usdoj.gov
Paul.Courtney@usdoj.gov