UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEPHEN JOHNSON<br>       Defendant. | Case No. 22-cr-0176 (CJN) |

**DEFENDANT STEPHEN JOHNSON'S OPPOSITION TO THE GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE EVIDENCE OF BAD ACTS PURUSANT TO FEDERAL RULE OF EVIDENCE 404(b)**

    The government provided notice of its intent to introduce evidence at Stephen Johnson's trial of instances of his alleged other prior bad acts pursuant to Fed.R.Crim.P. 404(b) ("Government's Notice"). Specifically, the government seeks to introduce evidence of Mr. Johnson's Google Chrome browser history and of a screenshot from his phone showing an alleged association with a specific group. The evidence the government seeks to introduce at trial is not relevant and is the type of prejudicial propensity evidence that is inadmissible under Rule 404(b). The evidence the government seeks to introduce is also inadmissible under Rule 402 because it is not relevant, and this evidence is not admissible under Rule 403 because any probative value this evidence has is substantially outweighed by the danger of unfair prejudice, misleading jurors, confusing the issues, and wasting time.

**ARGUMENT**

I. **Evidence of Mr. Johnson's Google Chrome Web Browser History and of a Screenshot Allegedly Associated with the Telegram Application is Inadmissible Under Rule 404(b).**

   *a. The government's evidence is inadmissible under Rule 404(b)(1).*

The government seeks to admit, pursuant to Rule 404(b), at Mr. Johnson's trial evidence of Mr. Johnson's Google Chrome web browser history and evidence allegedly connecting his phone to a group associated with the Telegram application. With regard to Mr. Johnson's Google Chrome browser history, the government seeks to admit evidence of specific Dropbox folders Mr. Johnson visited prior to the time of the alleged offense. Those Dropbox folders are entitled "Black teen and underage thots," "Young Teenz," "blkkidd2," "PYT Pack," "2020 PYT Pack," "Brand new pyts 2," and "nudes." *See* Government's Notice at 6 and 12. The government also seeks to introduce evidence of search terms Mr. Johnson allegedly used while browsing the internet. These search terms include "indian school teen," "young ebony pyt," and "PYT." *Id*. The government apparently also wants to introduce evidence that Mr. Johnson's browser history shows that he allegedly navigated to video files entitled "deleted porn hub vid 13 yo.mp4" and "2017-06-22 22.28.29.mp4." *Id*. at 13. Regarding evidence from Mr. Johnson's phone, the government seeks to introduce evidence of a screenshot from Mr. Johnosn's phone allegedly displaying a Telegram group called "Young hoes10-16(black girls…" *Id.*

The Federal Rules of Evidence unambiguously mandates that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). Exclusion of this type of evidence is well established as "[o]ur judicial tradition has long barred the introduction of evidence of prior misconduct to prove that an accused was likely as a matter of disposition to

have committed the offense for which he or she is on trial." *United States v. Daniels*, 770 F.2d 1111, 1115-1116 (D.C. Cir. 1985). The purpose of excluding bad acts evidence "is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that no one should be convicted of a crime based on his or her previous misdeeds." *Id*. at 1116; *see also Michelson v. United States*, 335 U.S. 469, 476 (1948) (bad acts evidence "is said to weigh too much with the jury and to so overpersuade them as to prejudge one with a bad general record and deny him a fair opportunity to defend against a particular charge"). In sum, "a defendant must be tried for what he did, not for who he is." *See United States v. Myers*, 550 F.2d 1036, 1044 (5th Cir. 1977). The evidence the government wants to introduce at Mr. Johnson's trial, pursuant to Rule 404(b), about his Google Chrome search history and about a Telegram group allegedly displayed on his phone fits squarely within this well-established prohibition.

The evidence the government seeks to introduce under Rule 404(b) is evidence of other alleged wrongs and bad acts that, if admitted, will improperly impugn Mr. Johnson's character. Evidence of Dropbox folders Mr. Johnson allegedly accessed prior to the alleged offense with names such as "Young Teenz," "PYT Pack," and "nudes" will be used by the government to argue that Mr. Johnson has a sexual interest in children. Any evidence about Mr. Johnson having a sexual interest in children will severely taint his character and make him very unlikeable to the jury. The impact of this type of evidence on the jury will have a tendency to make them believe that Mr. Johnson is more likely to have committed the charged offense based simply on his character. This will likely result in Mr. Johnson's conviction based on who he allegedly is rather than based on what he did. For this reason, the evidence the government seeks to admit is inadmissible under Rule 404(b)(1).

