### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 22-CR-176 (CJN)** |
| **STEPHEN JOHNSON,** | |
| **Defendant.** | |

### UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO ADMITTING RELEVANT EVIDENCE UNDER RULE 404(b)

The United States hereby replies to defendant Stephen Johnson's efforts to exclude relevant evidence under Rule 404(b) that he knowingly transported child pornography in September and October of 2020. Defendant Johnson is currently charged with one count of Transportation of Child Pornography, in violation of 18 U.S.C. 2252(a)(1), for uploading over 200 images of child pornography from his personal digital devices to his iCloud account.[1] In the months leading up to the offense, the defendant searched the internet using specific terms suggesting a sexual interest in children and also navigated to multiple specific files on the internet, suggesting that he intentionally sought out content that sexualized children. Further, his own phone contained a screenshot of a Telegram group labeled "Young hoes10-16(black girls…", supporting the inference that he had some interest in the topic of focus in that Telegram group. The United States set forth the specific evidence it seeks to introduce pursuant to Rule 404(b) in ECF No. 81, filed November 22, 2023, and the legal bases for introduction of that evidence, specifically that the evidence is admissible for proving the defendant's motive, intent, knowledge, absence of mistake,

---

[1] The United States anticipates that a Superseding Indictment will be returned in the near future.

and lack of accident in transporting child pornography in the fall of 2020.  *See* Fed. R. Evid. 404(b)(2).

The defendant, however, opposes the introduction of this evidence, *see* Def.'s Opp, ECF No. 93, claiming that searching for and visiting files involving the sexualization of children cannot possibly be relevant to his later transportation of child pornography.  According to the defendant, his browser history isn't probative of the offense, isn't relevant and, even if it is, is too prejudicial to him to introduce at trial.  The defendant's position is laughable.

## I.     The Defendant's Browser History and Telegram Screenshot Are Admissible to Prove His Motive, Intent, Knowledge, Absence of Mistake, and Lack of Accident

As described in the United States' Rule 404(b) Notice, ECF No. 81, the defendant's Google Chrome browser history shows that, on multiple occasions, he visited Dropbox folders with names including "Black teens and underage thots," "blkkidd 2," "PYT[2] Pack," "2020 PYT PACK," and "Brand new pyts 2,"some of which were identical to folder names identified as containing child pornography in the defendant's Google Drive.  The same browser history also shows that the defendant navigated to specific video files on the file sharing site MEGA, including one entitled "deleted porn hub vid 13 yo.mp4," which the defendant's Google account metadata shows he uploaded to his Google Drive on September 21, 2020, and another entitled "2017-06-22 22.28.29.mp4," which the defendant also uploaded to his Google Drive on September 21, 2020. Google reported the latter file—which depicts an adult male placing his erect penis in the mouth of a prepubescent female – to NCMEC in one of its CyberTips.  (Neither of the files were included in the materials that Google produced in response to a search warrant.)  The browser history also shows that the defendant conducted searches using terms such as "indian school teen" and "young

---

[2] PYT is an acronym for "pretty young thing."

ebony pyt," suggesting an interest in the sexualization of young teenagers.  In addition, the browser history shows substantial activity establishing that the defendant was the user of the browser, including visits to numerous pages and accounts associated with the defendant's name and that of his marketing company, "SRJ Digital."   Finally, the defendant's phone contained a screenshot of what appears to be a Telegram group labeled "Young hoes10-16(black girls…"

According to the defendant, the court should view the browser history described above solely as impermissible character evidence under Rule 404(b)(1) because this evidence "will improperly impugn" the defendant's character and will "make him very unlikeable to the jury." Def.'s Opp. at 3.  Whether a jury may find a defendant "unlikeable" is not the test for admissibility. Here, the United States has articulated multiple permissible purposes for which the evidence is admissible under Rule 404(b)(2), including that the evidence is probative of the defendant's motive, intent, knowledge, absence of mistake, and lack of accident when he allegedly transported child pornography in the fall of 2020.

The defendant provides a litany of excuses for why his internet searches and the names of folders that that he visited – some of which mirrored those in his Google Drive – cannot be relevant to proving motive, intent, knowledge, absence of mistake, and lack of accident.  For example, he attempts to explain away his search for "indian school teen" as potentially being a sexless "search targeting adults."  Def.'s Opp. at 5.  He argues that the term "young" "could refer to adults ranging in age from eighteen through forty and older."  *Id.*  And he claims that that there is no evidence that the defendant intentionally visited certain Dropbox folders because "[a] person searching for one type of content could easily end up accessing content unrelated to what they were looking for."  *Id.* at 4.

