**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Case No. 22-CR-176 (CJN)** |
| **STEPHEN JOHNSON,** | |
| **Defendant.** | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PROTECT**
**THE IDENTITIES, PRIVACY, AND DIGNITY OF CHILD VICTIMS**

The United States of America, by and through its counsel, hereby respectfully files this motion *in limine* seeking to protect the identities, privacy, and dignity of the child victims who are depicted in the child pornography at issue in this case.  First, the United States requests that the Court issue an order protecting the identities of the child victims depicted in the child pornography allegedly transported and possessed by the defendant by issuing an order: (1) permitting, at trial, the use of initials for any identified child victims associated with the sexually explicit images encompassed by the charges in the Second Superseding Indictment, filed on February 8, 2024; and (2) preventing public disclosure, via cross-examination or otherwise, of the full names of the child victims, their respective addresses, names of their family members, and or any other identifying information.  In addition to protecting the identities of the victims by using only their initials, the United States also asks that the Court protect the privacy and dignity of all the victims, whether identified or not, by prohibiting the child pornography at issue in this case from being publicly displayed in the gallery of the courtroom.  The United States asks that the Court establish a procedure specific to the admission and publication of any exhibits constituting child pornography at trial, whereby admitted exhibits are published only to the Court, the parties, and members of the jury, but not to members of the public.  These procedures will ensure that the rights of the child

victims depicted in the child pornography in this case are treated in accordance with the Crime Victims' Rights Act, 18 U.S.C. § 3771, while also maintaining the integrity of the trial.

## RELEVANT FACTUAL BACKGROUND

On February 8, 2024, the Grand Jury returned a second superseding indictment charging the defendant, Stephen Johnson, with fifteen counts of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1), and one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).  Counts One through Fifteen, each of which refers to a specific digital file that constitutes child pornography, are based upon incidents from September 21, 2020, and October 1, 2020, in which the defendant transported multiple files constituting child pornography from his Lenovo laptop to his Google Drive account.  These files contain names such as "lil black girl fucked by BBC.mp4," "(Children-sf-model) Pthc - 11Yo Black Girl Showing Off Her Pussy Aka - [!!!New !!!][USA][00.07.14] (2).avi," and "Mommy loves daughter's pussy.jpg." Count Sixteen is based upon all of the child pornography that the defendant possessed in his Google Drive, to include the specific child pornography files named in Counts One through Fifteen, as well as additional digital files constituting child pornography. Each file named in Counts One through Fifteen, as well as all of the files encompassed by Count Sixteen, depicts the active sexual abuse of a real human child.  Several of the files named in the indictment depict children who have been identified by law enforcement.

Trial in this case is currently scheduled to begin on April 8, 2024.  At trial, the United States must prove not only that the defendant transported and possessed the files described above but also must prove that the production of the images "involve[ed] a minor engaging in sexually explicit conduct" and that the image itself is a "visual depiction of such conduct."  18 U.S.C. § 2252(a)(1)(A) and (B).  Thus, to meet its burden, the government must prove that a child was

2

used in the production of the images transported and possessed by the defendant, and that the images do, in fact, depict sexually explicit conduct.  To that end, the United States intends to call at trial multiple law enforcement witnesses from around the country to identify the specific children who are depicted in certain files named in the indictment.  These children, some of whom are now adults, were identified during prior law enforcement investigations and their true names are kept on file with the National Center for Missing and Exploited Children (NCMEC), which operates as a national clearinghouse for information related to child pornography.  These law enforcement witnesses are expected to testify regarding their involvement in the underlying investigation related to the creation of specific child sexual abuse images, the identity of the specific child victim depicted in the child pornography at issue, as well as the age of the child at the time the sexual abuse images were created.  As such, the United States seeks to protect the identities of each of these identified children by referring to them only by their initials at trial. Further, the United States seeks to protect the privacy and dignity of the child victims depicted in exhibits offered at trial by preventing any child pornography from being displayed in the gallery.

