UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEPHEN JOHNSON<br>　　　　Defendant. | Case No. 22-cr-0176 (CJN) |

**MOTION TO DISMISS COUNTS FIVE AND EIGHT OF
SECOND SUPERSEDING INDICTMENT**

Stephen Johnson, through undersigned counsel, respectfully moves this Honorable Court to dismiss Counts Five and Eight of the second superseding indictment (ECF No. 110). Since the alleged activity charged in Counts Five and Eight involves the same conduct, Mr. Johnson seeks dismissal of these two counts because they are multiplicitous. In accordance with Fed. R. Crim. P. 12(b), the multiplicitous counts render the second superseding indictment defective. Additionally, the multiplicitous indictment violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution by charging Mr. Johnson with the same offense twice and by subjecting Mr. Johnson to multiple punishments for the same offense. Mr. Johnson respectfully requests an evidentiary hearing.

**BACKGROUND AND STATEMENT OF FACTS**

On February 8, 2024, a second superseding indictment was filed against Mr. Johnson in connection with the instant case. *See* ECF No. 110. The second superseding indictment charges Mr. Johnson with fifteen separate counts of Transportation of Child Pornography, in

1

violation of 18 U.S.C. § 2252(a)(1).  *Id.* at 1-2 (Counts One through Fifteen).  The second superseding indictment further charges Mr. Johnson with a single count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).  *Id* at 3 (Count Sixteen).

Each of the fifteen Transportation of Child Pornography counts allege that Mr. Johnson unlawfully transported child pornography by uploading to his Google Drive account a visual depiction of at least one minor engaging in sexually explicit conduct.  *Id* at 1.  Counts One through Eight all involve alleged uploads to Mr. Johnson's Google Drive account occurring on September 21, 2020.  *Id.* at 2.  Counts Nine through Fifteen all involve alleged uploads to Mr. Johnson's Google Drive account occurring on October 1, 2020.  *Id.*  The visual depiction charged in Count Five is the same visual depiction that is charged in Count Eight.  Despite the different file names, the contents of the visual depiction charged in Counts Five and Eight, which is a video file, are identical.[1]

## **ARGUMENT**

Counts Five and Eights are multiplicitous, unconstitutional and defective and therefore must be dismissed.  Multiplicity occurs when an indictment "charge[s] the same offense in more than one count."  Fed. R. Crim. P. 12(b)(3)(B)(ii); see also *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999) (an "indictment charg[ing] the same offense in more than one count [is] a problem known as multiplicity.").  A multiplicitous indictment is defective, *see* Fed. R.

---

[1] At a meeting on February 26, 2024, undersigned counsel viewed the visual depictions charged in Counts Five and Eight and determined that the contents of the video file associated with the visual depiction charged in these two counts are identical.  Defense counsel asked the government whether the two images share the same unique "hash" identifier, to which the government said it had not checked.

Crim. P. 12(b)(3)(B)(ii), and "[m]ultiplicity violates the Fifth Amendment's Double Jeopardy Clause." *United States v. Cooper*, 886 F.3d 146, 153 (D.C. Cir. 2018). A multiplicitous indictment violates the Double Jeopardy Clause because that clause protects "against charg[ing] the same offense in more than one count of a single indictment." *Id.* (internal quotations omitted). Multiplicity also violates the Double Jeopardy Clause's protection "against multiple punishments for the same offense." *See United States v. Weathers*, 186 F.3d at 951.

The offenses charged in Counts Five and Eight are undoubtedly the same. The two counts allege a violation of the same statute (18 U.S.C. § 2252(a)(1) — Transportation of Child Pornography). The two counts allege that this violation of the same statute occurred on the same day (September 21, 2020). The two counts allege that the violation happened at the same place ("within the District of Columbia"). The two counts allege that the transportation of the charged visual depictions was uploaded to the same location ("the Googe Drive account associated with Google username stephenjohnson1197@gmail.com"). And, despite the different file names referenced in the indictment, the visual depictions charged in Counts Five and Eight are the same video file.

Given the factual similarities between Counts Five and Eight, Counts Five and Eight of the second superseding indictment are multiplicitous. Due to this multiplicity, the indictment is defective. *See* Fed. R. Crim. P. 12(b)(3)(B)(ii). The multiplicity problem with Counts Five and Eight also violates Mr. Johnson's Fifth Amendment rights to protection against being charged with the same offense in more than one count and protection against multiple punishments for the same offense.

**CONCLUSION**

By charging the same offense in two separate counts, Counts Five and Eight of the second superseding indictment are multiplicitous. Because, as stated in Fed. R. Crim. P. 12(b)(3)(B)(ii), a multiplicitous indictment is defective, Counts Five and Eight must be dismissed. Counts Five and Eight must also be dismissed because they violate Mr. Johnson's rights under the Fifth Amendment's Double Jeopardy Clause. The multiplicity denies Mr. Johnson's constitutional protection from being charged twice for the same offense and from being punished more than once for the same offense. For these reasons, Counts Five and Eight must be dismissed. Alternatively, if both counts are not dismissed, the government must be made to elect to proceed to trial on only one of the two multiplicitous counts.

DATED: March 1, 2024

Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserlaw.com
tmiles@kaiserlaw.com

*Counsel for Defendant Stephen Johnson*