UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>STEPHEN JOHNSON<br>          Defendant. | Case No. 22-cr-0176 (CJN) |

### MOTION TO DISMISS COUNT SIXTEEN OF
### SECOND SUPERSEDING INDICTMENT

Stephen Johnson, through undersigned counsel, respectfully moves this Honorable Court to dismiss Count Sixteen of the second superseding indictment. *See* ECF No. 110. Mr. Johnson seeks dismissal of Count Sixteen because multiple separate offenses are improperly charged in that single count in violation of the Fifth and Sixth Amendments to the United States Constitution, and in violation of Rule 12(b)(3)(B)(i) of the Federal Rules of Criminal Procedure. Mr. Johnson further seeks to dismiss Count Sixteen, pursuant to the Fifth and Sixth Amendments to the United States Constitution, as well as Rule 7(c) of the Federal Rules of Criminal Procedure, for failure to provide sufficient notice regarding the conduct charged in Count Sixteen. Mr. Johnson respectfully requests an evidentiary hearing.

### BACKGROUND AND STATEMENT OF FACTS

On May 20, 2022, the original indictment in connection with the instant case was filed against Mr. Johnson. *See* ECF No. 43. The original indictment charged Mr. Johnson with one

1

count of Transportation of Child Pornography, in violation of 18 U.S.C. § 2252(a)(1).   *Id*.

That count read as follows:

> On or about and between September 21, 2020 and October 5, 2020 within the District of Columbia and elsewhere, the defendant, STEPHEN JOHNSON, did knowingly transport and ship using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means including by computer, any visual depiction and the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct and such visual depiction is of such conduct.

*Id*.

On November 22, 2023, Mr. Johnson filed two motions seeking dismissal of the original indictment. He filed a Motion to Dismiss Indictment Due to Duplicity (ECF No. 87) and a Motion to Dismiss Indictment for Insufficient Notice (ECF No. 86). On December 21, 2023, one month after Mr. Johnson filed his motions to dismiss the original indictment and nineteen months after the original indictment was filed, a superseding indictment was filed against Mr. Johnson. *See* ECF No. 101. In the superseding indictment, rather than charge Mr. Johnson in a single count with transporting numerous separate files over a two-week period as the original indictment did, Mr. Johnson was charged with fifteen separate counts of transportation of child pornography. *Id*. Each of the fifteen transportation counts charged Mr. Johnson with a specific individual file that he allegedly transported on a single date. *Id*. The final count in the superseding indictment, Count Sixteen, charged Mr. Johnson with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). *Id.*

Less than two months after the superseding indictment was filed, the government returned to the grand jury seeking yet another indictment against Mr. Johnson. As a result of this most recent effort, a second superseding indictment was filed against Mr. Johnson on

February 8, 2024.   *See* ECF No. 110.   Like the superseding indictment, the second superseding indictment charges Mr. Johnson with fifteen separate counts of transportation of child pornography.   *Id*.   Again, each of the fifteen transportation counts charge Mr. Johnson with a specific individual file that he allegedly transported on a single date.   *Id*.   The final count in the second superseding indictment, which is Count Sixteen, charges Mr. Johnson with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).   *Id*.   Count Sixteen states, in full, as follows:

> On or about and between September 21, 2020, and October 1, 2020, within the District of Columbia and elsewhere, the defendant, **STEPHEN JOHNSON**, did knowingly possess matters which contained visual depictions that had been mailed, and had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and which were produced using materials which had been mailed and so shipped and transported, by any means including by computer, the production of such visual depictions having involved the use of minors, including prepubescent minors and minors who had not attained 12 years of age, engaging in sexually explicit conduct as that term is defined in Title 18, United States Code, Section 2256(2), and such visual depictions were of such conduct, to wit: the images depicted in files that were stored on the Google Drive account associated with Google username stephenjohnson1197@gmail.com.

*Id*.

## ARGUMENT

### I.   **Count Sixteen is Duplicitous, Defective, and Unconstitutional.**

Count Sixteen must be dismissed due to its duplicitous charge of multiple offenses. Duplicity occurs when there is the "joining in the same count [of an indictment] two or more distinct and separate offenses."   *United States v. Tanner*, 471 F.2d 128, 138 (7th Cir. 1972) (brackets in the original).   According to Fed. R. Crim. P. 12(b)(3)(B)(i), "joining two or more

offenses in the same count" constitutes a "defect in the indictment." While charging more than one offense in a single count presents many problems, "[t]he principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense." *United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994). One reason for prohibiting duplicitous indictments is "to protect a defendant's right under the Sixth Amendment to notice of the 'nature and cause of the accusation' against him so that he may prepare a defense." *Tanner*, 471 F.2d at 139. Another reason for this prohibition is to protect a defendant's Fifth Amendment right by "guard[ing] against the possibility that confusion as to the basis of the verdict may subject the defendant to double jeopardy in the event of a subsequent prosecution." *Id*. (internal quotations omitted).[1]

Count Sixteen in the second superseding indictment, like the defective single-count original indictment, undoubtedly charges Mr. Johnson with more than one offense. The language used in Count Sixteen indicates that Mr. Johnson is being charged with more than one visual depiction in relation to that single count. For example, Count Sixteen refers to Mr. Johnson possessing "matters" of visual "depictions," and that the "images" involved in Count Sixteen "were" stored on a particular Google Drive account. *See* ECF No. 110 at 3. The time period referenced in Count Sixteen further shows that multiple offenses are charged in that single count. Rather than limit the time of the offense to a single date or a single uploading event,

---

[1] The Fifth Amendment to the United States Constitution provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.

