UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 22-CR-176 (CJN) |
| STEPHEN JOHNSON, | |
| Defendant. | |

**GOVERNMENT'S MOTION IN LIMINE TO COMPEL
THE DEFENDANT TO FILE SUFFICIENT EXPERT NOTICE FOR,
AND TO PRECLUDE CERTAIN EXPERT TESTIMONY FROM, MICHELE BUSH**

The United States of America, by and through undersigned counsel, respectfully moves to **(i)** compel the defendant to file sufficient expert notice for his digital forensic examiner, Michele Bush, that complies with Rule 16 and **(ii)** preclude Ms. Bush from offering expert testimony at trial on certain topics identified in the defendant's otherwise insufficient notice—topics that are far outside Ms. Bush's expertise and are otherwise not appropriate areas of testimony in this trial.

As a preliminary matter, the defendant's expert notice is facially insufficient and fails to comply with the requirements of Rule 16. *See* Fed. R. Crim. P. 16(b)(1)(C)(iii), (v). The defendant has identified seven broad topics upon which Ms. Bush may opine but outlines none of Ms. Bush's actual opinions or her bases for them. Accordingly, the government respectfully moves for an order requiring the defendant to file sufficient expert notice for Michele Bush.[1]

The government also moves to preclude the defendant from eliciting expert testimony from Ms. Bush on four of the broad topics identified in the expert notice. Two of those topics concern Ms. Bush testifying about Google's practices and servers, an area that is not within Ms. Bush's

---

[1] Given that the trial is approximately one month away, the government believes this issue can be remedied by the defendant's filing of sufficient expert notice. The government reserves the right to move to exclude Ms. Bush's testimony in its entirety should the defendant fail to identify the opinions he intends to elicit from her at trial.

expertise and will not be helpful to the jury given the issues in this trial. The other two topics concern Ms. Bush testifying about methods of collecting pornography online and methods and patterns of child pornography offenders. Both topics are well beyond Ms. Bush's expertise in digital forensic examinations, and in any event are not appropriate expert testimony in this trial.

For reasons that follow, this Court should grant the government's motion.

## FACTUAL BACKGROUND

The defendant, consistent with the Court's pre-trial scheduling order, provided notice of its intent to call Michele Bush, a digital forensic examiner, as an expert witness. (*See* ECF 114). Ms. Bush's CV is attached to this motion as Exhibit 1.[2] Although she has no degree in computer science, Ms. Bush has, according to the defendant's notice and her CV, experience and certifications in the digital examination and forensic analysis of computers, cellphones, and other electronic storage devices.

The defendant's expert notice identified seven general topics that Ms. Bush may offer testimony on:

(1) Google Drive and the detection and reporting of suspected Child Sexual Abuse Material (CSAM) by Google. Ms. Bush may also offer similar testimony on the other websites and platforms at issue in this case including Tumblr, Twitter, Dropbox, etc.

(2) Best forensic practices, including on the collection, preservation, and analysis of digital evidence from electronic devices, including smartphones.

(3) The significance, weight, and consideration of the various forensic artifacts recovered by law enforcement in this case, including from Google and the recovered devices.

(4) Settings, configurations, and contents of Mr. Johnson's Google Drive, including about how it existed on the devices versus how it exists on Google's servers.

---

[2] The government relies upon the version of Ms. Bush's CV available on her website, which appears to be current through some point in 2023. *See* https://www.loehrsforensics.com/_files/ ugd/25dd9e_6d1c8baf574c47b3aa18a9ed56ac7a1b.pdf (last accessed Mar. 11, 2024).

(5) Functions of various software programs and platforms of relevance in this case, including TOR and Virtual Private Network (VPN).

(6) Methods of collection of pornography from online sources.

(7) Methods and patterns of CSAM offenders.

(ECF 114). But he provided no information about what opinions Ms. Bush would offer—including about the government's evidence that she has reviewed—or her bases for those opinions.

