## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**Case No. 22-cr-0176 (CJN)**

**HEARING DATE:  MARCH 21, 2024**

**STEPHEN JOHNSON**
            **Defendant.**

### STEPHEN JOHNSON'S RESPONSE TO THE GOVERNMENT'S EXPERT NOTICE

On February 16, 2024, the government filed its Notice of Expert Testimony.  Stephen Johnson, through undersigned counsel, submits this Response.  Every area of expert testimony the government has proffered is entirely dependent on (1) its warrantless search of Mr. Johnson's electronic devices; or (2) its warrantless search of the materials from the Google cybertip. Because the government did not have a warrant to search Mr. Johnson's devices or the cybertip materials, the evidence seized and searched by the government is not admissible, and neither is expert testimony about it.

### BACKGROUND

The government's expert notice set forth the anticipated testimony of two potential expert witnesses, James Fottrell, Director of the High Technology Investigative Unit at the Department of Justice's Child Exploitation and Obscenity Section, and Dero Tucker, a Digital Investigative Analyst in the same Unit.[1]  Under the heading "The Witness's Anticipated Testimony," the government stated as follows:

> The United States anticipates that its testifying witness will explain that the High Technology Investigative Unit received forensic image copies of the following digital

---

[1] The government's notice suggests that only one of these two individuals would be testifying.

devices to examine for evidence of child exploitation offenses. The relevant devices include:

| | |
|---|---|
| 1B1 | HP laptop, Spectre x360 Convertible, Model 15-eb0043dx, black and rose gold, Serial # 5CD037BY27 |
| 1B2 | Lenovo laptop, Yoga C740-15IML, Model 81TD, Serial # PF1BH2S1 |
| 1B3 | Sprint SIM Card 89312530002152740153 |
| 1B4 | ASUS Laptop, Model X550V, Serial # H4N0CV04F329156 |
| 1B5 | ACER laptop, ASPIRE M5 SERIES, Z09, Serial # NXM26AA0093380C2507600 |
| 1B7 | SIM card [located in Samsung Galaxy S9], SIM # 895710162002991826 |
| 1B7 | Kingston 64 GB SD Card [located in Samsung Galaxy S9], MicroSD XC 1, Serial # TVHN003404753 |
| 1B8 | SIM card [located inside Apple iPhone A1778], SIM # 89254021154231919298 |
| 1B9 | Silver SanDisk USB, Model SDDDC4, Serial # BP200858017W |
| 1B10 | SanDisk Ultra Plus Micro SD V10 Card, Serial # 7385XVGD522T |
| 1B10 | SanDisk Ultra Plus Micro SD V10 Card, Serial # 7385XVFSD207 |
| 1B10 | SanDisk Micro SD HC 1 Card, Serial # 7044XR9021NR |
| 1B10 | Samsung EVO Micro SD XC1 Card, Serial # DHQJ098PX445 |
| 1B11 | Samsung Galaxy Note 10 Plus, IMEI 356793100242338 |
| 1B12 | PNY green and grey 16GB USB |
| 1B13 | Blue OPPO cellular telephone, Model CPH1909, IMEI 852875041538059, Serial # TG7H75AYAMEMFEDB |
| 1B13 | SIM card [located inside OPPO cell phone], SIM # 89254021124178501235 |
| 1B14 | SIM card [located inside Apple iPhone A1549], SIM # 89014103278200128018 |

In addition to the above-listed devices, the High Technology Investigative Unit received and reviewed the contents of the search warrant return provided by Google for the ████████████████@gmail.com account.

The witness will testify that, to the extent technologically possible, he conducted computer forensic analysis of the items listed above using standard and reliable forensic tools to view their contents. He is expected to testify that his role was to examine the forensic extractions for evidence of federal child exploitation crimes, specifically the transportation, receipt, and/or possession of child sex abuse material.

The witness is expected to testify about common forensic artifacts in child exploitation investigations, including jump lists, LNK files, MRU artifacts, ShellBags, file slack, and other log files and artifacts located on your client's laptop computers.

The witness is expected to testify that your client's Lenovo laptop computer contains artifacts showing that the child sex abuse material uploaded to your client's Google Drive account in September and October 2020 existed on the laptop prior to its being uploaded and that it appears to have been subsequently deleted. Specifically, the witness may testify that the files entitled "1_4947301621999599675.mp4," "black Shayla BACK IT UP 2.mp4," "(Children-sf-model) Pthc - 11Yo Black Girl Showing Off Her Pussy Aka - [!!! New !!!][USA][00.07.14] (2).avi," and "Pthc Goldberg 10Y Kleine Fotze - Unk (07.14).avi" were all originally saved on the laptop's desktop within the following folder structure: "Courses\pyt trade\trade \2020 black pyt\" The witness could add that there are forensic artifacts showing these video files were accessed and viewed as early as April 27, 2020. The witness may also add that there are forensic artifacts showing that the video filed entitled "[pthc] Goldberg - The Visitors (HiRes, 20m36s) ~ 2014 opva 9y 10y 11y 12y black preteen pedo lolitabay pussy.avi" was accessed and viewed.

