UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**STEPHEN JOHNSON**<br>      **Defendant.** | Case No. 22-cr-0176 (CJN) |

**REPLY TO GOVERNMENT'S CONSOLIDATED MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTIONS TO DISMISS
CERTAIN COUNTS OF THE SECOND SUPERSEDING INDICTMENT**

On March 15, 2024, the government filed a consolidated Memorandum in Opposition to Defendant's Motions to Dismiss Certain Counts of the Second Superseding Indictment ("Government's Opposition," "Opposition" or "Gov't Opp.").[1] *See* ECF No. 123. Stephen Johnson, through undersigned counsel, submits this reply to the Government's Opposition ("Reply"). For reasons discussed in Mr. Johnson's initial motions to dismiss certain counts of the indictment (collectively "Mr. Johnson's Motions") and in this Reply, Counts Five, Eight, and Sixteen of the second superseding indictment must be dismissed.

**ARGUMENT**

   **I.   Because Counts Five and Eight Charge the Same Offense, they are Multiplicitous.**

The government argues that Counts Five and Eight charge distinct offenses and, therefore, are not multiplicitous. The government's position is incorrect. The government's basis for its position that Counts Five and Eight are distinct offenses relies entirely on the file names and the

---

[1] The two motions opposed by the government regarding the indictment are Mr. Johnson's (1) Motion to Dismiss Counts Five and Eight of Second Superseding Indictment (ECF. No. 115); and (2) Motion to Dismiss Count Sixteen of Superseding Indictment (ECF. No. 116).

MD5 hash values. In all other respects, the government concedes that the visual depictions charged in Counts Five and Eight are identical ("the video files charged in Counts Five and Eight are the same length and appear visually identical"). Gov't Opp. at 5. And the government does not dispute that Counts Five and Eight charge a violation of the same statute (18 U.S.C. § 2252(a)(1) — Transportation of Child Pornography); charge that the alleged violation of this statute occurred on the same day (September 21, 2020); charge that the violation happened at the same place ("within the District of Columbia"); and charge that the alleged transportation of the visual depictions was uploaded to the same location ("the Goöge Drive account associated with Google username stephenjohnson1197@gmail.com"). *See* Second Superseding Indictment at ECF No. 110.

18 U.S.C. § 2252(a)(1), the transportation of child pornography offense with which Mr. Johnson is charged in Counts Five and Eight, prohibits visual depictions "involv[ing] the use of a minor engaging in sexually explicit conduct." *See* 18 U.S.C. § 2252(a)(1). Considering that this statute criminalizes the content of certain visual depictions, the fact that the files in Counts Five and Eight have different names is insignificant. A file name can easily be changed by a user at any time during the file's history. Merely changing a file name does not alter or change the contents of the file. The nature of the visual depiction, all individuals depicted in the visual depiction, and all acts shown in the visual depiction all remain the same. Therefore, the different file names associated with the visual depictions in Counts Five and Eight do not make the files distinct.

The existence of different MD5 hash values, without more, is also meaningless. Different hash values can be assigned files for various reasons. In some instances, different hash values are assigned to files with different content. But, in other instances, different hash values may be assigned to files for reasons having nothing to do with the content of the files. For example,

different hash values could be assigned to copies of an identical file if one file was compressed differently than the other file during any downloading or uploading process.[2] Thus, if the only difference between two files is the file name and compression rate, and what is depicted in the files is identical, the visual depictions contained in the two files are the same. Accordingly, charging these two identical files in separate counts of an indictment is multiplicitous.

The government's alternative argument that Counts Five and Eight charge separate acts of transportation also fails. The cases cited by the government to support its argument are easily distinguishable from the instant case. The government first relies on *United States v. Gallardo*, 915 F.2d 149 (5th Cir. 1990). In *Gallardo*, the defendant mailed four separate envelopes containing a total of thirteen photographs of child pornography. *Id*. at 150. Three of the four envelopes were mailed on the same day and "were addressed to three different individuals at three different locations." *Id*. The Fourth envelope, which contained a single photograph, was mailed on a different date. *Id*. Under these circumstances, the court in *Gallardo* determined that the mailing of four separate envelopes constituted four separate offenses. *Id*. at 151. Unlike in *Gallardo*, Counts Five and Eight charge Mr. Johnson with separate offenses not only for transporting child pornography on the same day but also with transporting child pornography to the same entity and to the same location. Whereas Gallardo transported child pornography to three different individuals on a single day, Counts Five and Eight of Mr. Johnson's indictment both allege that Mr. Johnson transported child pornography only to his own Google Drive. And whereas Gallardo transported child pornography on a single day to three different locations, Counts Five and Eight each accuse Mr. Johnson of transporting child pornography to a single Google Drive

---

[2] Notably, according to the government, the files charged in Counts Five and Eight were both uploaded to Google servers and stored in Mr. Johnson's Google Drive account.

