UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 22-cr-0176 (CJN) |
| STEPHEN JOHNSON<br>        Defendant. | |

**DEFENDANT STEPHEN JOHNSON'S RESPONSE TO GOVERNMENT'S PRE-HEARING MEMORANDUM ON THE INDEPENDENT SOURCE DOCTRINE**

Stephen Johnson, through undersigned counsel, respectfully submits this Response to the government's Pre-Hearing Memorandum on the Independent Source Doctrine, ECF No. 140, in advance of the evidentiary hearing currently scheduled for April 1, 2024.

I.      The Independent Source Doctrine Does Not Apply Here.

The independent source doctrine does not operate in the manner described by the government. Unsubstantiated self-serving claims by a police officer that he would have applied for a warrant regardless of what he learned through an unlawful search will not suffice. It must be shown that there is a "genuinely independent" source in order for the independent source doctrine to apply. *Murray v. United States*, 487 U.S. 533, 542 (1988) ("[t]he ultimate question" when determining if there is an independent source "is whether the search pursuant to warrant was in fact a genuinely independent source of the information and tangible evidence at issue here"). Critically**,** the Supreme Court noted in *Murray* that it is a "much more onerous burden" for the government to prove that information gained from illegal activity did not impact an officers' decision to seek a warrant than the burden to show that probable cause existed for issuing the later warrant. *Id*. at 547. And when the facts make

any claim that a warrant would have been sought without the illegal conduct "implausible, the independent source doctrine will not apply." *Id.* at 540 n. 2.

Notably, the government does not address the burden it carries under the independent source doctrine, nor does it cite any binding authority. Under D.C. Circuit and Supreme Court precedent, the government must prove by a preponderance of the evidence that the evidence in question is derived from independent, lawful sources. *United States v. Slough*, 641 F.3d 544, 550 (D.C. Cir. 2011); *see also Nix v. Williams*, 467 U.S. 431, 444 & n. 5 (1984) (holding evidence admissible under the related inevitable discovery rule only if "the prosecution can establish by a preponderance of the evidence that the information ultimately or inevitably would have been discovered by lawful means"). Combining the related "independent source" and "inevitable discovery" exceptions to the exclusionary rule, the D.C. Circuit in *Holmes* held that unlawfully obtained evidence "must be suppressed unless the government proves, by a preponderance of evidence, that the evidence would have been discovered inevitably, was discovered through independent means, or that its discovery was so attenuated from the illegal search or seizure that the taint of the unlawful government conduct was dissipated." *United States v. Holmes*, 505 F.3d 1288, 1293 (D.C. Cir. 2007) (citing *Alderman v. United States,* 394 U.S. 165, 183 (1969)) (emphasis added). A court assessing whether the government has met this burden cannot rely on "speculative elements" but instead should "focus[] on demonstrated historical facts capable of ready verification or impeachment[.]" *Id.* at 1293 (citing *Nix,* 367 U.S. at 444 n. 5). The government meets this burden by presenting evidence that the police "initiated the process of securing a search warrant before" the unlawful search and were "actively pursuing independent lawful means of searching … before the illegal search occurred." *United States v. Redrick*, 48 F. Supp. 3d 91, 107 (D.D.C. 2014). The government will present no such evidence here.

The government argues that Detective Sullivan had a good-faith belief supporting his search of the CyberTip material, then sought a warrant once he came to know the uncertainty in the law.  *See* ECF No. 140 at 11.  While that argument fails for other reasons to be adduced at the evidentiary hearing, the government does not even appear to argue—because it cannot—is that Detective Sullivan did not use his knowledge of the contents of the CyberTips in recommending that the government seek a warrant to Google.  Detective Sullivan reviewed the images from NCMEC for a reason:  to see whether further investigation, including a warrant to Google, was called for.  He found that it was, and that information prompted the search warrant to Google.  Given those indisputable facts, the Court should find that the independent source doctrine does not apply here.

DATED: March 31, 2024                              Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserdillon.com
tmiles@kaiserdillon.com

*Counsel for Defendant Stephen Johnson*