UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN JOHNSON,<br><br>Defendant. | Case No. 22-CR-176 (CJN) |

GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE
EXPERT TESTIMONY FROM MICHELE BUSH AND DR. SARA BOYD

The United States of America, by and through undersigned counsel, respectfully moves to preclude certain expert testimony from Michele Bush and to preclude any expert testimony from Dr. Sara Boyd. For reasons that follow, this Court should grant the government's motion.

RELEVANT BACKGROUND

In July 2023, the defense informally notified the government that it had retained Michele Bush as its digital forensics expert in this case. Between August 21 and 23, 2023, Ms. Bush forensically examined the digital evidence in this case at the FBI's Washington Field Office.

The parties noticed expert witnesses consistent with this Court's Pretrial Scheduling Order. (ECF No. 109). On February 16, 2024, the government noticed James M. Fottrell and Dero Tucker as experts in the in the forensic analysis of computers and other electronic storage devices, particularly as they relate to child-exploitation investigations.[1] (ECF No. 112). On March 1, 2024, the defense noticed Michele Bush. (ECF No. 114).

On March 4, 2024, the defense requested that Ms. Bush be permitted to forensically examine the digital evidence again between March 20 and 22, 2024, and the government agreed

---

[1] The government has since clarified that Mr. Tucker will be its testifying expert at trial.

to accommodate her then.

On March 11, 2024, the government filed a motion in limine to compel the defendant to file sufficient expert notice for, and to preclude certain expert testimony from, Michele Bush. (ECF No. 120). The government objected to the defense's failure to file expert notice that complied with the requirements of Rule 16 but noted that it believed the issue could be remedied by the filing of an amended expert notice before trial. The government also moved to preclude testimony on certain proffered categories of testimony that appear to be beyond Ms. Bush's expertise and that would otherwise constitute inappropriate and impermissible expert testimony.

Later the same day, the defense filed a "response" to the government's expert notice. (ECF No. 121). The defense did not challenge the government's expert notice or the qualifications of its experts to offer the listed opinions. Rather, the defense argued that the government's experts should not be permitted to testify at trial because all the digital evidence must be suppressed.

Recognizing that Ms. Bush was going to be examining the digital evidence again between March 20 and 22, 2024, and might require additional time to formulate her opinions, the government reached an agreement with the defense that it could provide an amended expert notice by April 1, 2024. This Court accordingly held in abeyance the government's motion in limine.

Between March 20 and 22, 2024, Ms. Bush again forensically examined the digital evidence in this case at the FBI's Washington Field Office.

On April 1, 2024, the defense indicated it needed an additional day to finalize its amended expert notice for Ms. Bush, to which the government had no objection.

On April 2, 2024, the defense noticed a second expert witness, Dr. Sara Boyd. (ECF No. 145). The government received no advance notice that the defense was working toward retaining an additional expert witness. The notice for Dr. Boyd is facially inadequate and fails to comply

with Rule 16. In the notice, the defense provides no information about what opinions Dr. Boyd will offer, other than that search terms such as "young," "teen," and "PYT" are "not necessarily used by those seeking CSAM." (ECF No. 145-1 at 2). It is not clear how this opinion—which appears to be a self-evident argument—relates to Dr. Boyd's expertise in clinical psychology.

On April 3, 2024, the defense provided amended expert notice for Ms. Bush. (ECF No. 146). Like the prior notice, the amended notice provides little to no information about Ms. Bush's opinions or the bases for them. Other than indicating that Ms. Bush may opine that the government did not follow "best forensic practices" in handling the defendant's Lenovo laptop, (ECF No. 146-1 at 2), the defense has provided no information about what opinions Ms. Bush will offer following her six days of forensically examining the digital evidence in this case.[2]

Also on April 3, 2024, the defense provided amended expert notice for Dr. Boyd. (ECF No. 147). The amended expert notice clarifies that Dr. Boyd is not a psychiatrist and is now signed by Dr. Boyd. At the government's request, the defense also culled the list of cases in which Dr.

---

[2] In an attempt to comply with the court's meet-and-confer requirement, the government raised this issue with the defense and asked if the defense intended to provide a report from Ms. Bush or an amended notice setting forth her opinions. The defense responded:

> [O]ne issue with your request is that the government's expert notice really doesn't do what you are asking us to do, so it would put us at a disadvantage. Do you all plan on saying more? I actually think our notice at this point at least mirrors the government's notice in terms of the opinions provided, and perhaps says more about her testimony. We are willing to entertain providing more to you all, but it would have to be reciprocal.

The defense had not previously taken issue with the government's expert notice, which the government supported by timely producing expert work product and trial exhibits. But even if the government's notice did not set forth its expert's opinions—which it did—the defense's remedy was to file a motion with this Court, not to resort to self-help. The defense waived any challenge to the government's expert notice when it submitted a filing in which it did not address the substance of the notice but instead rehashed other issues that had already been fully briefed.

3

Boyd has testified to reflect only those in which she has testified at trial or by deposition. *See* Fed. R. Crim. P. 16(b)(1)(C)(iii). The notice is otherwise unchanged and remains inadequate.

