UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**v.**<br><br>**STEPHEN JOHNSON**<br>**Defendant.** | **Case No. 22-cr-0176 (CJN)** |

**STEPHEN JOHNSON'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY FROM MICHELE BUSH AND DR. SARA BOYD**

Stephen Johnson, through undersigned counsel, respectfully submits this Response to the government's Motion in Limine to Preclude Expert Testimony From Michele Bush and Dr. Sara Boyd ("Motion"). ECF No. 148. For the reasons that follow, the Court should deny the government's Motion in full.

## RELEVANT BACKGROUND

Since at least July of 2023, the government has been aware of Mr. Johnson's intent to call Michele Bush as a digital forensic expert witness at Mr. Johnson's trial. In August of 2023, representatives from the government met with Ms. Bush when she travelled from Arizona to examine the digital forensic evidence in this case. On March 1, 2024, based largely on Ms. Bush's examination of evidence in August of 2023 that is in the government's custody and control, Mr. Johnson provided the government and this Court with formal notice of his intent to call Ms. Bush to testify at trial. *See* ECF No. 114. On March 11, 2024, the government raised various objections to several aspects of Ms. Bush's proposed testimony through a motion in limine. *See* ECF No. 120. That same day, Mr. Johnson filed a response to the government's expert notice, raising objections to various areas of proposed testimony from the government's expert witness. *See* ECF No. 121.

Because of significant changes in Mr. Johnson's case since August of 2023 concerning the government's charging decisions and contradictory representations made by the government regarding evidence in its custody, it was imperative for Ms. Bush to return to the District of Columbia to examine evidence in the government's custody again.[1] Therefore, in late March of this year, Ms. Bush travelled to the District of Columbia to focus her examination on evidence charged in the new indictment and to examine additional evidence because she previously understood from the government that the evidence was not relevant to Mr. Johnson's case. Given the circumstances, defense counsel and the government agreed that, rather than burdening the court with further pre-trial disputes, Mr. Johnson, through his counsel, would address the government's objections through a second notice of expert testimony. He did so on April 2, 2024. *See* ECF No. 145. Through this second notice, Mr. Johnson addressed some of the government's objections regarding Ms. Bush's testimony by noticing a clinical psychologist who specializes in sex offenses, Dr. Sara Boyd, to testify about matters the government claims are outside of Ms. Bush' expertise. *Id.* The next day, Mr. Johnson filed amended notices regarding Ms. Bush and Dr. Boyd. *See* ECF No. 146, 147. In these notices, in full compliance with Fed. R. Crim. P. 16(b)(1)(C), Mr. Johnson's counsel laid out in great detail the topics of proposed testimony, the experts' qualifications, and their former expert testimony.

---

[1] Since Ms. Bush's visit in August, the government has gone to the grand jury twice and obtained two superseding indictments. *See* ECF No. 101, ECF No. 110. The currently operative indictment was filed on February 8, 2024. *See* ECF No. 110. In addition to the new indictments, the government's representations to defense counsel concerning critical pieces of evidence have flip-flopped since Ms. Bush's visit last summer. For example, the defense was initially informed that Mr. Johnson's mobile phones contained no evidence relevant to this case. But now the government alleges that child pornography was recovered from Mr. Johnson's mobile phone. Another example is that, prior to Ms. Bush's examination in August of 2023, the government reported that certain devices recovered from Mr. Johnson's residence still contained child pornography. Since Ms. Bush's August examination, the government informed defense counsel that those devices do not contain child pornography.

On April 4, 2024, without notifying defense counsel, the government reached out to Ms. Bush to discuss certain topics in her testimony. She spoke to them. Then, that same day, the government filed its Motion, moving to preclude most topics proposed by Ms. Bush and to preclude Dr. Boyd's testimony altogether. *See* ECF No. 148. On April 5, 2024, to satisfy the government's increasing demands, Mr. Johnson submitted a 65-page expert report from Ms. Bush, setting forth in detail her testimony and, where applicable, her opinions. When combined with Mr. Johnson's previous proffers, the defense has now gone far beyond both the notice requirements of Rule 16 and what the government has provided for its own purported expert, Dero Tucker.

As mentioned in the government's Motion, Ms. Bush has requested another opportunity to review evidence in the government's custody tomorrow, April 8, 2024. *See* ECF No. 148 at 4. Ms. Bush is making this request because she was notified on the final day of her last visit that the government had neglected to make available to her a critical piece of evidence. She therefore had to schedule an additional visit.

