UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEPHEN JOHNSON<br>        Defendant. | Case No. 22-cr-0176 (CJN) |

**STEPHEN JOHNSON'S SUPPLEMENT TO HIS RESPONSE TO THE
GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EXPERT
TESTIMONY FROM DR. SARA BOYD**

Stephen Johnson, through undersigned counsel, respectfully submits this Supplement to His Response to the Government's Motion in Limine to Preclude Expert Testimony From Dr. Sara Boyd ("Response"). ECF No. 145. For the reasons that follow, the Court should permit Dr. Boyd's testimony in full.

## DISCUSSION

**I.    Thee Court Should Allow Dr. Boyd's Testimony on the Methods Underlying Child Pornography Offenses.**

Psychological expert testimony on the habits, behaviors and modus operandi of those seeking, possessing, and transporting child pornography is firmly supported by the case law in this Circuit. For example, in *United States v. Long*, 328 F.3d 655, 665-668 (D.C. Cir. 2003), the D.C. Circuit Court held that the testimony of an expert offered by the government was admissible regarding the "behavior of a class of criminals he termed preferential sex offenders, whose sex offenses are characterized by paraphilia, or an attraction to or intense fantasies ... involving certain elements." *Id.* at 665. Among others, the government's expert's opinion was admissible on the "patterns of behavior within the general class of preferential sex offenders." *Id.* It is well established that "experts may testify regarding the modus operandi of a certain category of criminals where those criminals' behavior is not ordinarily

familiar to the average layperson[.]" *Id*. at 666 (collecting a list of D.C. Circuit cases); *see also United States v. Hite*, 769 F.3d 1154, 1169 & n. 7 (D.C. Cir. 2014) (citing *United States v. Gladish*, 536 F.3d 646, 650-51). The D.C. Circuit's position on this issue is consistent with other courts as other circuits have also held that psychological experts may testify on the "characteristic behaviors of pedophiles" in order to show "whether the defendant had the intent to use the photographs to produce and distribute child pornography, to explain his modus operandi, and to establish that the pornographic photographs at issue ... appealed to the prurient interest." *United States v. Cross*, 928 F.2d 1030, 1034 (11th Cir. 1991); *see also United States v.* Romero, 189 F.3d 576, 588 (7th Cir. 1999) (permitting expert testimony on the "modus operandi of modern child molesters" and "preferences and psychological proclivities of sex offenders … to elaborate on his behavior-driven analysis of their modus operandi.").

      Dr. Boyd's proposed testimony closely parallels the admissible testimony underlying the cases above. Just like *Long* and *Cross*, the testimony is offered on the propensities, modus operandi, habits and common psychological traits of child pornography defendants. *See* ECF No. 147-1 at 1-2. The admissibility of this evidence is strong in Mr. Johnson's case considering that he is a criminal defendant seeking to admit this evidence in pursuit of his Sixth Amendment right to present a defense. *See generally* ECF No. 150 at 9 & n. 2 (explaining and collecting authority on the inclusion of the right to present expert witnesses in the right to a criminal defense); *see also U.S. ex rel. Miller v. Bill Harbert Int'l Const., Inc.*, 608 F.3d 871, 894 (D.C. Cir. 2010) (upholding the right to call expert witnesses on "general principles" rather than opinions). Like the child pornography defendant in *Hite*, the psychological issues at play are a crucial issue towards the intent that the government bears a burden to prove, as a keystone in Mr. Johnson's defense is the lack of knowledge and the psychosexual habits of child pornography defendants, which the defense and jury can

compare to Mr. Johnson's own habits and conduct, thereby demonstrating his lack of knowledge. *Id.* at 6-7 (explaining the high relevance of Dr. Boyd's testimony to Mr. Johnson's defense); *see also* ECF No. 147-1 at 1-2 (noticing the topics of testimony). Finally, Dr. Boyd is more than sufficiently qualified for the topics for which she is offered, as her glowing, lengthy resumé in the fields of clinical, forensic and sexual psychology, particularly child sex offenders, demonstrates. *See* ECF No. 147-1 at 5-18.

## CONCLUSION

For all the foregoing reasons, this Court should deny the government's motion in limine to preclude expert testimony from Dr. Sara Boyd.


DATED: April 9, 2024                     Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserdillon.com
tmiles@kaiserdillon.com

*Counsel for Defendant Stephen Johnson*