**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 22-cr-176 (CJN) |
| STEPHEN JOHNSON, | |
| *Defendant*. | |

## FINAL JURY INSTRUCTIONS

**FURNISHING THE JURY WITH A COPY OF THE INSTRUCTIONS**

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return your instructions to me when your verdict is rendered.

### FUNCTION OF THE COURT

My function has been to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

## FUNCTION OF THE JURY

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

As I explained earlier, as human beings, we all have personal likes and dislikes, opinions, prejudices, and biases. Generally, we are aware of these things, but you also should also consider the possibility that you have implicit biases, that is, biases of which you may not be consciously aware. Personal prejudices, preferences, or biases have no place in a courtroom, where the goal is to arrive at a just and impartial verdict. All people deserve fair treatment in the legal system regardless of any personal characteristic, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

## JURY'S RECOLLECTION CONTROLS

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

## EVIDENCE IN THE CASE—JUDICIAL NOTICE AND STIPULATIONS

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts and to what certain testimony would have been. You should consider the stipulations of fact and of testimony to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Similarly, the questions of the lawyers or questions by me are not evidence.

## INDICTMENT NOT EVIDENCE

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Johnson's guilt or draw any inference of guilt from it.

## BURDEN OF PROOF – PRESUMPTION OF INNOCENCE

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to call any witnesses or produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

## REASONABLE DOUBT

The government has the burden of proving Mr. Johnson guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, that testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he or she looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after the witness woke up. His testimony about what the witness had seen would be circumstantial evidence that it had snowed while he or she was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

## NATURE OF CHARGES NOT TO BE CONSIDERED

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

## NUMBER OF WITNESSES

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

## INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

When, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she testified; whether the witness has any interest in the outcome of the case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness.

You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

## LAW ENFOREMENT AGENT'S TESTIMONY

A law enforcement agent's testimony should be evaluated by you just as any other evidence in the case. In evaluating the agent's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement agent.

## RIGHT OF DEFENDANT NOT TO TESTIFY

Every defendant in a criminal case has an absolute right not to testify. Mr. Johnson has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

## CHARACTER OF DEFENDANT

Mr. Johnson has introduced testimony that he has a good reputation in the community for law abidingness and for not having a sexual interest in children.  Mr. Johnson also introduced testimony from four witnesses that in their opinion, Mr. Johnson is a law-abiding person and does not have a sexual interest in children.  Such evidence may indicate to you that it is unlikely that a law-abiding person, and a person who does not have a sexual interest in children, person would commit the crime charged or it may not. You may consider this evidence along with other evidence in the case including evidence that contradicts Mr. Johnson's character evidence and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. Johnson is guilty of the crime charged, it is your duty to find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

**EXPERT TESTIMONY**

In this case, you heard the testimony of Dero Tucker and Michele Bush who expressed opinions concerning certain subjects, specifically digital forensics. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

**MOTIVE**

Motive is not an element of the offenses charged, and the government is not required to prove motive in this case.  You may, however, consider evidence of motive or lack of evidence of motive in deciding whether or not the government has proved the charges beyond a reasonable doubt.

## CONSIDER ONLY THE OFFENSE CHARGED

Mr. Johnson is not on trial for any act or any conduct not specifically charged in the indictment.

## MULTIPLE COUNTS – ONE DEFENDANT

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

**"ON OR ABOUT" – PROOF**

The indictment charges that crimes were committed "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**PROOF OF STATE OF MIND**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**COUNTS ONE THROUGH FIFTEEN:**

**TRANSPORTATION OF CHILD PORNOGRAPHY**

Counts One through Fifteen charge the defendant with transportation of child pornography, in violation of federal law. For you to find the defendant guilty of this crime, you must find that the government has proved each of the following elements beyond a reasonable doubt:

1. The defendant knowingly transported a visual depiction.

2. The production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

3. The defendant knew that the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct.

4. The visual depiction was of a minor engaging in sexually explicit conduct.

5. The defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.

6. The defendant transported the visual depiction using any means or facility of interstate or foreign commerce or transported the visual depiction in or affecting interstate or foreign commerce by any means, including by computer or mails.

