UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN JOHNSON,<br><br>Defendant. | Case No. 22-CR-176 (CJN)<br><br>**EX PARTE AND UNDER SEAL** |

**UNITED STATES' MOTION FOR LEAVE TO FILE
UNDER SEAL ITS MOTION TO RESTRAIN DISSIPATION OF ASSETS**

The United States of America, by and through undersigned counsel, respectfully moves for leave to file under seal its Motion to Restrain Dissipation of Assets. For reasons that follow, this Court should grant the motion.

The Court has the inherent power to seal court proceedings and filings when appropriate. *United States v. Hubbard*, 650 F.2d 293, 315–16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)); *see also, e.g.*, *In re Sealed Affidavit(s) to Search Warrants*, 600 F.2d 1256, 1257 (9th Cir. 1979) (finding that the court has inherent power to seal search warrant affidavits). Such sealing is within the sound discretion of the District Court. *See Nixon*, 435 U.S. at 598 (common-law right to inspect and copy judicial records is not absolute, but the decision whether to permit access is best left to the sound discretion of the trial court in the light of the relevant facts and circumstances of the particular case).

The six-factor test outlined in *Hubbard* "has consistently served as our lodestar" by "ensur[ing] that we fully account for the various public and private interests at stake," *MetLife, Inc. v. Financial Stability Oversight Council*, 865 F.3d 661, 666 (D.C. Cir. 2017), in evaluating motions to seal or to unseal judicial records. The *Hubbard* test considers:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*In re Application of Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (*quoting Metlife*, 865 F.3d at 665); *see also id.* at 1129–30 (explaining that unless Congress has spoken directly to the issue at hand, the common-law standard enshrined in the *Hubbard* balancing test governs sealing decisions (internal quotation marks omitted) (quoting *Metlife*, 865 F.3d at 669)); *Hubbard*, 650 F.2d at 317–22.

In this case, a review of the *Hubbard* factors weighs in favor of sealing the government's Motion to Restrain Dissipation of Assets until the Court can act on the motion. The government has learned that, before self-surrendering, the defendant attempted to liquidate accounts with J.P. Morgan Chase containing nearly $1,000,000 in assets. The defendant faces a substantial mandatory restitution judgment and mandatory assessments in this case and currently has the means to pay them. Maintaining the motion under seal minimizes any risk that the defendant might liquidate the accounts[1] or other assets before the Court can act on the motion. The United States has a compelling interest in ensuring that these funds are preserved pending sentencing so that they are available to satisfy the substantial mandatory restitution and special assessments that the defendant faces in this case.

WHEREFORE, the government respectfully requests that this Court grant its motion and allow it to file under seal its Motion to Restrain Dissipation of Assets.

---

[1] On May 7, 2024, defense counsel informed the government by email that the defendant's J.P. Morgan Chase accounts had been frozen. This appears to have been done on the bank's own initiative; the government is not aware how long the freeze will remain in effect.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

Dated: May 13, 2024     By:     */s/ Paul V. Courtney*
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorney
Ryan Lipes
N.Y. Bar No. 5404843
Special Assistant United States Attorney
Criminal Division, Federal Major Crimes Section

BRIAN P. HUDAK
Chief, Civil Division

By:     */s/ Melissa E. Goforth Koenig*
Melissa E. Goforth Koenig
TX Bar No. 24027269 / N.Y. Bar No. 5778188
Oliver W. McDaniel
D.C. Bar No. 377360
Assistant United States Attorneys
Civil Division, Financial Litigation Unit
United States Attorney's Office
for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-1719 (Courtney)
(202) 252-0844 (Lipes)
(202) 809-3573 (Goforth Koenig)
(202) 252-2508 (McDaniel)
Paul.Courtney@usdoj.gov
Ryan.Lipes2@usdoj.gov
Melissa.Goforth.Koenig@usdoj.gov
Oliver.McDaniel@usdoj.gov