UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEPHEN JOHNSON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)   Criminal No.  22-CR-176 (CJN)<br>)<br>)<br>)<br>)<br>) |

**<u>AMENDED RESTRAINING ORDER</u>**

Upon further consideration of the United States' Motion to Restrain Dissipation of Assets, of the Defendant's request for clarification of the Restraining Order entered (Docket Doc. No. 173) as to the scope of the paragraph c. exception for "payment of attorney's fees and normal monthly living expenses, that is, those expenses that are necessary to provide for the Defendant's or his spouse's health, welfare, and/or production of income, to include housing and utilities; food; housekeeping supplies; apparel; personal care products; necessary out-of-pocket health care expenses, such as medical services, prescription drugs, and medical supplies; and transportation," and for good cause shown, it is hereby ORDERED that the Motion is hereby MODIFIED as follows:

IT IS HEREBY ORDERED, that the Defendant, Stephen Johnson, and his spouse, representatives, attorneys, agents, family members, nominees, alter egos (companies), assigns, and any other person or entity acting for or in concert with the defendant, hereinafter described as the "Restrained Parties," shall fully comply with the terms of this Order and shall not take any action prohibited by this Order; and it is further,

ORDERED that compliance with the terms of this Order requires that the Restrained Parties shall not engage in the following:

a) Directly or indirectly alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the money or property belonging to the defendant in any manner having the effect of reducing the money or property below $250,000.00 in cash or value without the prior written approval of this Court, including but not limited to withdrawing funds from the Defendant's bank accounts, securities, or life insurance policies, or selling or encumbering the Defendant's real or personal property;

b) Take, or cause to be taken, any action which could have the effect of concealing or moving the money or property of the Defendant so as to reduce its total value below $250,000.00 in cash or value from the jurisdiction of this Court, such as by moving the said money or property to a foreign country or to the control of, or on deposit with, a foreign financial institution or person; or

c) Take, or cause to be taken, any action that would have the effect of depreciating, damaging, or in any way diminishing the value of any money or property of the Defendant, whether real or personal, below $250,000.00 in cash or value.

This Order shall remain in full force and effect until the Defendant has satisfied the anticipated monetary penalty obligations to be ordered by this Court at sentencing or until further order of this Court.

IT IS SO ORDERED:

_____
CARL J. NICHOLS
United States District Judge

DATE: _____