UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**STEPHEN JOHNSON**<br>**Defendant.** | Case No. 22-cr-0176 (CJN) |

## SUPPLEMENTAL NOTICE OF AUTHORITY

Stephen Johnson, by and through undersigned counsel, respectfully submits this Supplemental Notice of Authority. The recent D.C. Circuit case *Asinor v. District of Columbia*, No. 22-7129, 2024 WL 3733171 (D.C. Cir. Aug. 9, 2024) (attached)), provides further support for Mr. Johnson's position on the two Fourth Amendment issues raised in his Motion for a New Trial: (1) the warrantless and unconstitutional search of Mr. Johnson's electronic devices; and (2) Detective Sullivan's warrantless review of the material from Mr. Johnson's Google account. *See generally* ECF 179 at 19-31; *see also* ECF 183 at 2-6.

In *Asinor*, the D.C. Circuit considered whether the District of Columbia's prolonged retention of seized property taken from the plaintiffs incident to their arrests constituted an ongoing seizure for Fourth Amendment purposes. The court reviewed the historical connection between the Fourth Amendment and the law of trespass:

> Fourth Amendment jurisprudence "reflects [the Amendment's] close connection to property." *United States v. Jones*, 565 U.S. 400, 405 (2012). The standards for identifying Fourth Amendment violations have been "tied to common-law trespass," and the Amendment has been "understood to embody a particular concern for government trespass upon the areas ('persons, houses, papers, and effects') it enumerates." *Id.* at 405–07. So, to determine whether a particular action violates the Fourth Amendment, we must consider "whether the action was regarded as an unlawful search or seizure under the common law when the

> Amendment was framed." *Wyoming v. Houghton*, 526 U.S. 295, 299 (1999); *see California v. Hodari D.*, 499 U.S. 621, 626 n.2 (1991).

*Id.* at *3.

Noting that the plain text of the Fourth Amendment does not answer the question of whether a seizure occurs only upon the initial taking (as opposed to including continued retention of the property), *id.* at *2, the court turned to the history of the word "seizure."

> Founding-era definitions of the word "seizure" are consistent with both readings. The 1773 edition of Johnson's Dictionary defined the word *seizure* to include both "the act of taking forcible possession" and "gripe; possession."  2 S. Johnson, "Seizure," *A Dictionary of the English Language* (1773).  In turn, it defined "gripe" as a noun meaning "grasp" or "hold."  1 S. Johnson, "Gripe," *supra*.  These definitions suggest that the word "seizure" encompassed both the act of taking possession and continuing possession over time.  In other words, when the Fourth Amendment was proposed and ratified, a "seizure" referred to both the act of *taking* possession and the ongoing state of *having taken* possession.

*Id.* at *2 (emphasis in original).

Because the relevant history confirmed that a seizure included both taking and continued retention, the Court agreed with the plaintiffs that the District of Columbia's ongoing possession of their property must be reasonable to survive Fourth Amendment scrutiny.  *Id.* at *3 ("the Fourth Amendment protects possessory interests against government infringement in the same way that Founding-era common law protected possessory interests against private infringement.  And the common law authorized actions for damages and recovery of property that was lawfully taken, but then unlawfully possessed.  History thus indicates that the government's continued possession of the plaintiffs' property must be reasonable.").

*Asinor* implicates Mr. Johnson's motions to suppress in at least two ways.  First, with respect to the warrantless search of Mr. Johnson's electronic devices, *Asinor* makes clear that—

2

contrary to the government's argument[1]—the words "search" and "seize" are *not* interchangeable for Fourth Amendment purposes. To the contrary, *Asinor* supports Mr. Johnson's argument that "seizing" and "searching" are fundamentally different acts for Fourth Amendment purposes, and that a seizure involves taking (and retaining) possession of property only. The D.C. circuit expressly distinguished between "searches" and "seizures" under the Fourth Amendment: "A search requires 'an attempt to find something or to obtain information,' and a seizure requires 'some meaningful interference with an individual's possessory interests in …property.'" *Asinor*, 2024 WL 3733171 at *3; *see also id.* at *9 ("[The government] can also seek warrants to *search seized* cell phones or other personal property.") (emphasis added). Similarly, in describing the trespass in *Jones*, the court was clear to distinguish searches from seizures. *See id.* at *8 & n. 2 ("*Jones* dealt with a search, not a seizure, and it discussed only the common law of trespass, not other remedies for interference with property like replevin, detinue, and trover.") (citation omitted).

      Here, a neutral magistrate reviewing Detective Sullivan's warrant application would have understood the words "search" and "seize" in the same manner as the D.C. Circuit in *Asinor*: as distinct words with distinct meanings. *See id.* at *3 ("A search requires 'an attempt to find something or to obtain information,' and a seizure requires 'some meaningful interference with an individual's possessory interests in …property.'"). While the warrant for Mr. Johnson's apartment authorized law enforcement to "seize" Mr. Johnson's devices—to interfere with Mr. Johnson's possessory interest in them—the warrant by its express terms did not authorize a

---

[1] *See, e.g.,* 3/21 Tr. 43 (the government agreeing with the Court that "even though Attachment B says 'property to be seized,' it really means 'property to be searched' because the words are functionally equivalent. It's describing the seizure of digital evidence from within the devices, which is tantamount to a search. I'm not sure that there's a huge distinction substantively[.]")

"search" of those items, i.e., to "find something or … obtain information," *id.*, from them. Because the warrant did not authorize a search of Mr. Johnson's electronic devices, all evidence extracted from them should have been suppressed, and Mr. Johnson is entitled to a new trial.

Second, with respect to Detective Sullivan's warrantless search of the material from Mr. Johnson's Google drive, *Asinor* underscores that the search was a common law trespass upon Mr. Johnson's property and therefore a violation of the Fourth Amendment, regardless of whether Google had previously committed the same trespass. Indeed, law enforcement's mere continued possession of Mr. Johnson's property was a seizure requiring a warrant. As the *Asinor* court stated:

> [W]hen [there is a search or seizure] *and* there is a violation of private property rights, the Fourth Amendment applies. For example, in *Jones*, the government's placement of a GPS tracker on a suspect's car was a Fourth Amendment search because (1) the government attempted to find information, and (2) the act of placing an object on someone else's property would have been a trespass under founding-era common law. *See id.* at 407–08, 408 n.5. By the same logic, there is a Fourth Amendment seizure if the government (1) meaningfully interferes with possessory interests in property in a way that (2) would have been understood to be an actionable property tort at common law.

*Id.* at *8.

A well-trained officer in Detective Sullivan's position would not have seized and searched the material from Mr. Johnson's Google account without first obtaining a warrant. The good faith exception accordingly does not apply, and the material from Mr. Johnson's Google Account should have been suppressed, entitling Mr. Johnson to a new trial on this basis as well.

Dated: August 20, 2024                                Respectfully Submitted,

                                                      */s/ Jonathan Jeffress*
                                                      Jonathan Jeffress (D.D.C. Bar No. 479074)
                                                      Courtney R. Forrest (D.D.C. Bar No. 996740)
                                                      Tony Miles (D.D.C. Bar No. 484450)
                                                      Washington, D.C. 20005
                                                      Phone: (202) 640-2850

Fax: (202) 280-1034
jjeffress@kaiserlaw.com
cforrest@kaiserlaw.com
tmiles@kaiserlaw.com

*Counsel for Stephen Johnson*