UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN JOHNSON,<br><br>Defendant. | Case No. 22-CR-176 (CJN) |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S SUPPLEMENTAL NOTICE OF AUTHORITY

Defendant Stephen Johnson filed a Supplemental Notice of Authority following the D.C. Circuit's decision in *Asinor v. District of Columbia*, 111 F.4th 1249 (D.C. Cir. 2024) (ECF No. 188). In the Supplemental Notice, the defendant relies on *Asinor* to rehash arguments that this Court has already considered and rejected. For reasons that follow, the defendant's reliance on *Asinor* is misplaced and does not support his motion for a new trial.

The issue addressed in *Asinor* is the Fourth Amendment's application to the government's continued retention of lawfully seized evidence. The case is not on point here, where this Court held that (i) the search warrant for the defendant's apartment permitted it to seize and examine his digital devices and (ii) Detective Sullivan's warrantless review of files associated with NCMEC CyberTips was in good faith and did not merit application of the exclusionary rule.

First, the defendant cites the *Asinor* Court's discussion of the distinct meanings of the terms "search" and "seizure" to relitigate his claim that the warrant for his apartment authorized the *seizure* of his digital devices but not a *search* of those items. In defining these terms, the *Asinor* Court quoted from the Supreme Court's opinion in *United States v. Jones*, 565 U.S. 400 (2012), so *Asinor* does not reflect a development in the law in this respect. In holding that the warrant authorized the search of the defendant's digital devices, this Court explained:

> [T]he warrant's incorporation of Attachment B authorize[d] the government to seize and examine Mr. Johnson's digital devices and their contents.
>
> Although it's true that the warrant and attachment do refer to Attachment B's contents as property to be seized, quote/unquote, the body of the attachment, read in context, indicates that the warrant allows the government to do what might be called a search in order to seize information contained within the devices found in the residence.
>
> For example, Attachment B says that the items to be seized include "visual depictions of minors engaged in sexually explicit conduct" and "in whatever form and however stored." Attachment B similarly states the government can seize "correspondence and communications" in "any digital device which is capable of containing evidence."
>
> And the warrant says that the government can obtain Johnson's fingerprint "for the purpose of attempting to unlock" devices "in order to search the contents as authorized by this warrant."
>
> The most natural way to read these various authorizations is as allowing the government to enter Johnson's devices to look for and then to seize certain content.

Apr. 1, 2024, Hr'g Tr. 16:9–17:7.

The defendant elevates form over substance and rehashes the same argument that this Court has already rejected. By its incorporation of Attachment B, the warrant authorized the seizure of both digital devices and electronically stored information contained within those devices. As this Court recognized, the seizure of information contained within a digital device necessarily entails what might be called a search of those devices, and other portions of the warrant expressly contemplated that the devices would be searched. Although this Court cited specifically the authorizations in Attachment B, it could also have looked to the search warrant affidavit. *See United States v. Maxwell*, 920 F.2d 1028, 1031 (D.C. Cir. 1990) ("This circuit has held, along with most others, that in some circumstances a search warrant may be construed with reference to the affidavit supporting it for purposes of satisfying the particularity requirement."). The affidavit

2

made clear that "[t]he property to be searched include[d] laptop computers, mobile phones, and tablets owned, used, or controlled by JOHNSON," (ECF No. 83-2 at 12), and it established probable cause to believe such devices would contain evidence of child pornography offenses. Indeed, most of the affidavit pertained to the search of digital devices, including a section entitled "METHODS TO BE USED TO SEARCH DIGITAL DEVICES." (ECF No. 83-2 at 12–36). As this Court has held, the warrant authorized a search of the defendant's devices, notwithstanding the fact that the devices are referenced on an attachment pertaining to the evidence to be seized. Nothing in *Asinor* compels a different outcome here.

Even if the Court were to reconsider its earlier decision, the defendant would not be entitled to suppression or a new trial. Law enforcement relied on the warrant in good faith, and it was consistent with similar warrants with which judges have found no constitutional defect. *See, e.g.*, *In re Search of [Redacted] Washington, District of Columbia*, 317 F. Supp. 3d 523, 526–527 (D.D.C. 2018) (holding that residential search warrant listing devices to be searched in Attachment B satisfied the Fourth Amendment's particularity requirement).

Second, the defendant argues that *Asinor* further supports his argument that Detective Sullivan's warrantless review of certain NCMEC CyberTip files culled from the defendant's Google account violated the Fourth Amendment under a common law trespass theory. Again, the defendant cites the *Asinor* Court's recitation of background legal principles articulated in *Jones*. The defendant has previously cited *Jones* for this proposition, so *Asinor*—which dealt not with searches but the police's prolonged retention of uncharged arrestees' cellphones—lends no additional support here.

In any event, this Court held that "this is a case where the exclusionary rule would not apply, even if a Fourth Amendment violation occurred" and that "the good faith exception clearly

3

applies to the government's ultimate viewing of all the files in 2021." Apr. 2, 2024, Hr'g Tr. 7:14-16, 8:7-9. The defendant's conclusory assertion that the good faith exception does not apply does not merit reconsideration or a new trial.

For the foregoing reasons, *Asinor* is inapposite and lends no further support to the defendant's arguments for a new trial. The defendant's motion for a new trial should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

Dated: September 12, 2024       By:    */s/ Paul V. Courtney*
Paul V. Courtney
D.C. Bar No. 1034252 / N.Y. Bar No. 5392337
Assistant United States Attorney
Ryan Lipes
N.Y. Bar No. 5404843
Special Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, D.C. 20530
(202) 252-1719 (Courtney)
(202) 514-4715 (Lipes)
Paul.Courtney@usdoj.gov
Ryan.Lipes@usdoj.gov