UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>STEPHEN JOHNSON<br>      Defendant. | Case No. 22-cr-0176 (CJN) |

STEPHEN JOHNSON'S REPLY IN SUPPORT OF HIS
SUPPLEMENTAL NOTICE OF AUTHORITY

Stephen Johnson, by and through undersigned counsel, respectfully submits this Reply in Support of His Supplemental Notice of Authority ("Supplemental Notice"). ECF 188. The D.C. Circuit's opinion in *Asinor v. District of Columbia*, 111 F.4th 1249 (D.C. Cir. 2024), supports Mr. Johnson's Motion for a New Trial ("Motion"). *See* ECF 179 at 19-31; *see also* ECF 183 at 2-6. In its Response to the Supplemental Notice, *see* ECF 192, the government continues to conflate the basic distinction between searches and seizures (as reiterated in *Asinor*), tries to incorporate Detective Sullivan's *affidavit* into the *warrant* without any basis for doing so, and attempts to add a good faith argument it has already waived at least twice over and is meritless in any event.

The D.C. Circuit's opinion in *Asinor* re-states what is obvious: that the terms "search" and "seize" have fundamentally different meanings under the Fourth Amendment and cannot be used interchangeably in a search warrant. Contrary to the government's position, the terms are distinct: "A search requires 'an attempt to find something or to obtain information,' and a seizure requires 'some meaningful interference with an individual's possessory interests in …property.'" *Asinor*, 111 F.4th at 1254 (quoting *United States v. Jones*, 565 U.S. 400, 408 n. 5

(2012)).  Here, Attachment B—the government's sole purported authority for authorization to search Mr. Johnson's electronic devices—is entitled "Property to be seized."  ECF 84, Exhibit 3 at 2.  The introductory statement to Attachment B states, "The items to be seized are …".  *Id*.  Neither in letter nor spirit did Attachment B authorize a search of the items listed therein.  No neutral magistrate would have read the warrant as authorizing a search of electronic devices that the warrant itself expressly stated could only be seized.

The government now urges the Court to rely upon Detective Sullivan's affidavit in construing the warrant, even though the warrant cited Attachment B alone.  *See* ECF 192 at 2 (citing *United States v. Maxwell*, 920 F.2d 1028, 1031 (D.C. Cir. 1990)).  Notwithstanding many prior opportunities to have done so, *see generally* ECF 94, ECF 133, 3/21 Tr. 41-44, this is the first time the government has made this argument—and for good reason.  Notably, the very next sentence to the portion of *Maxwell* the government quotes states that search warrants may be construed with reference to their affidavits "*only if* '(1) the affidavit accompanies the warrant,' and *in addition* '(2) the warrant uses suitable words of reference which incorporate the affidavit by reference.'"  *Maxwell*, 920 F.2d at 1031 (quoting *United States v. Vaughn*, 830 F.2d 1185, 1186 (D.C. Cir. 1987)) (emphases added).  Here, the warrant did not incorporate the affidavit by reference, as it did not use any language to that effect.[1]  The affidavit is irrelevant to the Fourth Amendment issue, and the cases the government cites only underscore why its search warrant for Mr. Johnson's apartment did not authorize a search of his electronic devices.

The government's view of Attachment B as authorizing a search of property the attachment plainly states may only be seized is incorrect.  Attachment B narrows the property

---

[1] Indeed, the Court ended up denying Mr. Johnson's motion not on the basis of the affidavit, but solely based on Attachment B, which for the reasons stated above was likewise incorrect.  *See generally* ECF 192 at 2-3 (citing, in part, 4/2 Tr. 16-17).

2

that law enforcement is allowed to seize from the residence to the devices that are "capable of storing or processing data in digital form" and "capable of containing and reasonably could contain fruits, evidence, information, contraband, or instrumentalities of the offense(s)[.]" ECF 84, Ex. 3 at 5-6. This means, among other things, the government was not allowed to seize Mr. Johnson's toaster, microwave, or Tesla, as those items could not reasonably contain CSAM. This is how the warrant attempted to satisfy the Fourth Amendment's particularity requirement for seizures, with Attachment B limiting the seizure, "to the specific areas and things for which there is probable cause[.]" *Maxwell,* 920 F.2d at 1031; *see also Andresen v. Maryland*, 427 U.S. 463, 479-482 (1976) (holding that the "exhaustive list of particularly described documents" in the warrants was not unconstitutionally overbroad, as they were all limited by wording narrowing it down to items relevant to the offense conduct). That the warrant should be read based on its plain language is not "elevat[ing] form over substance," ECF 192 at 2; it is focusing on the warrant's specific substance. Even if "other portions of the warrant expressly contemplated that the devices would be searched," *id.*, this only serves to underscore that the proposed warrant itself—the operative document for Fourth Amendment purposes—*could have* contained authorization to search Mr. Johnson's phone and computers, and the Magistrate could then have made that required determination. *See generally Riley v. California*, 573 U.S. 373, 381-386, 401 (2014); *see also Asinor*, 111 F. 4th at 1254, 1260 & n. 2 (courts can "deal[] with a search, not a seizure" and the government "can also seek warrants to search seized cell phones or other personal property."). Because the Magistrate did not do so, the search of Mr. Johnson's devices violated the Fourth Amendment and the evidence should have been suppressed.

