UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 22-cr-0176 (CJN) |
| STEPHEN JOHNSON<br>　　　　Defendant. | |

**CONSENT MOTION TO CONTINUE SENTENCING BY ONE WEEK**

Stephen Johnson, through undersigned counsel, respectfully moves to continue his sentencing hearing by one week, so that his hearing will occur after the 2024 Sentencing Guidelines have gone into effect. In support of this motion, counsel respectfully submits the following:

1. Mr. Johnson's sentencing hearing is currently scheduled for October 25, 2024.

2. On November 1, 2024, only one week after the date of Mr. Johnson's scheduled sentencing hearing, a new edition of the United States Sentencing Guidelines will go into effect (i.e. the 2024 edition of the Sentencing Guidelines). At least one amendment to the Sentencing Guidelines that is expected to go into effect on November 1, 2024 will have significant implications for Mr. Johnson's sentencing. That amendment, which was proposed by the United States Sentencing Commission on April 30, 2024, will "exclude acquitted conduct from the scope of relevant conduct used in calculating a sentence range under the federal guidelines." U.S. Sent'g Comm'n Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 89 Fed. Reg. 87, 36855 (May 3, 2024) (effective Nov. 1, 2024). Mr. Johnson will rely on this amendment to argue against the applicability of sentencing enhancements that the probation office has applied in its draft Presentence Report. The lack of those enhancements and other impacts of not

considering acquitted conduct in the sentencing calculations would result in a significantly decreased guidelines range.

3. The government agrees that the acquitted conduct amendment will have implications at Mr. Johnson's sentencing hearing and consents to this motion.

4. Requests for continuances when an impending change in law is favorable to a criminal defendant are routine and required under binding case law in order to provide effective assistance of counsel. *See United States v. Abney*, 812 F.3d 1079, 1088-1093 (D.C. Cir. 2016) (holding the "failure of [defendant's] counsel to seek a continuance of sentencing" despite the Fair Sentencing Act's impending enactment was "objectively unreasonable and therefore unconstitutionally deficient.").

5. If the Court is available on November 1, 2024, due to the schedules of all counsel, the parties request that Mr. Johnson's sentencing hearing be continued to November 1 and not on any other day in November.

DATED: October 5, 2024

Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
Tony Miles (D.D.C. Bar No. 484450)
Courtney R. Forrest (D.D.C. Bar No. 996740)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserlaw.com
tmiles@kaiserlaw.com
cforrest@kaiserlaw.com

*Counsel for Defendant Stephen Johnson*