> b. *The government's evidence is not admissible under Rule 404(b)(2).*

In its notice, the government contends that the prior bad acts evidence it seeks to introduce is admissible under Fed.R.Crim.P. 404(b)(2) for purposes of proving Mr. Johnson's "motive, intent, knowledge, absence of mistake, and lack of accident with respect to the charged offense." Government's Notice at 1. The government argues that "[t]he proffered 404(b) evidence proves that the defendant purposefully sought out and viewed material associated with the sexualization of underage teenagers and accessed child pornography." *Id*. at 14. According to the government, "[t]he defendant's searches and web history close in time to the charged criminal conduct . . . prove his motive, intent, knowledge, absence of mistake, and lack of accident in transporting child pornography." *Id*.

The evidence the government seeks to admit under Rule 404(b)(2) will not serve any of the purposes the government claims it will serve. First, evidence about names of Dropbox folders or files that Mr. Johnson allegedly accessed does not show what Mr. Johnson was seeking while he was browsing the internet. A person searching for one type of content could easily end up accessing content unrelated to what they were looking for. The website, Dropbox, or specific file one ultimately accessed through their web browser is not necessarily what that person intended to find. Therefore, evidence of the names of Dropbox folders and files Mr. Johnson allegedly accessed is not probative of any motive, intent, knowledge, absence of mistake, or lack of accident regarding the transportation of child pornography offense with which he is charged.

Second, while evidence of terms Mr. Johnson allegedly used while searching the internet is more probative of the type of content he was seeking, the specific search terms the government seeks to introduce do not show the sexual interest in children the government wants to prove. Searches using the terms "indian school teen," "young ebony pyt," and "PYT" do not prove any

4

interest in children—much less a sexual interest in children.  Because "teen" includes individuals who are eighteen and nineteen years of age, the "indian school teen" search could have been a search targeting adults.  And, regardless of whether "teen" refers to an adult teen or a child teen, there is nothing about the "indian school teen" search that even remotely suggests anything sexual. The terms of interest for the government in the "young ebony pyt" search are "young" and "pyt." The government is also interested in the term "PYT" in the third search term it seeks to introduce. Again, neither the terms "young" nor "pyt" prove that children were being targeted.  "Young"— which is also the word that represents the "y" in pyt—is a vague subjective term that does not necessarily relate to children.  It is reasonably plausible that "young" could refer to adults ranging in age from eighteen through forty and older.[1]  And there is nothing about the terms "indian school teen" or "pyt" that is sexual.  Accordingly, the evidence the government proposes to introduce concerning Mr. Johnson's alleged search terms are not probative of any motive, intent, knowledge, absence of mistake, or lack of accident regarding the transportation of child pornography offense with which he is charged.

Third, the dates on which the Dropbox folders and files were allegedly accessed, and the search terms that were allegedly used, are too remote from the time of the alleged offense to be probative of Mr. Johnson's motive or intent at the time of the alleged offense.  According to the indictment, the alleged offense occurred "[o]n or about and between September 21, 2020 and October 5, 2020." *See* ECF No. 43. The dates the government claims that the Dropbox folders and files it wants to introduce were accessed range from April 2020 to August 2020.  *See* Government's Notice at 12-

---

[1] For example, the Washington Bar Association has a "Young Lawyers Division" for its members who are 36 years of age or younger.  Older attorneys who have been practicing law for five years or less are also eligible to be "Young Lawyers Division" members.  *See* https://www.wbayld.org/.

5

13. The Government's Notice is not clear about the dates associated with Mr. Johnon's alleged search terms. Alleged conduct that precedes the alleged offense by up to five months is too remote in time to be probative of Mr. Johnson's motive, intent, knowledge, absence of mistake, or lack of accident at the time of the alleged offense charged in the indictment. Additionally, any alleged conduct for which the government has failed to offer information about when that conduct occurred should also be considered too remote in time to be probative of the Rule 404(b)(2) purposes for which the government seeks its admission.