These are all creative interpretations of the evidence contained within the defendant's browser history, and the defendant is entitled to take the stand and to present those explanations as his defense.  However, the fact that the defendant has tipped his hand on a potential defense does not make the evidence inadmissible to show his motive, intent, knowledge, absence of mistake, and lack of accident for the underlying offense.  Very simply, the defendant's browser history shows that he previously used search terms suggesting a sexual interest in children (motive and intent for his possession and alleged transportation of child pornography), he navigated to the content of at least one image of child pornography later found to be transported (knowledge of content that he allegedly transported), and that he had visited specific folders multiple times in the past, thereby putting him on notice of the illicit content of those folders (absence of mistake or accident).  While evidence of the defendant's browser history may be distasteful to the jury, it remains probative of significant issues expected at trial, particularly where the defendant has previously denied knowing that the uploaded content contained child pornography and attempted to explain away the upload as an accident.  *See United States v. Breton*, 740 F.3d 1, 13 (1st Cir. 2014) ("Courts, including this one, consider file, chat room, and website names suggestive of child pornography relevant to proving a defendant's knowledge of such materials.").  The court should reject the defendant's argument and permit the United States to admit evidence of his browser history pursuant to Rule 404(b)(2).

The defendant additionally claims that searches and navigation that took place in the approximately six-month period leading up to the charged offense is "too remote in time to be probative of the defendant's motive, intent, knowledge, absence of mistake, or lack of accident…" Def.'s Opp at 6.  Notably, he cites no authority for this argument.  The United States contends that searches and folder visits in the six-month period leading up to the charged crime are not "too

remote" to be probative to a jury.  The defendant is a mature adult whose interests and predilections would have been established over a period of years and not necessarily subject to day-to-day changes.  There is no reason to believe that his interests on one date would be dramatically different just six months later, particularly where his browser history suggests a pattern of searching out similar content over time.  Thus, the court should admit evidence of the defendant's browser history in 2020, which supports the argument that the defendant had a sexual interest in children in the months leading up to the crime.  *See generally United States v. Fabiano*, 169 F.3d 1299, 1305 (10th Cir. 1999) (affirming conviction where evidence showed that "Defendant visited the Preteen chat room for approximately five months prior to receiving the two visual depictions which were the subjects" of the indictment); *United States v. George Royle V*, No. 2020 DNH 087, 2020 WL 2617133, at *5 (D. Me. May 22, 2020), *aff'd sub nom. United States v. Royle,* 86 F.4th 462 (1st Cir. 2023) (denying Rule 29 motion where government introduced LSQuarantine database information covering an approximately 18-month period).

## II.     The Defendant's Browser History and Telegram Screenshot Are Relevant Evidence and Are More Probative than Prejudicial

Defendant Johnson also claims that evidence of his browser history is not relevant because it is "not evidence of a sexual interest in children."  Def.'s Opp. at 7.  Here, the defendant appears to be arguing that because the search terms and folder visits are open to more than one interpretation, they cannot be relevant.  However, this line of argument conflates relevant evidence with the defendant's preferred defense.  Relevant evidence need only have "*any* tendency to make a fact more or less probable than it would be without the evidence."  Fed. R. Evid. 401(a) (emphasis added).  The evidence need not be conclusive to be relevant.  The standard for relevance is much broader, only requiring "*any* tendency to make a fact more or less probable."  *Id.*  The proffered evidence describing the defendant's browser history supports the government's argument that he

had a motive to transport child pornography, that he did so with the requisite knowledge and intent, and that he did not do so mistakenly or accidentally.  Irrespective of whether the defendant intends to offer a different interpretation of the evidence, his prior searches and his navigation to file-sharing folders involving terms such as "pyt" and "underage" all have some tendency to make the defendant's knowing transportation of child pornography more probable than it would be without the evidence.  Thus, such evidence is admissible under Rule 401.

Finally, the evidence of the defendant's browser history is more probative than prejudicial, as required under Rule 403.  In this instance, the defendant's search and navigation history will be no more provocative to the jury than other admissible evidence of the defendant's transportation of child pornography.  At trial, the United States intends to introduce numerous exhibits containing child pornography as direct evidence of the material that the defendant allegedly transported in the fall of 2020.  The jury will see multiple still images and videos of children being raped by adults, the firsthand visual documentation of a child's sexual abuse.  Moreover, the jury will be required to scrutinize these images and videos because, as the fact finder, the jury must determine whether these images actually comport with the federal definition of child pornography.  18 U.S.C. § 2256(8).  In view of the child pornography that the jury will be required to view at trial, sterile descriptions of the defendant's browser history and the names of folder titles that he visited are unlikely to be viewed as particularly inflammatory.  While the defendant's browser history is certainly inculpatory, this evidence will not *unfairly* prejudice the defendant in the context of all of the trial evidence.

Nor will evidence of the defendant's browser history confuse or mislead the jury or waste time.  As discussed in ECF No. 81, any potential confusion can be readily addressed via a limiting instruction to the jury regarding the proper use of evidence describing the defendant's browser

history.  Further, the presentation of browser history evidence will take little additional time at trial.  Such evidence does not require any additional witnesses and testimony on these points is unlikely to exceed an hour of trial time.

## **CONCLUSION**

For the reasons above, the court should permit the United States to offer the proffered evidence at trial under Federal Rules of Evidence 404(b)(2), 401, and 403.   There are multiple non-propensity purposes for offering this evidence and the evidence is more probative than prejudicial.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Jocelyn Bond*
Jocelyn Bond
D.C. Bar No. 1008904
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorneys
601 D Street, N.W.
Washington, D.C. 20530
(202) 809-0793 (Bond)
(202) 252-1719 (Courtney)
Jocelyn.Bond@usdoj.gov
Paul.Courtney@usdoj.gov