## **LEGAL STANDARD**

I.   **The Child Victims Have a Right to be Treated with Respect for their Privacy and Dignity Under the Crime Victims Rights Act**

The Crime Victims' Rights Act, or "CVRA," was designed to protect victims' rights and to ensure their involvement in the criminal justice process.  18 U.S.C. § 3771; *see also United States v. Moussaoui*, 483 F.3d 220, 234 (4th Cir. 2007); *Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1016 (9th Cir. 2006) ("The [CVRA] was enacted to make crime victims full participants in the criminal justice system."); *United States v. Dixon*, 355 F. Supp. 3d 1, 5 (D.D.C. 2019).  The statute,

18 U.S.C. § 3771, affords victims[1] with ten specific rights, including, "[t]he right to be reasonably protected from the accused[,]" "[t]he right to be reasonably heard at any public proceeding in the district court[,]" and "[t]he right to be treated...with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(1), (4) & (8); *see also United States v. Monzel*, 641 F.3d 528, 533 (D.C. Cir. 2011) (noting that Title 18, United States Code, Section 3771(b)(1) directs courts to ensure that the crime victim is afforded the rights described in Section 3771(a)).  In light of the nature of the crime involved, namely, the sexual abuse and exploitation of minor victims, and the psychological trauma that the victims have endured based on the ongoing trade of their images by multiple defendants, including Defendant Johnson, an order restricting the use of the victims' true names throughout these proceedings is in accordance with the Crime Victims' Rights Act.

## II.    Child Victims Have the Right to Be Protected from Public Disclosure

Title 18, United States Code, Section 3509(d) governs the privacy rights of child victims and provides that the court may issue "an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings" and may "provide for any other measures that may be necessary to protect the privacy of the child." 18 U.S.C. § 3509 (d)(3)(A) & (B)(ii). A "child" is defined by this section as "a person who is under the age of 18, who is or is alleged to be—(A) a victim of a crime of physical abuse, sexual abuse, or exploitation; or (B) a witness to a crime committed against another person." 18 U.S.C.

---

[1] The CVRA "instructs the district court to look at the offense itself to determine the harmful effects the offense has on parties. If the criminal behavior causes a party direct and proximate harmful effects, the party is a victim under the CVRA. Under the plain language of the statute, a party may qualify as a victim, even though it may not have been the target of the crime, as long as it suffers harm as a result of the crime's commission." *United States v. Giraldo-Serna*, 118 F. Supp. 3d 377, 383 (D.D.C. 2015) (internal quotations and citations omitted).

§ 3509(a)(2).  Thus, all child victims who are referenced at trial should be afforded the protections guaranteed by Section 3509.

The United States additionally asks that the Court provide this same protection to victims who were children at the time that they were sexually exploited but have reached the age of majority by the time of trial.  While Section 3509 does not speak to this specific scenario, several courts have considered the applicability of Section 3509 to victims or witnesses who are no longer under the age of 18 at the time of their testimony. In *United States v. Harris*, No. 14-CR-76, 2016 WL 3190482, at *1 (E.D. Va. June 6, 2016), *aff'd*, No. 15-4451, 2016 WL 3524626 (4th Cir. June 28, 2016), the district court noted that it may be unclear whether witnesses who fell under Section 3509(a)(2)(A)'s definition of "child" at the time of the criminal incident would be covered by the privacy protections of Section 3509 if they were over 18 when they testified.  *See Harris*, 2016 WL 3190482, at *1. However, the *Harris* court found that it had "inherent authority under the First Amendment of the United States Constitution, and the common law, to protect the identity of such witnesses," and found that such protection was "warranted by the relevant case-specific circumstances." *Id.; see also Globe Newspaper Co. v. Superior Court*, 457 US 596, 604 (1982) (acknowledging that while public interest in access to full information about witnesses' identities is protected by the First Amendment, that interest is "less significant than the public interest in being present during criminal trials"). Similarly, in *United States v. Paris*, No. 06-CR-64 (CFD), 2007 WL 3124724, at *1 (D. Conn. Oct. 24, 2007), the district court noted that "[w]hile the Minors are no longer children, 18 U.S.C. § 3509(d)(3), which authorizes courts to protect information about the identities of minor victims of sex crimes, highlights the public interest in protecting young victims of sex crimes." *Paris*, 2007 WL 1484974, at *2 n.2. Both the adult and minor victims in *Paris* were permitted to testify using their first name and first initial of their last names

to protect their identities. *Id.*  This precedent allowing narrow identification protections for victims of sex crimes, who were minors at the time of the alleged crime but were over 18 at the time of testimony, is consistent with the CVRA, which states that a crime victim has the "right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8).