Count Sixteen charges Mr. Johnson for conduct occurring "[o]n or about and between September 21, 2020, and October 1, 2020."[2] *Id.*

The only material differences between the defective original indictment and Count Sixteen of the second superseding indictment are:

(1) The original indictment charged transportation of child pornography while Count Sixteen charges possession of child pornography;

(2) the original indictment alleged that the illegal activity occurred between September 21, 2020, and October 5, 2020, while Count Sixteen alleges illegal activity between September 21, 2020, and October 1, 2020; and

(3) the original indictment was silent about where allegedly illegal material was stored while Count Sixteen states that illegal material was "stored on the Google Drive account associated with Google username stephenjohnson1197@gmail.com."

*See* ECF No. 43; *cf.* ECF No. 110.

Because Count Sixteen alleges that Mr. Johnson unlawfully possessed what could be dozens of files stored on his Google Drive account on unidentified dates during a 10-day period, the same problems concerning duplicity that existed in the original indictment are present in Count Sixteen of the second superseding indictment. Therefore, based on the same reasoning and authority discussed on Mr. Johnson's Motion to Dismiss Indictment Due to Duplicity (ECF No. 87), Count Sixteen is defective and it must be dismissed.

---

[2] Based on Counts One through Fifteen of the indictment, this date range includes at least two separate alleged uploading events.

## II.    Count Sixteen Provides Insufficient Notice, in Violation of the Fifth and Sixth Amendments and the Federal Rules of Criminal Procedure.

The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." *See* U.S. Const. amend. VI.  And the Fifth Amendment assures that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." *Id.*, amend. V.  The Fifth Amendment also protects against "be[ing] subject for the same offence to be twice put in jeopardy of life or limb." *Id.*

In order to comply with the Sixth Amendment an indictment must provide "fair notice of the criminal charges against which one will need to defend." *See United States v. Combs*, 369 F.3d 925, 935 (6th Cir. 2004); *see also United States v. Pandilidis*, 524 F.2d 644, 648 (6th Cir. 1975) ("[t]he rules governing the content of indictments" includes "the right under the Sixth Amendment to fair notice of the criminal charge one will be required to meet").  The Fifth Amendment mandates that indictments meet two criteria.  First, indictments must "describe the crime with which [a defendant] is charged with sufficient specificity to enable him to protect against future jeopardy for the same offense." *United States v. Haldeman*, 559 F.2d 31, 123 (D.C. Cir. 1976).  Second, indictments must not "hold[] the defendant to answer for crimes not presented to or indicted by a grand jury." *United States v. Combs* 369 F.3d at 935.

Fed. R. Crim. P. 7(c) also protects defendants against indictments that provide inadequate notice.  This Rule states that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).  It is well established that, in addition to incorporating language from the statute to set

6

forth "the general description of an offense," the indictment "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged."  *United States v. Hess*, 124 U.S. 483, 487 (1888).

For the same reasons the original indictment did not adequately provide notice about the conduct being charged, Count Sixteen of the second superseding indictment fails to offer sufficient notice concerning the alleged unlawful conduct.   Like the original indictment, Count Sixteen's failure to identify the specific files with which Mr. Johnson is being charged for unlawfully possessing child pornography makes it impossible to know which files stored on Mr. Johnson's Google Drive account are charged in Count Sixteen and which files are not being charged.   And, as with the original indictment, Count Sixteen does not adequately inform Mr. Johnson about when it is alleged he committed the charged offense.   Rather than notify Mr. Johnson about the specific date, or dates, on which he allegedly possessed child pornography, Count Sixteen simply offers a range of "between September 21, 2020, and October 1, 2020." *See* ECF No. 110 at 3.   Without knowing the specific dates on which it is alleged that Mr. Johnson committed the offenses charged in Count Sixteen and what files he allegedly possessed unlawfully, he cannot adequately prepare for his defense.    This defect is a violation of Mr. Johnson's Sixth Amendment right to fair notice.

For the same reasons discussed in Mr. Johnson's Motion to Dismiss Indictment for Insufficient Notice (ECF No. 86), Count Sixteen of the second superseding indictment also violates Mr. Johnson's Fifth Amendment rights to protection against double jeopardy and to not be charged for offenses not indicted by a grand jury.   Due to vagueness surrounding precisely

when the offenses charged in Count Sixteen allegedly occurred and what specific acts are being charged, there is no assurance that, whether Mr. Johnson is acquitted or convicted, he will not have to face the same charges in the future. Because of this uncertainty about what constitutes the offenses charged in Count Sixteen, one is unable to determine what the grand jury charged Mr. Johnson for and there is a serious risk that he may be convicted for conduct not charged by, or possibly not even presented to, the grand jury. Accordingly, Count Sixteen must be dismissed.

Finally, Count Sixteen of the second superseding indictment does not offer a "definite written statement of the essential facts constituting the offense charged" as required by Fed. R. Crim. P 7(c). Count Sixteen fails to describe what materials constitute the alleged child pornography, how the offenses allegedly occurred, or specifically when within the offered date range the offenses allegedly occurred. Because the indictment is completely silent about the essential facts that make up the alleged offense or offenses, it fails to comply with Rule 7(c). Therefore, Count Sixteen should be dismissed.

## CONCLUSION

As discussed above, by charging more than one offense in a single count, Count Sixteen of the second superseding indictment is duplicitous. Count Sixteen is further defective for failing to provide adequate notice, failing to protect Mr. Johnson's right against double jeopardy, and failing to secure Mr. Johnson's right to indictment by a grand jury. Count Sixteen's defects violate Mr. Johnson's Fifth Amendment rights, Sixth Amendment rights, and his rights under Fed. R. Crim. P. 7(c). Accordingly, Count Sixteen must be dismissed.

DATED: March 1, 2024					Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserlaw.com
tmiles@kaiserlaw.com

*Counsel for Defendant Stephen Johnson*