## LEGAL STANDARD

The Court has a "gatekeeping" role as it relates to expert testimony, to ensure that testimony is based on scientific, technical, or other specialized knowledge that will assist the trier of fact to understand or determine a fact in issue. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993); *Kumho Tire Co., Ltd. V. Carmichael*, 526 U.S. 137, 141 (1999) (applying *Daubert* to non-scientific expert testimony). Under Federal Rule of Evidence 702, the party seeking to proffer expert testimony has the burden to show the qualifications of the proffered expert and that it is more likely than not that:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

*See* Fed. R. Evid. 702. The Court must find that expert testimony is "properly grounded, well-reasoned and not speculative before it can be admitted." *See Robinson v. United States*, 75 F. Supp. 3d 190, 199 (D.D.C. 2014) (quoting Fed. R. Evid. 702).

**ARGUMENT**

I.  **The Defendant's Notice Is Insufficient As It Does Not Reveal the Expert's Opinions or Her Bases for Them, and This Court Should Order the Defendant to File a Sufficient Expert Notice that Complies with Rule 16.**

The defendant's notice is insufficient under Rule 16 as it fails to identify any of Ms. Bush's expert opinions or her bases for them. This Court's pre-trial scheduling order contemplates that the parties will provide notice that is sufficient under Rule 16. (*See* ECF 109).

The defendant provided seven general categories concerning which he may seek to elicit expert testimony from Ms. Bush but failed to identify any of her opinions as required by Federal Rule of Criminal Procedure 16(b)(1)(C)(iii). As one example, the defendant has indicated that Ms. Bush may testify about "the significance, weight, and consideration of the various forensic artifacts recovered by law enforcement in this case, including from Google and the recovered devices." The government does not dispute that Ms. Bush could offer expert testimony on this topic. But the defendant has identified only that broad topic. He has provided no information about what Ms. Bush's actual opinions are as to the key aspect of her expert testimony – Ms. Bush's review and expert opinions about the government's digital evidence.

Each of the other six categories are similarly broad, and the defendant fails to identify a single opinion he intends to elicit from Ms. Bush. The Court should order the defendant to file an updated expert notice setting forth the opinions he intends to elicit from Ms. Bush as required by Rule 16(b)(1)(C)(iii).[3] This Court should also order that Ms. Bush review and sign the notice as required by Rule 16(b)(1)(C)(v).

---

[3] To the extent this Court does not preclude expert testimony on some of the topics as requested by the government below, it should order the defendant to articulate the opinions he intends to elicit on these topics as part of the revised expert notice.

4

**II.     Ms. Bush's Testimony About How Google and Other Services Detect and Report Child Sex Abuse Material Is Beyond Her Expertise and, to the Extent Relevant, Cumulative and Likely to Confuse the Issues (Noticed Topic 1).**

The defendant proffers that Ms. Bush will provide testimony about "Google Drive and the detection and reporting of suspected Child Sexual Abuse Material (CSAM) by Google," as well as other online providers. (ECF 114). Testimony about this topic is outside Ms. Bush's expertise and, to the extent relevant, cumulative and likely to confuse the issues.

As a threshold matter, Ms. Bush does not appear to be qualified to testify as an expert about Google's process for detecting and reporting child abuse. Ms. Bush is noticed as an expert in digital forensic examinations. Her licenses and certifications on her CV are focused on using digital forensics examinations, mostly focused on specific digital forensics programs like Cellebrite. She has no academic training or advanced degree in computer science. Her own summary of her "professional experience" on her CV confirms that her expertise is with examining digital devices:

> Computer forensics services, particularly pertaining to legal evidence, including forensic acquisitions of digital artifacts including computers, cell phones, removable storage media, digital cameras, gaming consoles, etc.; data collection and recovery from allocated and unallocated space; data analysis and conclusions regarding who, what, when, where and how data came to be on an artifact; and detailed reporting of conclusions and analysis.

Exhibit 1.

A review of her CV shows no trainings or certifications from Google. *See generally* Exhibit 1. Nor does it appear that Ms. Bush has ever worked or consulted for Google. As Google has stated in an affidavit in this case, its system for identifying and reporting CSAM use a proprietary hashing technology. (*See* Decl. of Google Employee, ECF 94-2). Thus, it is unclear how, even with her experience in digital device extractions, she could testify as to how Google detects and reports CSAM on its own systems and servers. *See, e.g.*, *United States v. Gardner*,

5

2012 WL 6680395, at *5 (D. Utah December 21, 2012) (finding that although defendant's expert had computer forensic expertise, he could not testify as to opinions about the Yahoo companion toolbar because there was "no factual basis for such a conclusion or any reason for the court to believe that he has expertise regarding the Yahoo Companion toolbar").