The witness is also expected to testify to Google Drive log files and other artifacts that show that child sex abuse material uploaded to your client's Google Drive account in September and October 2020 had been saved on the Lenovo laptop within a folder entitled "Google Drive." The witness may testify to the presence of Google Drive and other cloud storage services on your client's other laptop computers.

The witness may also testify to user attribution data on your client's devices demonstrating that your client was the user of the devices, particularly at times relevant to the files and conduct at issue.

In addition, the witness may further testify about virtual private networks (VPN) and other mechanisms for creating a secure connection between computers on the internet and how they can be used to increase privacy and security. There are free and commercial versions of VPN software, including Private Internet Access.

Finally, based on experience with child-exploitation investigations, the witness is familiar with certain series of child sex abuse material and may testify that certain video files that Google produced as part of the search warrant return belong to such series.

The government's notice added that the government would disclose "certain spreadsheets produced by Mr. Fottrell to aid his review and analysis," though such spreadsheets have yet to be produced. The government noted that neither potential expert had produced any written reports.

## DISCUSSION

### I. The government's experts' opinions are not admissible because the evidence they are based on must be suppressed.

Based on the government's statement of anticipated testimony, the evidence underlying every area of potential expert testimony is derived from either (1) the government's warrantless search of Mr. Johnson's electronic devices; or (2) the warrantless search of the Google cybertip materials.

As set forth in Mr. Johnson's motion to suppress evidence seized from electronic devices, the government has no plausible argument that the warrantless search of those devices complied with the Fourth Amendment. There was no warrant for the search, as required under *Riley v. California*, 573 U.S. 373 (2014), and scores of other cases applying the Fourth Amendment to digital evidence. *See, e.g., Carpenter v. United States*, 138 S. Ct. 2206, 2214 (2018) ("police officers must generally obtain a warrant before searching the contents of a phone"); *United States v. Thorne*, 548 F. Supp. 3d 70 ("in seizing goods and articles, law enforcement agents must secure and use search warrants whenever reasonably practicable"). Nor has the government even attempted to argue that any exception to the warrant requirement applies here. The issue is not a close one: the evidence from Mr. Johnson's devices must be suppressed, and any expert testimony derived from those devices is inadmissible.

There are two areas of expert testimony the government proffers that do not appear to

rely entirely on a search of Mr. Johnson's devices:  (1) testimony about Virtual Private Networks (VPN); and (2) testimony about certain series of child pornography and how certain images of CSAM fit into various illegal "series" the expert is allegedly familiar with.  While this testimony does not appear to be exclusively based on evidence extracted from Mr. Johnson's devices, it is based on evidence from the government's warrantless review of the Google cybertip material, which in turn formed the basis for the Google warrant.  For reasons Mr. Johnson has explained elsewhere, that material, too, was searched without a warrant and in violation of the Fourth Amendment.  *See, e.g., United States v. Wilson*, 13 F. 4th 961, 972 (9th Cir. 2021) (reversing child pornography conviction where government exceeded scope of private search by Google).  Thus, like the evidence from the devices, this material must be suppressed, and expert testimony from it is inadmissible.

In addition, the government's anticipated expert testimony regarding how some images allegedly seized in this case fit into certain "series" of known CSAM material is not admissible.  Such testimony is irrelevant, as it makes no fact at issue more likely.  It is also hearsay, even when coming from an expert witness, as it is not information that underlies an opinion, but rather just the opinion itself.  *See, e.g., United States v. Lloyd*, 807 F.3d 1128, 1157 (9th Cir. 2015) (expert witness cannot be used to smuggle in hearsay).  And even if the testimony was of some low degree of relevance, and not hearsay (which it is), it is far more prejudicial than probative, for obvious reasons involving the tremendous sympathy the jury will have for the victims in the images.  *See* Fed. R. Evid. 403.  Finally, these experts are not qualified in this area and appear to have no personal knowledge of this subject.  Their testimony on it would therefore also violate Federal Rule of Evidence 602.

## **CONCLUSION**

For all the reasons discussed above, and for any other reasons this Court may deem just and proper, the government's anticipated expert testimony is inadmissible and must be excluded.

DATED: March 11, 2024                       Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserlaw.com
tmiles@kaiserlaw.com

*Counsel for Defendant Stephen Johnson*