3

account.  The government next relies on *United States v. Matthews*, 11 F. Supp. 2d 656 (D. Maryland 1998).  *In Matthews*, the court found that two separate offenses occurred where the two counts at issue involved the transportation of different images of child pornography through two separate emails on the same day.  *Id*. at 659.  As with *Gallardo*, a key fact that distinguishes *Matthews* from Mr. Johnson's case is that the visual depictions that were charged in separate counts were different and distinct images of child pornography.

**II.     The Government's Arguments that Count Sixteen is not Duplicitous and it Provides Sufficient Notice are Meritless.**

The government claims that Count Sixteen of the second superseding indictment is not duplicitous.  The case principally relied on by the government, *United States v. Polouizzi*, 564 F.3d 142 (2d Cir. 2009), does not support its position.  In *Polouizzi*, the court decided that the possession of multiple files constituted a single offense of possession of child pornography.  Significantly, all the files making up the single offense in *Polouizzi* were possessed at the same time on the same day.  *See id*. at 147-48.  The *Polouzzi* court's conclusion that possession of the multiple files was a single offense was based on a determination that "Congress intended to subject a person who *simultaneously possesses* multiple books, magazines, periodicals, films, video tapes, or other matter containing a visual depiction of child pornography to only one conviction under 18 U.S.C. § 2252(a)(4)(B).  *Id*. at 155 (emphasis added).[3]  Because the multiple files charged in Count

---

[3] Other cases cited in the Government's Opposition also involve simultaneously possessed material.  *See United States v. Naidoo*, 995 F.3d 367, 381 (5th Cir. 2021) ("the simultaneous possession of multiple images of or matters containing child pornography constitutes a single violation of [18 U.S.C. 2252(a)(4)(B)]"); *United States v. Emly*, 747 F.3d 974 (8th Cir. 2014) (child pornography recovered by law enforcement from different devices that were located in the same residence on the same day constituted a single offense); and *United States v. Chiaradio*, 684 F.3d 265 (1st Cir. 2012) ("one who *simultaneously possesses* a multitude of forbidden images *at a single time* and in a single place will have committed only a single offense" under 18 U.S.C. § 2252(a)(4)(B)) (emphasis added).

4

Sixteen in the instant case were allegedly possessed at some time between September 21, 2020, and October 1, 2020, they were not all "simultaneously possessed." Accordingly, the holding in *Polouizzi* is not applicable here.

Because Count Sixteen is duplicitous, it does not provide sufficient notice about the charges Mr. Johnson is facing and it does not adequately protect him from double jeopardy in the event of a future prosecution. Mr. Johnson's position concerning notice is supported by *United States v. Hillie*, 227 F.Supp.3d 57 (D.D.C. 2017). In *Hillie*, the court held that certain counts in the indictment violated the Sixth Amendment because those counts did not provide adequate notice concerning the conduct being charged. *See id*. at 71-74. Specifically, the lack of detail about what, how, and when concerning certain counts made those counts in the *Hillie* indictment defective. *Id.* Count Sixteen in Mr. Johnson's indictment presents the same problems. It is unclear if Mr. Johnson is being charged for allegedly possessing child pornography that was being stored in his residence, stored in his Google Drive account, or both. It is also unclear whether Count Sixteen charges that the offense allegedly took place on September 21, 2020, October 1, 2020, on both of these dates, or during the entire time between those dates. And, despite the government's claims about having made available in discovery the items stored on Mr. Johnson's Google Drive account and information about which items constitute child pornography, the government's constantly changing positions about what it classifies as child pornography in this case has only compounded the uncertainty and confusion. For these reasons, as in *Hillie*, Count Sixteen fails to provide sufficient notice concerning the alleged unlawful conduct being charged in that count.

Regarding double jeopardy, the government states that the indictment bars "a second trial on any offense involving [Mr. Johnson's] knowing possession of child pornography on his Google Drive account between September 21, 2020, and October 1, 2020." Gov't Opp. at 14. The

5

government further states that "the grand jury received evidence about the details of over 20 discrete child pornography files that the defendant transported to his Google Drive account on September 21, 2020, and October 1, 2020, and thus possessed within that account." *Id*. at 14-15. The government's effort to explain precisely what Mr. Johnson is being charged with in Count Sixteen leaves many questions unanswered. One unanswered question is whether the grand jury charged Mr. Johnson for possessing any child pornography that was not in his Google Drive account but was allegedly stored on devices recovered from his residence. Another unanswered question concerns which of the alleged 220 files in the Google Drive account that were initially determined to contain child pornography did the grand jury indict in Count Sixteen.[4] The government has not convincingly showed that the answers to these and other questions are known. Accordingly, Count Sixteen fails to protect Mr. Johnson's constitutional right against double jeopardy and his right to indictment by a grand jury.

## **CONCLUSION**

For all the reasons discussed in Mr. Johnson's Motions and in this Reply, and for any other reasons this Court may deem just and proper, Mr. Johnson's Motion to Dismiss Count Sixteen must be granted.

---

[4] Defense counsel believes that this number grossly overstates the amount of files that truly contain visual depictions that can be classified as child pornography.

DATED: March 25, 2024                    Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserdillon.com
tmiles@kaiserdillon.com

*Counsel for Defendant Stephen Johnson*