On April 4, 2024, at the government's request, the defense produced four exhibits it intends to offer through Ms. Bush.

Also on April 4, 2024, the undersigned prosecutors spoke with Ms. Bush by telephone. During the call, which lasted approximately ten minutes, the government sought clarification on Ms. Bush's opinions surrounding Noticed Topic 3—the allegation that the government did not follow best practices in handling the Lenovo laptop. Ms. Bush explained that because the agent turned the computer on to complete the extraction, log files related to the Google Drive application on the defendant's computer were altered and are unreliable. The government asked if the alleged alteration of data extended to the artifacts on which the government will be relying at trial (e.g., Shellbags and Jump Lists). Ms. Bush stated that she was not prepared to offer an opinion on that.

During the call, Ms. Bush also informed the government that she wished to continue her review of the digital evidence this upcoming Monday, April 8, 2024. Although jury selection is scheduled to begin on that date, the government is willing to accommodate her request. The government hopes to receive prompt notice if Ms. Bush forms any additional opinions.

The government now moves to preclude certain expert testimony from Ms. Bush and any expert testimony from Dr. Boyd.

## **ARGUMENT**

### I. THE COURT SHOULD PRECLUDE MICHELE BUSH FROM OFFERING CERTAIN EXPERT TESTIMONY AT TRIAL

The amended expert notice for Ms. Bush that the defense provided on April 3, 2024, does not remedy the deficiencies in the March 1, 2024, expert notice. Testimony from Ms. Bush on

Noticed Topics 1, 2, 5, 7 and 8[3] remains inappropriate for the reasons the government articulated in its March 11, 2024, motion in limine, (ECF No. 120), which it renews and incorporates by reference herein. The government does not move to preclude her testimony on Noticed Topic 3.

The government has never disputed that Ms. Bush would be qualified to offer opinions based on her forensic examination of the digital evidence in this case—which has now taken place over six days and is scheduled to extend into a seventh—provided that it receives fair notice of her opinions before trial. Indeed, in early March, the government agreed that the defense should be permitted until April 1, 2024, to submit an amended expert notice that would reflect opinions that Ms. Bush might form following her further examination of the devices in late March. In the amended expert notice that the defense ultimately provided, the defense adds little additional substance to its first notice. The only opinion is in Noticed Topic 3, in which the defense now states that Ms. Bush will opine that the government's handling of the defendant's Lenovo laptop did not follow best practices. Because this opinion is vague and the defense declined to provide clarification, the undersigned spoke with Ms. Bush directly. Ms. Bush clarified her opinion such that the government is not moving to preclude her from testifying on Noticed Topic 3.

While the government does not oppose Ms. Bush continuing her review for an additional day during jury selection on Monday, the government asks to receive prompt notice of any new opinions that Ms. Bush may form before the presentation of evidence.

## II. THE COURT SHOULD PRECLUDE DR. SARA BOYD FROM OFFERING ANY EXPERT TESTIMONY AT TRIAL

The defense noticed Dr. Sara Boyd as an expert in "clinical psychology, particularly

---

[3] These numbers pertain to the Amended Notice. The government's March 11, 2024, motion in limine challenged Noticed Topics 1, 4, 6, and 7, of the March 1, 2024, expert notice for Ms. Bush. In the April 3, 2024, amended notice, the defense split prior Noticed Topic 1 into two topics, which resulted in Noticed Topics 4, 6, and 7 being renumbered 5, 7, and 8.

5

psychosexual behavior, forensic psychology and abnormal psychology." (ECF No. 147-1 at 2). Five of the six Noticed Topics—1, 2, 3, 4, and 6—pertain to testimony about the profile and online behaviors of CSAM offenders generally. This testimony is unreliable and inappropriate for the reasons the government discussed in its March 11, 2024, motion in limine. (*See* ECF No. 120 at 7–8). While Dr. Boyd is a clinical psychologist, the defense does not assert that she has developed any sort of scientifically validated profile of CSAM offenders. Rather, it appears that Dr. Boyd's expertise comes from clients she has served, so the proffered testimony is anecdotal, unreliable, and suffers from a selection bias that is likely to mislead the jury.

As the government previously noted, Judge Leon raised similar concerns with an expert in an obscenity trial. *See United States v. Stagliano*, 729 F. Supp. 2d 222, 226 (D.D.C. 2010). The expert in that case, also a clinical psychologist, sought to testify about whether certain films were patently offensive according to the community standards in D.C. *See id.* Because the psychologist was applying what he learned from patients in his practice, the court found that his opinion "would have been distorted, and potentially misleading to the jury" because it was providing generalized testimony about community standards based on a psychologist's interactions with individuals who seek out his services. *Id.* So too here, Dr. Boyd's only apparent basis for testifying as to "methods of collection of pornography from online sources" is her clients, which will conflate a variety of ways one might collect pornography from the internet with the specific ways she has seen other offenders collect pornography in her practice. As in *Stagliano*, such testimony is unreliable and likely to mislead the jury.