Mr. Johnson moves the Court to deny the government's Motion and permit his experts to testify on the noticed areas of expert testimony, which are critical components of Mr. Johnson's defense.

## DISCUSSION

As a threshold matter, expert testimony, on "opinion or otherwise," is admissible if a witness is qualified as expert by "knowledge, skill, experience, training, or education," their specialized knowledge will help the trier of fact understand the evidence or determine a fact in issue, the testimony is based on sufficient data and reliable principles and methods, which the expert reliably applied to the case. Fed. R. Evid. 702; *see also United States v. Wilson*, 605 F.3d 985, 1025-1026 (D.C. Cir. 2010) (distinguishing between the proper subjects of lay and expert testimony). In a criminal case, under certain circumstances, the defendant must

provide the government with sufficient notice of the expert witness, including a "complete statement of all opinions that the defendant will elicit," their bases and reasons, the witness's qualifications, and former testimony. *See* Fed. R. Crim. P. 16(b)(1)(C); *see also United States v. Day*, 524 F.3d 1361, 1371-1372 (D.C. Cir. 2008) (discussing the purpose and standard of sufficient notice). Both Ms. Bush and Dr. Boyd's proposed testimony are squarely within the proper scope of expert testimony, they are well-qualified, and their testimony was amply described in Mr. Johnson's disclosures to the government.

## I. Michele Bush's Testimony Relates to an Admissible and Proper Topic for Expert Witnesses, that Falls Within Her Expertise and was Sufficiently Described in the Notice to the Government.

First, the topics of Michele Bush's proposed testimony are proper for an expert witness and are admissible. As a general matter, experts need not merely provide opinions; indeed, the Federal Rules of Evidence permit expert testimony via "opinions or otherwise." *See* Fed. R. Evid. 702. The critical issue "is always whether the expert testimony will assist the jury – and it is within the trial court's discretion to determine the helpfulness of such ultimate testimony in a specific case." *United States v. Sutton*, 642 F. Supp. 3d 57, 65-66 (D.D.C. 2022); *see also Sherrod v. McHugh*, 334 F. Supp. 3d 219, 270-273 (D.D.C. 2018) (discussing the proper scope of expert testimony and collecting cases thereon). The D.C. Circuit in *Miller* upheld the decision to allow the testimony of an expert on "general principles without ever attempting to apply these principles to the specific facts of the case." *U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,* 608 F.3d 871, 894 (D.C. Cir. 2010). To quote the Advisory Committee Notes to Rule 702:

> Most of the literature assumes that experts testify only in the form of opinions. The assumption is logically unfounded. The rule accordingly recognizes that an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts. Since much of the criticism of expert testimony has centered upon the hypothetical question, **it seems wise to recognize that opinions are not indispensable and to encourage the use of expert testimony in non-opinion form when counsel believes the trier can itself draw the requisite inference.**

Fed. R. Evid. 702 (Adv. Comm. Notes, 1972 Proposed Rules) (emphasis added).

The government's insistence that Ms. Bush can only testify as to opinions, *see* ECF No. 148 at 4-5, finds no support in the case law or even in the government's own expert notice for Dero Tucker. The subjects of Ms. Bush's proposed testimony include the "way in which Google Drive works," Google's practices, best forensic practices, the methods of collection of online pornography, the methods of various software programs, and other general principles. *See* ECF No. 146-1 at 2-3. They are specialized topics based on her education, training, expertise, and experience in approximately 1,000 law enforcement investigations. Her testimony will assist the trier of fact in determining an issue, as the jury could not conceivably be expected to understand the technical aspects of digital forensics without experts. Under Rule 702, the proposed topics of her testimony are admissible.

The subjects of the testimony also fall well within Michele Bush's qualifications. As explained in the original notice, her "specialized training and experience in the forensic analysis of computers, cellphones, other electronic storage devices" and "extensive experience in child exploitation investigations and cases" provides her with deep, specialized expertise of the topics on which she will testify. *See* ECF No. 114-1 at 1. Her various computer forensics certifications and memberships in organizations are laid out further in the amended notice of her testimony and her expert report. *See* ECF No. 146-1 at 1, 2; *see also* ECF No. 146-1 at 4-11 (listing Ms. Bush's education, training, certifications, memberships and other experience). All of the topics on which she will be called to testify relate to digital forensics, computer analysis and cybercrime, fields in which she is trained, certified, experienced, and eminently qualified.