The government has alleged that the defendant transported fifteen files, each associated with a count of the indictment identified below:

| COUNT | FILENAME | DATE |
|-------|----------|------|
| ONE | "1_4947301621999599675.mp4" | September 21, 2020 |
| TWO | "black Shayla BACK IT UP 2.mp4" | September 21, 2020 |
| THREE | "2017-06-22 22.28.29.mp4" | September 21, 2020 |
| FOUR | "lil black girl fucked by BBC.mp4" | September 21, 2020 |

| | | |
|---|---|---|
| **FIVE** | "(Children-sf-model) Pthc - 11Yo Black Girl Showing Off Her Pussy Aka - [!!! New !!!][USA][00.07.14] (2).avi" | September 21, 2020 |
| **SIX** | "Pthc Goldberg 10Y 2 Kleine Fotzen - Sonya (22.24).avi" | September 21, 2020 |
| **SEVEN** | "[pthc] Goldberg - The Visitors (HiRes, 20m36s) ~ 2014 opva 9y 10y 11y 12y black preteen pedo lolitabay pussy.avi" | September 21, 2020 |
| **EIGHT** | "Pthc Goldberg 10Y Kleine Fotze - Unk (07.14).avi" | September 21, 2020 |
| **NINE** | "Mommy loves daughter's pussy.jpg" | October 1, 2020 |
| **TEN** | "Video Oct 03, 4 53 27 PM.mov" | October 1, 2020 |
| **ELEVEN** | "Video Jan 27, 8 50 47 PM.mp4" | October 1, 2020 |
| **TWELVE** | "Video 07-05-2016, 04 23 04.mp4" | October 1, 2020 |
| **THIRTEEN** | "VID-20180814-WA0100.mp4" | October 1, 2020 |
| **FOURTEEN** | "VID-20171026-WA0067.mp4" | October 1, 2020 |
| **FIFTEEN** | "VID-20150405-WA0470.mp4" | October 1, 2020 |

## COUNT 16: POSSESSION OF CHILD PORNOGRAPHY

Count Sixteen charges the defendant with Possession of Child Pornography on or about and between September 21, 2020 and October 1, 2020, in violation of federal law.

The elements of the offense of Possession of Child Pornography, each of which the government must prove beyond a reasonable doubt, are that:

1. The defendant knowingly possessed matter that contained a visual depiction of a minor engaged in sexually explicit conduct;

2. The production of the visual depiction involved the use of a minor engaged in sexually explicit conduct;

3. The defendant knew that the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct;

4. The visual depiction was of a minor engaged in sexually explicit conduct;

5. The defendant knew that the visual depiction was of a minor engaged in sexually explicit conduct;

6. The visual depiction had been shipped or transported using any means or facility of interstate or foreign commerce or had been shipped or transported in or affecting interstate or foreign commerce, or the visual depiction was produced using materials which had been mailed or so shipped or transported, by any means including by computer.

**SPECIAL VERDICT QUESTION RELATING TO COUNT SIXTEEN**

If you find the defendant guilty of the offense charged in Count Sixteen of the indictment, you must then determine whether the government has proved that at least one of the images possessed by the defendant involved a prepubescent minor or a minor who had not yet obtained 12 years of age.

You will see on the verdict form a question concerning this issue. You should consider this question only if you have found that the government has proven the defendant guilty of the offense charged in Count Sixteen.

If you find that the government has proven beyond a reasonable doubt that at least one of the images possessed by the defendant involved a prepubescent minor or a minor who had not yet obtained 12 years of age, then you should answer the question, "yes." If you find that the government has not proven beyond a reasonable doubt that at least one of the images possessed by the defendant involved a prepubescent minor or a minor who had not yet obtained 12 years of age, then you should answer the question, "no."

## INTERSTATE OR FOREIGN COMMERCE

The term "interstate or foreign commerce" is the movement of property between those located in different states or between those located in the United States and those located outside of the United States.

The Internet is a facility, means, and/or instrumentality of interstate commerce.  It is for you to determine, however, whether the visual depiction had been transmitted or received over the Internet.

The term "State" means a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

## ADDITIONAL DEFINITIONS

**KNOWINGLY.**   The term "knowingly," as used in these instructions to describe the alleged state of mind of Defendant Johnson, means that he was conscious and aware of his action, realized what he was doing, and did not act because of ignorance, mistake, or accident.

**COMPUTER.**  The term "computer" includes any high-speed data-processing device that can perform logical, arithmetic, or storage functions, including any data-storage facility or communications facility that is directly related to or operates in conjunction with the device. It doesn't include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device that is limited in function to only word-processing or mathematical calculations.