The government's argument is that a neutral Magistrate would have worked backwards from the seizure list to assume an authorization to search that the warrant did not contain. In

other words, because law enforcement could seize pornography, it must have been allowed to search Mr. Johnson's devices for such pornography in the first place. *See, e.g.,* ECF 192 at 2 ("the seizure of information contained within a digital device necessarily entails what might be called a search of those devices"). But that approach is plainly insufficient under the Fourth Amendment. *See generally Groh v. Ramirez*, 540 U.S. 551, 557-558 (2004) (holding a warrant was "plainly invalid" as "[t]he Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents … the presumptive rule against warrantless searches applies with equal force to searches whose only defect is a lack of particularity in the warrant."); *see also Jones v. Kirchner*, 835 F.3d 74 (D.C. Cir. 2016) (explaining that the particularity requirement of the Fourth Amendment "operates to 'prevent[] the seizure of one thing under a warrant describing another.'" (quoting *Marron v. United States*, 275 U.S. 192, 195-196 (1927))). The Fourth Amendment operates based on particular descriptions of items covered by specific warrants issued by the courts, not general words leaving it up to the interpretations of executing officers. *See, e.g., Andresen*, 427 U.S. at 480-482 (interpreting the specific wording of the exhaustive list in the warrant, upholding it because the narrow language "did not authorize the executing officers to conduct a search for evidence of other crimes but only to search for and seize evidence relevant to the crime of false pretenses and Lot 13T."). The Fourth Amendment does not allow the Court to work backwards from the seizure list in Attachment B to interpret Attachment A, nor to leave it up to the discretion of law enforcement to do so.

 Finally, the government's claim that law enforcement "relied on the warrant in good faith" was waived long ago by the government and should not be considered here, in what was supposed to be a government response to Mr. Johnson's Notice of Authority regarding *Asinor*. *See* ECF 192 at 3*;see generally United States v. Sheffield*, 832 F.3d 296, 303-305 (D.C. Cir.

2016) (holding that the government has forfeited its argument that the defendant did not have a Fourth Amendment expectation of privacy, when it did not raise that argument in district court, and collecting case law of the same); *see also United States v. Rhine*, 652 F. Supp. 3d 38, 76-77 (D.D.C. 2023) (citing a case where the court "first found that the government had 'forfeited' any argument that seeking geofence data did not amount to a 'search' for Fourth Amendment purposes[.]"). Notwithstanding multiple opportunities to have done so, the government never raised the good-faith exception in relation to the warrantless search of Mr. Johnson's devices. Mr. Johnson was never given the opportunity to argue that the good-faith exception did *not* apply to the evidence from the devices, the Court was never asked (and did not) conduct an evidentiary hearing on this issue (despite holding a hearing on a separate good faith claim the government *did* make), and the Court only ever held that the evidence *from the Google Drive* was reviewed in good faith, not the evidence from the devices. This argument is waived.

     Even were it not waived, the government's good faith argument is meritless. When a warrant is as deficient as the one issued here in relation to the property that is searched, the government cannot reasonably presume it to cover its actions. *See generally Groh,* 540 U.S. at 565 & n. 9 ("a warrant may be so facially deficient—*i.e.*, in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid. … the Fourth Amendment's particularity requirement assures the subject of the search that a magistrate has duly authorized the officer to conduct a search of limited scope. This substantive right is not protected when the officer fails to take the time to glance at the authorizing document and detect a glaring defect that … is of constitutional magnitude[.]") (internal citations omitted). As set forth above, the courts have held that facially invalid warrants cannot be relied upon in good faith, including where the warrant fails to specifically describe the

5

item to be seized or searched. The "property to be searched" attachment did not list the devices, while the "property to be seized" attachment did; there was simply no reason for a law enforcement officer reading both attachments and interpreting them in good faith to believe that the language from the one applied to the other.

Finally, *Asinor* also provides support for suppression of the CyberTip files. As a threshold matter, *Asinor* is not merely "recit[ing] background legal principles articulated in *Jones*." ECF 192 at 3. Even in the portions cited in the Supplemental Notice, the court in *Asinor* collects other Supreme Court cases, distinguishes from *Jones*, and analyzes and synthesizes law applicable to Mr. Johnson's case. *See, e.g.,* ECF 188 at 2-3. Second, the assertion that the good faith exception does not apply was not "conclusory," as the government claims, as it has been explained time and again in multiple filings. *See, e.g.,* ECF 83, 84 (explaining before the trial how the good-faith exception does not apply); *see also* ECF 179 at 25-31 (explaining in the Motion that the exception did not apply and evidence should have been suppressed). Third, through its sole focus on the good faith exception, the government fails to address Mr. Johnson's argument that *Asinor* means the "mere continued possession" of Mr. Johnson's property was an unlawful seizure. ECF 188 at 4. Through all the above, *Asinor* supports Mr. Johnson's argument that the Google account evidence should have been suppressed.

*Asinor* supports Mr. Johnson's arguments that the evidence from the devices, residence, and Google account should have been suppressed, as their search violated the Fourth Amendment. Mr. Johnson should therefore be granted a new trial.

Dated: September 17, 2024          Respectfully Submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Courtney R. Forrest (D.D.C. Bar No. 996740)
Tony Miles (D.D.C. Bar No. 484450)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserlaw.com
cforrest@kaiserlaw.com
tmiles@kaiserlaw.com

*Counsel for Stephen Johnson*