Finally, the screenshot evidence from Mr. Johnson's phone is not admissible for any legitimate Rule 404(b)(2) purpose. As an initial matter, the Government's Notice is not entirely clear about what this evidence is. The government expresses its uncertainty about what the screenshot is and about whether the screenshot is truly associated with Telegram by stating that the screenshot "*appears* to be a Telegram group." Government's Notice at 10 (emphasis added). The Government's Notice also states that the screenshot was "[c]reated on March 10, 2021." The Government's Notice does not explain what "created" means or who the screenshot was created by. It is unclear whether the government is alleging that Mr. Johnson created the screenshot on March 10, 2021, or that someone else created the screenshot and Mr. Johnson accessed the screenshot on some later unspecified date. The vague and incomplete notice provided by the government regarding the screenshot is too insufficient to support admission of this evidence under Rule 404(b)(2). A screenshot of the words "Young hoes10-16(black girls…" without any further context does not prove anything about Mr. Johnson's motive, intent, knowledge, absence of mistake, or lack of accident concerning the charged offense. And creation of this screenshot five months or more *after* the alleged offense is not probative of Mr. Johnson's motive, intent, knowledge, absence of mistake, or lack of accident at the time of the offense.

## II. The Government's Proposed Evidence is Inadmissible Under Federal Rules of Evidence 401, 402, and 403.

The Federal Rules of Evidence make clear that "[i]rrelevant evidence is not admissible" at trial. *See* Fed. R. Evid. 402. The only evidence admissible at trial is relevant evidence, and evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Rule 404(b) evidence the government proposes to introduce is not relevant and, therefore, is inadmissible. As discussed in detail above, the Dropbox folders, specifically identified files, search terms, and screenshot evidence from Mr. Johnson's phone are not evidence of a sexual interest in children. Without evidence that Mr. Johnson was aware of the names of Dropbox folders and files he accessed before accessing this material, the names of Dropbox folders and files that he allegedly ended up accessing is not relevant to this case. Also, much of the proposed evidence—such as search terms with the words "young," "teen," or "PYT"—does not necessarily relate to children and certainly does not show any sexual interest in children. For these reasons, the government's proposed Rule 404(b) evidence is inadmissible.

Even if relevant, evidence may still not be admissible. Relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Thus, even if the government's proposed evidence is relevant, it is inadmissible under Rule 403. For reasons already discussed in this Opposition, the evidence the government seeks to introduce has very little, if any, probative value. But the prejudice that will result if the government's proposed evidence is admitted is great. It is widely understood that the type of evidence the government seeks to introduce is highly offensive to the general public and will likely elicit a strong visceral reaction from jurors. Because of the nature of this evidence,

there is a serious risk that admission of this evidence will cause jurors to dislike Mr. Johnson and to allow that contempt for Mr. Johnson to influence jurors to convict Mr. Johnson based on his perceived character rather than on evidence regarding the charged offense.  When factoring this risk and the relevance concerns discussed above, the prejudice that introduction of this evidence will cause is extremely dangerous and unfair.  Therefore, any probative value in admitting this evidence is substantially outweighed by unfair prejudice.

Admission of the government's proposed Rule 404(b) evidence will also certainly confuse the issues, mislead jurors, cause undue delay, and waste time.  There is a serious risk that jurors will believe that the government's 404(b) evidence is directly tied to the alleged offense conduct.  For example, jurors may believe that the charged alleged child pornography was obtained through the use of prior bad act search terms that have nothing to do with the alleged offense.  Jurors may also assume that the charged alleged child pornography was included in a Dropbox folder that was introduced as a prior wrong that was not associated with the actual offense conduct.  Additionally, jurors may convict Mr. Johnson for his 404(b) conduct rather than based on the alleged offense conduct. For these reasons, the government's proposed Rule 404(b) evidence will confuse and mislead jurors.  The risk of confusing and misleading jurors substantially outweighs any probative value the government's Rule 404(b) evidence may have.

Moreover, admission of the government's proposed Rule 404(b) evidence will cause undue delay and waste time.  It is possible that presentation of the government's Rule 404(b) evidence will take as much, if not more, time as presentation of evidence about the charged offense.  Therefore, the danger in causing undue delay and wasting time by introducing the government's 404(b) evidence substantially outweighs any probative value this evidence may have.

**CONCLUSION**

For all the foregoing reasons, this Court must preclude the government from admitting at Mr. Johnson's trial any of the evidence it seeks to admit pursuant to Rule 404(b). The government's proposed evidence is inadmissible under Rule 404(b)(1) as inappropriate propensity evidence. The government's proposed evidence also does not meet the requirements for introduction under Rule 404(b)(2). And the government's evidence is inadmissible under Rules 402 and 403.

DATED: December 6, 2023                         Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserdillon.com
tmiles@kaiserdillon.com

*Counsel for Defendant Stephen Johnson*