In the present case, the victims who were sexually exploited as children – and continue to be victimized as the images of their abuse circulate on the internet into perpetuity – are entitled to the privacy protections afforded under the Crime Victims' Rights Act, and the child victims who are referenced at trial have the right to have their privacy protected under Section 3509.  Further, even where a child victim has reached adulthood by the time of trial, that victim should be afforded protection from having their identity disclosed, despite not meeting the definition of "child" under the Act.  In such cases, an order requiring the use of only the initials of victims throughout these proceedings would be in accordance with the Crime Victims' Rights Act, and consistent with the spirit of Section 3509 governing the rights of child victims.

In addition, each of these victims is entitled under the CVRA to be "treated with fairness and with respect for the victim's dignity and privacy" during the course of the trial. 18 U.S.C. § 3771(a)(8). As such, the United States asks that the Court prevent the public exposure of the graphic images depicting the sexual abuse of each of these children, whether they have been identified or not, by permitting publication of such exhibits only to the Court, the parties, and the jury. Publicly displaying videos and still images of a child victim being raped, humiliated, and degraded is inconsistent with the rights afforded in the CVRA and serves no legitimate purpose in determining the guilt or innocence of the defendant.

### III.     Protecting Child Victims is Consistent with the Confrontation Clause

The government's proposed protections are consistent with the defendant's guarantee under the Confrontation Clause to confront government witnesses. For instance, the Supreme Court has observed that there is "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness's safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). More broadly, courts have found that the potential for reprisals, humiliation, or annoyance are sufficient to justify non-disclosure of personal identifying information by a witness at trial. *See, e.g.*, *United States v. Celis*, 608 F.3d 818, 832–34 (D.C. Cir. 2010) (permitting witnesses from Colombia to testify under pseudonyms at trial of Colombian drug-traffickers); *United States v. Navarro*, 737 F.2d 625, 633-34 (7th Cir. 1984) (cross-examination of an informant about his home address and current place of employment precluded); *United States v. Handy*, No. 22-CR-096 (CKK), Order (D.D.C. Aug. 8, 2023) (ECF No. 358) ("Courts may protect the identity of a testifying witness in the interest of the witness's safety or in cases dealing with highly sensitive or personal information") (citing *United States v. Machado-Erazo*, 951 F. Supp. 2d 148, 153 (D.D.C. 2013), and *Doe v. Cabrera*, 307 F.R.D. 1, 4 (D.D.C. 2014)).

In deciding whether to limit the scope of cross-examination to preclude the defendant from asking, in open court, certain identifying information, the court must balance the government's reasons for requesting such limitations against the defendant's interest in the full cross-examination of the witness. *See Alford v. United States*, 282 U.S. 687, 694 (1931); *Smith v. Illinois*, 390 U.S. 129, 134 (1968) ("[I]f the question asked is one that is normally permissible, the State or the witness should at the very least come forward with some showing of why the witness

must be excused from answering the question. The trial judge can then ascertain the interest of the defendant in the answer and exercise an informed discretion in making his ruling.").

In the event that the government seeks to limit disclosure of identifying information in open court, the government must provide a reason for the limitation. *See id.* (*citing Smith,* 390 U.S. at 134 (White, J., concurring)). In the trial context, courts have found that the potential for reprisals, humiliation, or annoyance are sufficient to justify nondisclosure of personal identifying information by a witness. *See, e.g. Alford*, 282 U.S. at 694 ("[T]he reason may be that the answer may subject the witness to reprisals or that the question is being used to humiliate or annoy the witness."). The defendant is then required to demonstrate a "particularized need" for disclosure of the relevant information, which the court weighs against the risks to the witness. *See United States v. Bennett,* 409 F.2d 888, 901 (2d Cir. 1969); *see also United States v. Cavallaro,* 553 F.2d 300, 305 (2d Cir. 1977).