In any event, testimony from Ms. Bush about how Google and other online providers detect and report child abuse is likely to be cumulative evidence, waste the jury's time, confuse the issues for the jury, and have little probative value as to the charged offenses. *See* Fed. R. Evid. 403. Although law enforcement first learned about the defendant's conduct from CyberTipline reports that Google submitted to the National Center for Missing and Exploited Children, the charged offenses are based on child pornography recovered after the execution of a search warrant for the defendant's Google account, as well as evidence seized from his laptop and cell phone. Ms. Bush's testimony is thus not likely to "help the trier of fact to understand the evidence or to determine a fact in issue." *See* Fed. R. Evid. 702.

Because Ms. Bush is not qualified to testify about Google's procedures and the evidence will not help the trier of fact, testimony on this topic should be precluded.

### III. For Similar Reasons, Ms. Bush Cannot Testify as to the Configuration of Mr. Johnson's Google Drive on Google's Servers (Noticed Topic 4).

For similar reasons, Ms. Bush cannot testify as to Topic 4, "settings, configurations, and contents of Mr. Johnson's Google Drive, including about how it existed on the devices versus how it exists on Google's servers." (ECF 114).

As already discussed, Ms. Bush does not appear to have any factual basis, let alone expertise, to testify about the configuration of Google's servers. Even more, it appears that the defendant intends to have Ms. Bush testify specifically about the configuration of *the defendant's Google Drive account* on Google's servers. Although Ms. Bush may have reviewed data produced

6

by Google in this case, it is not clear what factual basis she has to offer testimony about how the defendant's files exist on Google's servers—information that is likely proprietary to Google. *See*, *e.g.*, *United States v. Duggar*, 76 F.4th 788, 795–96 (8th Cir. 2023) (upholding limitation that Ms. Bush could only testify to "what she knew" in a child pornography trial where defendant attempted to elicit testimony about data Ms. Bush had never reviewed). Without the defendant identifying **(i)** what opinion(s) Ms. Bush will offer about the configuration of the defendant's account on Google's service and **(ii)** how Ms. Bush is qualified to testify on that topic—and what data she reviewed to make such an opinion—testimony as to this topic should be precluded.

**IV.     Ms. Bush's Proposed Testimony About "Methods of Collection of Pornography from Online Sources" Is Far Outside Her Expertise and Not Relevant (Noticed Topic 6).**

Testimony about Topic 6, the "methods of collection of pornography from online sources," is far outside Ms. Bush's expertise as a digital forensics examiner, and no reliable basis for this testimony is apparent. And in any event, the testimony is not relevant to any issue in this case.

As already discussed, Ms. Bush's designation is as an expert in digital forensics examinations. Her training and prior testimony focus almost exclusively on the analysis of digital devices. Although she has undoubtedly come across collections of pornography in her work, nothing in her CV suggests she is an expert in "methods of collection of pornography from online sources." Although the defendant suggests that she is an "expert in online sources for the downloading of material," (*see* ECF 114), it is not apparent how she acquired this expertise.

Nor is it apparent what reliable methods Ms. Bush used to reach her expert testimony about the methods of collection of pornography. *See* Fed. R. Evid. 702. To the extent that this expertise comes from what she has seen from clients who have hired her, that testimony is unreliable and suffers from a selection bias that is likely to mislead the jury.

Judge Leon raised similar concerns with an expert in an obscenity trial. *See United States*

7

*v. Stagliano*, 729 F. Supp. 2d 222, 226 (D.D.C. 2010).  The expert, a clinical psychologist, sought to testify about whether certain films were patently offensive according to the community standards in D.C.  *See id.*  Because the psychologist was applying what he learned from patients in his practice, the court found that his opinion "would have been distorted, and potentially misleading to the jury" because it was providing generalized testimony about community standards based on a psychologist's interactions with individuals who seek out his services.  *Id.*  So too here, Ms. Bush's only apparent basis for testifying as to "methods of collection of pornography from online sources" is her clients, which will conflate a variety of ways one might collect pornography from the internet with the specific ways she has seen other offenders collect pornography in her practice.  As in *Stagliano*, such testimony is unreliable and likely to mislead the jury.