In any event, testimony about the profiles of other CSAM offenders and methods of collecting online pornography has little relevance to this defendant or the charges he is facing here. The question for the jury to decide is whether this defendant knowingly transported and possessed

6

child pornography. Anecdotal evidence about what other offenders have done in other cases has no probative value in this defendant's case—where the only issues for the jury to decide are if this defendant knowingly transported and possessed child pornography—and such testimony is likely to waste time, confuse the issues, and mislead the jury.

Just as when the defense sought to offer this testimony through Ms. Bush, it appears to be nothing more than an attempt by the defendant to put an "expert stamp" on his defense that he inadvertently downloaded child pornography while bulk downloading pornography. But such testimony would either be pure speculation from Dr. Boyd as to the defendant's state of mind when he downloaded child pornography, which is impermissible under Federal Rule of Evidence 704(b), or it would simply be Dr. Boyd presenting hearsay evidence that she learned from the defendant, which is also impermissible.

The only topic that appears to be within Dr. Boyd's expertise is Noticed Topic 5:

> Diagnostic requirements and common behaviors for pedophilia, hebephilia and other paraphilias, abnormal psychosexual interests and behaviors, as well as their distinctions from normal sexual interests, based on the Diagnostic and Statistical Manual, fifth edition, text revision (DSM 5 TR) and the published research literature regarding assessment of paraphilias in the context of sex offense risk assessment.

Setting aside the fact that the defense nowhere indicates what Dr. Boyd's opinion(s) on this topic will be, the defense has since informed the government that Dr. Boyd has not examined the defendant. Even if she had, expert testimony on this topic—such as an opinion that the defendant is not a pedophile—would be entirely inappropriate at trial in this child pornography case.[4] *See,*

---

[4] The D.C. Circuit's decision in *United States v. Hite*, 769 F.3d 1154 (D.C. 2014), is readily distinguishable from this case. In that case, the D.C. Circuit held that Hite was entitled to offer expert testimony from a psychiatrist that he was not sexually attracted to children, but (i) the psychiatrist had evaluated Hite and (ii) the case involved a charge of attempting to persuade a minor to engage in unlawful sexual activity, not transportation or possession of child pornography. The defendant in *Hite* engaged in online chats with an undercover police officer about sexually

7

*e,g.*, *United States v. Naidoo*, 995 F.3d 367, 375–76 (5th Cir. 2021) (affirming district court's exclusion under Rule 403 of expert testimony that the defendant was not a pedophile because it "presented a special risk of jury confusion" that substantially outweighed its limited probative value in child pornography case); *United States v. Pires*, 642 F.3d 1, 11–13 (1st Cir. 2011) (affirming district court's exclusion under Rule 403 of psychologist's expert testimony that defendant was not a pedophile because it was of "diminished relevance" in a child pornography case and "was likely to confuse the jury and divert its attention from the central question in the case"); *United States v. Wallenfang*, 568 F.3d 649, 660–61 (8th Cir. 2009) (similar); *cf. United States v. Heinrich*, 57 F.4th 154, 166–67 (3d Cir. 2023) (affirming district court's exclusion under Rule 403 of psychologist's expert testimony that defendant photographed nude girls "to create art" because "purpose is irrelevant to the [child pornography] statute"); *United States v. Fitzgerald*, 80 F. App'x 857, 862–63 (4th Cir. 2003) (per curiam) (affirming district court's exclusion under Rule 702 of government expert on "methodology and behaviors of child molesters" as unreliable and unhelpful to the jury in a sex abuse case). The proffered expert testimony here is even further afield because it apparently focuses on anecdotal evidence about the behaviors of other offenders.

Because the defense noticed Dr. Boyd less than one week before trial and has not identified any of her opinions, and because any opinion she could plausibly offer would be of diminished (if any) relevance and likely to confuse the jury given the issues in this child pornography case, this Court should preclude any expert testimony from Dr. Boyd at trial.

---

abusing fictious children in the undercover's care. *See id.* at 1158–59. Because "both parties viewed the issue of whether Hite possessed a sexual interest in children as crucial" and "the central focus of Hite's defense was that he was a fantasist with no real sexual interest in children," the Circuit held that he should have been permitted to offer expert testimony from a psychiatrist that he was not interested in children. *See id.* at 1169–70. Here, Dr. Boyd has not examined the defendant, and none of the proffered topics of testimony are probative in a child pornography case.

8

**CONCLUSION**

For the foregoing reasons, this Court should grant the government's motion and preclude certain expert testimony from Michele Bush and any expert testimony from Dr. Sara Boyd. Moreover, to the extent the issues that the government has raised in this motion remain unresolved before the presentation of evidence, this Court should limit the defense from referencing the challenged expert testimony of Ms. Bush and Dr. Boyd in its opening statement.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Dated: April 4, 2024        By:    /s/ Paul V. Courtney
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorney
Ryan Lipes
N.Y. Bar No. 5404843
Special Assistant United States Attorney
United States Attorney's Office for the
District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1719 (Courtney)
(202) 252-0844 (Lipes)
Paul.Courtney@usdoj.gov
Ryan.Lipes2@usdoj.gov