Finally, Ms. Bush's proposed testimony was described in more than sufficient detail through the two notices and her expert report. *See* ECF No. 114-1 at 1-2, ECF No. 146-1 at 2-3. Rule 16 only requires the defendant to describe "all opinions that the defendant will

elicit," the "bases and reasons for them," the witness's qualifications and their former testimonies. *See* Fed. R. Crim. P. 16(b)(1)(C)(iii). As the Advisory Committee noted, these requirements are "intended to permit more complete pretrial preparation" by the parties, for example by informing opposing counsel "whether the expert will be providing only background information on a particular issue or whether the witness will actually offer an opinion." *See* Fed. R. Crim. P. 16 (Adv. Comm. Notes, 1993 Amendment). Federal D.C. case law has set the bar high for notice to be insufficient. *See, e.g., United States v. Naegele*, 468 F. Supp. 2d 175, 176-177 (D.D.C. 2007) (holding expert notice insufficient where the "bases and reasons" for the opinion were entirely absent from the disclosure); *see also United States v. Day*, 524 F.3d 1361, 1372 (D.C. Cir. 2008) (holding that notice was insufficient where the information provided was so lacking it "made it virtually impossible for the Government to engage in meaningful cross-examination at the *Daubert* hearing."). Mr. Johnson did no such thing; to the contrary, he described in increasing detail the topics on which Ms. Bush would testify, their bases and reasons, and her qualifications. *See generally* ECF No. 146-1. Consequently, the government has been provided with more than sufficient notice of her proposed testimony. Absent any other colorable objections in any of the government's attempts to preclude her testimony, the Court must allow Ms. Bush's testimony to go forward.

**II. Dr. Sara Boyd's Testimony Relates to an Admissible and Proper Topic for Expert Witnesses, that Falls Within Her Expertise and was Sufficiently Described in the Notice to the Government.**

The topics of Dr. Boyd's proposed testimony are appropriate and admissible. First, as explained above, "general principles" and other non-opinion testimony of experts is admissible and covered by Rule 702. *See* Fed. R. Evid. 702 (Adv. Comm. Notes, 1972 Proposed Rules); *see also U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.,* 608 F.3d 871, 894 (D.C. Cir. 2010). Dr. Boyd's testimony about "the profile and online behaviors of CSAM

offenders generally," ECF No. 148 at 6, falls squarely within these admissible fields. The testimony is also highly relevant and likely to assist the jury, not only because the use of certain search terms by child-pornography offenders is far from a "self-evident argument" to the average juror, as the government argues, *id.* at 3, but also because Dr. Boyd's potential topics extend far beyond Topic 6, including several psychosexual and forensic psychological themes of relevance. *See* ECF No. 147-1 at 1-2.

As the D.C. Circuit court determined in *Hite*, a sexual interest in children is relevant to a child pornography charge, so a child pornography defendant should be permitted to introduce expert testimony "so that he could seek to demonstrate to the jury that he did not possess such an interest." *United States v. Hite*, 769 F.3d 1154, 1169-1170 (D.C. Cir. 2014). Circuit courts around the country have held that testimony about psychosexual characteristics and online habits of those with a sexual interest in children should be admissible. *Id.* at 1169-1170 & n. 7 (collecting cases); *see also United States v. Gladish*, 536 F.3d 646, 650 (7th Cir. 2008) (holding the district court should have admitted expert testimony that it was "unlikely, given the defendant's psychology, that [the defendant] would act on his intent[]" to have sex with minors); *United States v. Hofus*, 598 F.3d 1171, 1179-1180 (9th Cir. 2010) (excluding testimony that defendant was not a pedophile, but permitting the expert to testify that the defendant "lacked the characteristics of a hebophile" and about "the large number of people who engage in sexual texting or chat rooms for pure fantasy."). In the matter at hand, Mr. Johnson seeks to call Dr. Boyd to testify, among others, on the "methods and patterns of CSAM offenders," off- and online, their "habits, behaviors and characteristics," including for the acquisition of child pornography, as well as the "diagnostical requirements and common behaviors" for paraphilias. *See* ECF No. 145-1 at 1-2; *see also* ECF No. 147-1 at 1-2. Just like the testimony at issue in *Hite*, *Gladish* and *Hofus*, Dr. Boyd would lend her psychological expertise to explain to the jury the behavioral patterns of defendants involved in child sex

offenses. Unless members of the jury possess her training, education and expertise in forensic, sexual, and clinical psychology, Dr. Boyd's testimony adds a considerable amount to the other evidence, which the jury may not otherwise understand or be able to analyze as she can. Dr. Boyd's testimony will support Mr. Johnson's argument that he lacked the requisite intent to execute the offenses with which he is charged, so Dr. Boyd's testimony is also highly relevant.