**SEXUALLY EXPLICIT CONDUCT.**   The term "sexually explicit conduct" means actual or simulated:

• sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal contact, whether between persons of the same or opposite sex;

• bestiality;

• masturbation;

• sadistic or masochistic abuse; or

• lascivious exhibition of the anus, genitals or pubic area of any person.

**LASCIVIOUS EXHIBITION.**  "Lascivious exhibition of the anus, genitals or pubic area" means that the minor's anus, genitalia, or pubic area was displayed in a sexually suggestive manner.

**POSSESS.**  To "possess" something means to have it within a person's control. This does not necessarily mean that the person must hold it physically, that is have actual possession of it. As long as the visual depiction is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the depiction, or that he had the power and intention to exercise control over it, even though it was not in his physical possession, you may find that the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the visual depiction. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the depiction even if he possessed it jointly with another person.

Mere presence near something or mere knowledge of location, however, is not enough to show possession.  To prove possession of child pornography against Mr. Johnson in this case, the government must prove beyond a reasonable doubt that he had either actual or constructive possession of it.

**VISUAL DEPICTION.**  The term "visual depiction" includes undeveloped film and videotape, and data stored on computer media or by other electronic means that can be converted into a visual image.

**MINOR.**  A "minor" is any person younger than 18 years old.

**UNANIMITY**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict on each count must be unanimous.

## UNANIMITY – SPECIAL

The defendant has been charged in Count Sixteen with Possession of Child Pornography. You have heard evidence of more than one visual depiction of child pornography related to this count. You must agree unanimously that at least one specific visual depiction possessed by the defendant involved a minor engaged in sexually explicit conduct and that this specific visual depiction was possessed using or affecting interstate or foreign commerce by any means, including by computer.

## VERDICT FORM EXPLANATION

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.

**REDACTED EXHIBITS**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

## EXHIBITS DURING DELIBERATION

I will be sending into the jury room with you the exhibits that have been admitted into evidence except for the files identified as child pornography. You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to examine the files identified as child pornography, please notify the courtroom deputy by a written note, and the marshal will bring them to you. For security purposes, the marshal will remain in the jury room while each of you has the opportunity to examine this evidence. You should not discuss the evidence or otherwise discuss the case among yourselves while the marshal is present in the jury room. You may ask to examine this evidence as often as you find it necessary.

## SELECTION OF FOREPERSON

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## POSSIBLE PUNISHMENT NOT RELEVANT

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## CAUTIONARY INSTRUCTION ON PUBLICITY, COMMUNICATION, AND RESEARCH

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just tell me or my courtroom deputy as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## COMMUNICATIONS BETWEEN COURT AND JURY DURING JURY'S DELIBERATION

If it becomes necessary during your deliberations to communicate with me, you may send a note by the courtroom deputy or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the courtroom deputy, the marshal or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion— whether the vote is for conviction or acquittal or on any other issue in the case.

**ATTITUDE AND CONDUCT OF JURORS IN DELIBERATION**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## FINAL INSTRUCTIONS WHEN NOTETAKING IS PERMITTED

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

## EXCUSING ALTERNATE JURORS

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. The selection of alternates was in no way personal; we selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse those jurors in seats 13 and 14.

Before you two leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the courtroom deputy. I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

## ADDITIONAL INSTRUCTIONS

### Statement to Jury Regarding Continued Deliberation

I'm going to ask that you deliberate further in this case; and that you keep an open mind about the case with a view to listening to others and expressing your own point of view to see if you can reach a unanimous decision.  The goal here is not to force you to reach a verdict or to suggest in any way what your verdict should be.  Do not surrender honest conviction as to the weights or effective evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.  But since you have not reached a unanimous verdict, please continue your deliberations.

### Response to Jury Note

The CSAM hard drive is not itself in evidence or is not itself evidence.  That hard drive contains evidence of specific CSAM files organized by exhibit number.  None of those exhibits were removed from or moved to the CSAM hard drive from Government's Exhibit 5B

Beyond that, you have asked for additional clarification on certain information on Government's Exhibit 5B.  I have to refer you back to all of the evidence that was admitted in this case, and I cannot offer you additional guidance at this time on the question you asked me in the first paragraph.

### Statement to Jury Regarding Exhibit List

It's come to our attention that both sides' exhibit lists were provided to you on Friday, April 12th.  Those lists are not themselves evidence, and you should not weigh anything in those documents, including their length, as evidence in this case.

Furthermore, the lightly redacted or drawn-through entries concerned exhibits never entered into evidence, so you should disregard those entirely as well.  You must not consider either of the exhibit lists in your deliberations.