Here, public exposure of the identities and graphic sexual images of the child victims would be humiliating and degrading to the children involved.  Such exposure would also open those same children up to reprisals by the defendant and potential harassment by the public, including individuals with a sexual interest in children. Thus, shielding the identities and images of these children is required to protect them from these and other potential harms.  The defendant must now demonstrate a "particularized need" for the information, which the Court weighs against the harm to the witness. *See United States v. Marcus*, No. 05-CR-457 (ARR), 2007 WL 330388, at *1 (E.D.N.Y. Jan. 31, 2007). In *Marcus*, a case involving sex trafficking allegations, the court expressly found that "[i]n light of the explicit nature of the conduct that the witnesses will be testifying about . . . the court has determined that the witnesses' fear of harassment and reprisals is legitimate." *Id.* Other courts have permitted victims testifying in graphic detail about acts of

8

forced prostitution and sexual contact to testify using their first names only. *See United States v. Kelly*, No. 19-CR-286 (AMD), Min. Order (E.D.N.Y. Sept. 23, 2022); *United States v. Maxwell*, No. 20-CR-330 (AJN), Order (S.D.N.Y. Nov. 12, 2021) (ECF No. 458); *United States v. Rivera*, No. 09-CR-619 (SJF), Order, at 2 (E.D.N.Y. Apr. 26, 2011) (ECF No. 231); *see also Doe*, 307 F.R.D. at 5 ("Courts generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects.") (collecting civil cases). Similarly, in a case where the defendant was charged with abusive sexual contact and assault on an airplane, the court permitted the victim-witness to testify using her first name only. *See United States v. Quraishi*, No. 15-CR-598, Pretrial Conf. Tr. at 6–10 (E.D.N.Y. Apr. 5, 2016) (ECF No. 46).

Here, the actual identities of the child victims are irrelevant to establishing any of the elements of Transportation or Possession of Child Pornography.  Instead, the elements require only that the government prove that the production of the image "involv[e] the use of a minor" and that the image is a depiction of sexually explicit conduct. To prove these elements, the United States will call law enforcement to testify about the child victim for the purpose of confirming the victim was a child, not for the purpose of establishing that the child was or was not a specific person. The children themselves will not be testifying. For these reasons, requiring the public disclosure of the victims' full identifying information and likenesses does not serve any of the legitimate purposes identified by the courts, such as the defendant's obtaining information for in- or out-of-court investigation or attempting to discredit the victim before the jury. *See Celis*, 608 F.3d at 832–33 (finding no Confrontation Clause violation where protected witnesses' identities were previously disclosed to defense); *Handy*, No. 22-CR-096 (CKK), Order (D.D.C. Aug. 8, 2023) (ECF No. 358) (finding that allowing witnesses to testify using a pseudonym "does not erode defendant's right to

cross-examination" where "defense counsel has the true names of all government witnesses" and is thus "'well-armed with information upon which to confront and cross-examine' those witnesses") (quoting *United States v. El-Mezain*, 664 F.3d 467, 492 (5th Cir. 2011)); *United States v. Abu Khatallah*, No. 14-CR-141 (CRC), Order at 1 (D.D.C. Oct. 16, 2017) (ECF No. 401) (granting government's motion for witnesses to testify using pseudonym given threats to safety and "given that defense counsel has access to the witnesses' actual names, the pseudonymous testimony will not prevent [defendant] from effectively cross-examining the witnesses") (citations omitted). Rather, requiring the disclosure of victims' full names in open court would serve only to harass, embarrass and "to humiliate … the [victim]." *Marti*, 421 F.2d at 1266. Thus, the government's proposed protections will in no way impede or compromise the defendant's confrontation rights.

/

/

/

/

/

/

/

/

/

## **CONCLUSION**

For the reasons addressed above, the United States asks the Court to issue an order, consistent with both the Crime Victim's Rights Act and Title 18, United States Code, Section 3509, requiring all child victims referenced during trial to be referred to only by their initials and

to establish a procedure at trial that precludes the display of any child pornography images to the public gallery.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:     */s/ Jocelyn Bond*
         Jocelyn Bond
         D.C. Bar No. 1008904
         Paul V. Courtney
         D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
         Assistant United States Attorneys
         601 D Street, N.W.
         Washington, D.C. 20530
         (202) 809-0793 (Bond)
         (202) 252-1719 (Courtney)
         Jocelyn.Bond@usdoj.gov
         Paul.Courtney@usdoj.gov