In any event, testimony about the methods of collecting online pornography has little relevance to the charges here.  Ms. Bush will presumably testify as to how individuals in other cases have collected pornography from the internet, which has no relevance in this trial.  Such testimony is also likely to waste time, confuse the issues, and mislead the jury.  The average juror does not need an expert to explain how pornography can be downloaded from the internet.

The only relevance to this testimony is as a way for the defendant to put an "expert stamp" on his defense that he inadvertently downloaded child pornography while bulk downloading pornography.  But such testimony would either be pure speculation from Ms. Bush as to the defendant's state of mind when he downloaded child pornography, which is impermissible under Federal Rule of Evidence 704(b), or it would simply be Ms. Bush presenting hearsay evidence that she learned from the defendant, which is also impermissible.

This type of testimony has been rejected before.  In *United States v. Shaffer*, for example, the defendant proffered an expert to opine that the defendant, based on his file structure, was on a

8

"porn fishing expedition" and was not seeking out child pornography. 472 F.3d 1219, 1225 (10th Cir. 2007). Because this type of evidence meant, "in essence, that [the defendant] did not mean to seek out or disseminate illegal child pornography," the Tenth Circuit found no error in excluding the expert testimony. *Id.* That logic applies here. The defendant is seeking to have Ms. Bush offer speculative or hearsay evidence, with the stamp of an expert witness, about how he came to download child pornography. That type of testimony is neither permissible nor useful to the jury.

## V. Ms. Bush's Proposed Testimony About "Methods and Patterns of CSAM Offenders" Is Again Outside Ms. Bush's Expertise and Not Relevant (Noticed Topic 7).

Testimony on Topic 7 is also well beyond Ms. Bush's area of expertise and appears to push her testimony into pseudo-psychological expert testimony. In any event, the testimony would likely confuse the issues and is not relevant.

Here, again, the defendant proffered a category of expert testimony that appears to be far outside Ms. Bush's area of expertise. The defendant suggests that her "experience in child exploitation investigations," all of which appears to be in digital device examinations, provides her with specialized knowledge on the "behavioral patterns of CSAM offenders." (ECF 114). But Ms. Bush's expertise as a digital forensics examiner does not qualify her to testify about the psychological or behavioral profile for CSAM offenders. *See* Fed. R. Evid. 702. Nothing in Ms. Bush's CV suggests that she has any training or experience in child exploitation investigations other than through analyzing digital devices. She has never worked as a law enforcement officer and lists no experience investigating child pornography offenses, nor does she appear to have engaged in any significant academic study of child pornography offenders. The only parts of her CV that mention child exploitation are trainings directly relating to digital forensics. *See* Exhibit 1 (noting a training in "Digital Forensics Child Exploitation Investigations" and a presentation on "Understanding Digital Evidence in Child Exploitation Matters"). This Court should preclude

testimony on this topic, as it is well outside Ms. Bush's expertise as a digital forensic examiner.

Moreover, testimony about the "methods and patterns of CSAM offenders" is not relevant to any issue in this case and is likely to confuse the issues. *See* Fed. R. Evid. 401, 403. The issue for the jury is whether the defendant knowingly transported and possessed child pornography. Whether the defendant's conduct is consistent with the "methods and patterns" that Ms. Bush plans to testify about has no bearing on whether the evidence proves the defendant committed the charged offenses. *See, e.g.*, *United States v. Powers*, 59 F.3d 1460 (4th Cir. 1995) (excluding expert testimony that defendant did not fit the psychological profile of a pedophile in a case involving charges of aggravated sexual abuse of a minor).

Because Ms. Bush is not qualified to testify about the methods and patterns of CSAM offenders and the evidence is not relevant, testimony on this topic should be precluded.

## CONCLUSION

For the reasons stated above, this Court should grant the motion and **(i)** compel the defendant to file sufficient expert notice for Michele Bush that complies with the requirements of Rule 16 and **(ii)** preclude or limit Ms. Bush's testimony as to Topics 1, 4, 6, and 7.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:   */s/ Ryan Lipes*
Ryan Lipes
Special Assistant United States Attorney
N.Y. Bar No. 5404843
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorney
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-0844 (Lipes)

(202) 252-1719 (Courtney)  
Ryan.Lipes2@usdoj.gov  
Paul.Courtney@usdoj.gov