Dr. Boyd's proposed testimony falls well within her expertise. Her expertise goes well beyond simply the clients she has served. As explained in the amended notice, her resumé includes licensure in clinical and forensic psychology, as well as professional and research experience in forensic and sexual psychology, including published research as recent as last year on correctional psychology, abnormal psychology and sexuality. *See* ECF No. 147-1 at 5-18. She has won awards for her psychological research and advocacy, supervised and continues to supervise forensic psychology students, given trainings on the psychology of sexual offenses, and even co-drafted an amicus brief regarding sexual abuse. *Id.* at 12-18. She is also an active member of relevant divisions of the American Psychological Association and a fellow at the American Board of Forensic Psychology. *Id.* at 18. In short, she knows sexual and forensic psychology to a specialized, scientific extent, based on extensive experience in various areas including child pornography cases. She is an expert, and the proposed topics relate to her expertise.

Finally, Dr. Boyd's testimony was sufficiently noticed to the government. In line with Rule 16, the proposed topics, bases and reasons thereof, qualifications and former testimony are all extensively laid out. *See generally* ECF No. 147-1; *see also* ECF No. 145-1; *cf.* Fed. R. Crim. P. 16(b)(1)(C)(iii). Notably, her topics of proposed testimony parallel the topics noticed to the government significantly earlier, as she was added primarily in order to appease the government by addressing topics of concern it raised concerning Ms. Bush's

qualifications, e.g., that she is not a psychologist. *Cf.* ECF No. 114-1. As explained repeatedly above, general principles and non-opinion testimony are adequate topics for experts, so the government's contention that Mr. Johnson has "not identified any of [Dr. Boyd's] opinions" is entirely irrelevant. *See* ECF No. 148 at 8. The government has had sufficient notice and time to address the topics that Dr. Boyd has now been called to present. Consequently, there is no bar to Dr. Boyd's testimony.

***

Despite its repeated attempts, neither the Sixth Amendment nor Rule 702 permits the government to prevent Mr. Johnson from calling appropriate experts in his defense. His constitutional right to present a criminal defense encompasses both fact *and* expert witnesses. *See Russell v. United States*, 17 A.3d 581, 585 (D.C. 2011) ("The trial court has broad discretion to admit or exclude expert testimony … [h]owever, that discretion must be weighed against the constitutional rights of a defendant to present a defense." (internal citations omitted)). *see also Ake v. Oklahoma*, 470 U.S. 68 (1985) (establishing the constitutional right to expert assistance, particularly by a psychiatrist, for a criminal defendant).[2] In an attempt to resolve the government's objections outside the court, Mr. Johnson went through the time and expense of hiring a second expert, separating out topics to stick to the highest standards of expertise, well beyond the requirements of Rule 702 – calling on a digital forensic expert to testify on digital forensics, and a psychological expert to testify on psychological issues. He also provided a detailed expert report for Ms. Bush. The government nevertheless seeks to bar all but one topic from the computer forensics expert—in a prosecution based entirely on forensics—and all topics for the psychosexual expert. This comes in a case where the government well knows Mr. Johnson does not fit the profile of the

[2] For an in-depth explanation of the case law and development of the constitutional right to a criminal defense expert, *see also* Paul C. Giannelli, *The Constitutional Right to Defense Experts*, 16 Pub. Def. Rptr. 3 (Summer 1993).

typical child pornography offender and did not search for child pornography at all—much less using the search terms CSAM offenders usually do. The Court should reject the government's effort to thwart Mr. Johnson's constitutional right to present his defense.

## CONCLUSION

For all the foregoing reasons, this Court should deny the government's motion in limine to preclude expert testimony from Michele Bush and Dr. Sara Boyd.

DATED: April 7, 2024

Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserdillon.com
tmiles@kaiserdillon.com

*Counsel for Defendant Stephen Johnson*