APPEAL,CAT B,CLOSED

# U.S. District Court
## District of Columbia (Washington, DC)
## CRIMINAL DOCKET FOR CASE #: <u>1:22−cr−00176−CJN</u>−1

Case title: USA v. JOHNSON

Magistrate judge case number:  1:21−mj−00626−ZMF

Date Filed: 05/20/2022

Assigned to: Judge Carl J. Nichols

**<u>Defendant (1)</u>**

**STEPHEN JOHNSON**                  represented by   **Courtney Roberts Forrest**
KAISER PLLC
1099 14th Street Northwest
8th FloorWest
Washington, DC 20005
202−688−1909
Email: cforrest@kaiserlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Jonathan Jeffress**
KAISER DILLON, PLLC
1099 14th Street
Suite 800 West
Washington, DC 20005
(202) 640−4430
Fax: (202) 280−1034
Email: jjeffress@kaiserdillon.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Tony W. Miles**
MILES LAW PLLC
1717 K Street, NW
Suite 900
Washington, DC 20006
202−717−6733
Email: tonymiles@mileslawpllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**David Barry Benowitz**

1

PRICE BENOWITZ LLP
409 Seventh Street, NW
Suite 200
Washington, DC 20004
(202) 417–6000
Fax: (202) 664–1331
Email: david@pricebenowitz.com
*TERMINATED: 10/16/2021*
*Designation: Retained*

**Emily A. Voshell**
KAISER DILLON PLLC
1099 14th Street, N.W.
8th Floor West
Washington, DC 20005
202–640–2850
Email: evoshell@kaiserdillon.com
*TERMINATED: 06/13/2022*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:2252(a)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography<br>(1) | Dismissed on Oral Motion by the Government |
| 18:2252(a)(1), (b)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography<br>(1s–15s) | Dismissed on Oral Motion by the Government |
| 18:2252(a)(1),(b)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography<br>(1ss–2ss) | Defendant Sentenced to Ninety (90) Months of Incarceration as to each count to run concurrently will all counts, followed by a term of One Hundred Twenty (120) Months of Supervised Release (with conditions). Defendant further Ordered to pay Restitution of $12,000.00, Special Assessment of $100.00 as to each count, AVAA Assessment of $10,000.00, and JVTA Assessment of $30,000.00. No Fine Imposed. |
| 18:2252(a)(1),(b)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography<br>(3ss–4ss) | Not Guilty Verdict Rendered by Jury |

| | |
|---|---|
| | Defendant Sentenced to Ninety (90) Months of Incarceration as to each count to run concurrently will all counts, followed by a term of One Hundred Twenty (120) Months of Supervised Release (with conditions). Defendant further Ordered to pay Restitution of $12,000.00, Special Assessment of $100.00 as to each count, AVAA Assessment of $10,000.00, and JVTA Assessment of $30,000.00. No Fine Imposed. |
| 18:2252(a)(1),(b)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography (5ss) | |
| 18:2252(a)(1),(b)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography (6ss) | Not Guilty Verdict Rendered by Jury |
| 18:2252(a)(1),(b)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography (7ss–8ss) | Defendant Sentenced to Ninety (90) Months of Incarceration as to each count to run concurrently will all counts, followed by a term of One Hundred Twenty (120) Months of Supervised Release (with conditions). Defendant further Ordered to pay Restitution of $12,000.00, Special Assessment of $100.00 as to each count, AVAA Assessment of $10,000.00, and JVTA Assessment of $30,000.00. No Fine Imposed. |
| 18:2252(a)(1),(b)(1); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography (9ss–15ss) | Not Guilty Verdict Rendered by Jury |
| 18:2252(a)(4)(B), (b)(2); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Possession of Child Pornography (16s) | Dismissed on Oral Motion by the Government |
| 18:2252(a)(4)(B),(b)(2); ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Possession of Child Pornography (16ss) | Defendant Sentenced to Ninety (90) Months of Incarceration as to each count to run concurrently will all counts, followed by a term of One Hundred Twenty (120) Months of Supervised Release (with conditions). Defendant further Ordered to pay Restitution of $12,000.00, Special Assessment of $100.00 as to each count, AVAA Assessment of $10,000.00, and JVTA Assessment of $30,000.00. No Fine Imposed. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| COMPLAINT in Violation of 18:2252(a)(2) | |

---

**Plaintiff**

| **USA** | represented by | **Paul Vincent Courtney** |
|---|---|---|

represented by **Paul Vincent Courtney**
DOJ–USAO
United States Attorney's Office
601 D Street NW
Washington, DC 20530
(202) 252–1719
Email: paul.courtney@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Ryan Lipes**
DOJ–CRM
1301 New York Avenue NW
Washington, DC 20530
202–514–4715
Email: ryan.lipes@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Gregory Paul Rosen**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252–6932
Fax: (202) 514–9155
Email: gregory.rosen@usdoj.gov
*TERMINATED: 05/23/2022*
*Designation: Assistant U.S. Attorney*

**Janani Iyengar**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
Criminal Division
555 4th Street NW
Washington, DC 20530
(202) 252–7760
Email: janani.iyengar@usdoj.gov
*TERMINATED: 01/27/2023*
*Designation: Assistant U.S. Attorney*

**Jocelyn Patricia Bond**
U.S. ATTORNEY'S OFFICE FOR THE
DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20001
(202) 252–2571
Email: jocelyn.bond@usdoj.gov
*TERMINATED: 03/06/2024*
*Designation: Assistant U.S. Attorney*

**Oliver W McDaniel**
DOJ–USAO
Patrick Henry Building
601 D Street, NW
Ste Seventh Floor
Washington, DC 20530
202–252–2600
Email: oliver.mcdaniel@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

**Rick E. Blaylock , Jr.**
U.S. DEPARTMENT OF JUSTICE
601 D Street, NW
Washington, DC 20004
202–252–6765
Email: rick.blaylock.jr@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/05/2021 | 1 | SEALED COMPLAINT as to STEPHEN JOHNSON (1). (Attachments: # 1 Statement of Facts) (bb) (Attachment 1 replaced on 4/6/2022) (bb). [1:21–mj–00626–ZMF] (Entered: 10/07/2021) |
| 10/05/2021 | 3 | MOTION to Seal Case by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(bb) [1:21–mj–00626–ZMF] (Entered: 10/07/2021) |
| 10/05/2021 | 4 | ORDER granting 3 Motion to Seal Case as to STEPHEN JOHNSON (1). Signed by Magistrate Judge Zia M. Faruqui on 10/5/2021. (bb) [1:21–mj–00626–ZMF] (Entered: 10/07/2021) |

| 10/07/2021 | | Arrest of STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/08/2021) |
|---|---|---|
| 10/07/2021 | 5 | Arrest Warrant Returned Executed on 10/7/2021 as to STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/08/2021) |
| 10/07/2021 | | ORAL MOTION to Unseal Case by USA as to STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/08/2021) |
| 10/07/2021 | | ORAL MOTION for Temporary Detention by USA as to STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/08/2021) |
| 10/07/2021 | | Minute Entry for proceedings held before Magistrate Judge Zia M. Faruqui: Initial Appearance as to STEPHEN JOHNSON held on 10/7/2021. Defendant present by video. Due Process Order given to the Government. Oral Motion by the Government to Unseal Case as to STEPHEN JOHNSON (1); heard and granted. Oral Motion by the Government for Temporary Detention (3 day hold) as to STEPHEN JOHNSON (1); heard and granted. Detention Hearing set for 10/8/2021 at 3:00 PM by Telephonic/VTC before Magistrate Judge G. Michael Harvey. Bond Status of Defendant: Defendant Held without Bond; Court Reporter: FTR−Gold; FTR Time Frame: Ctrm 4: [4:38−4:46];Defense Attorney: Rammy Barbari for David Benowitz; US Attorney: Janani Iyengar; Pretrial Officer: John Copes. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/08/2021) |
| 10/07/2021 | | Case unsealed as to STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/08/2021) |
| 10/08/2021 | 6 | NOTICE OF ATTORNEY APPEARANCE: David Barry Benowitz appearing for STEPHEN JOHNSON (Benowitz, David) [1:21−mj−00626−ZMF] (Entered: 10/08/2021) |
| 10/08/2021 | | ORAL MOTION to Commit Defendant to Custody of Attorney General by USA as to STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/12/2021) |
| 10/08/2021 | | ORAL MOTION for Release from Custody by STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/12/2021) |
| 10/08/2021 | | ORAL MOTION for Speedy Trial by USA as to STEPHEN JOHNSON. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/12/2021) |
| 10/08/2021 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: Detention Hearing as to STEPHEN JOHNSON held on 10/8/2021. Defendant present by video. Oral Motion by the Government to Commit Defendant to Custody of Attorney General as to STEPHEN JOHNSON (1); heard and denied. Oral Motion for Release from Custody by STEPHEN JOHNSON (1); heard and granted. Defendant released to 3rd party custody. Oral Motion by the Government for Speedy Trial as to STEPHEN JOHNSON (1); heard and granted. Defense agree to exclusion. Speedy Trial Excluded from 10/8/2021−11/8/2021 in the Interest of Justice (XT). Preliminary/Status Hearing set for 11/8/2021 at 4:00 PM by Telephonic/VTC before Magistrate Judge Robin M. Meriweather. Bond Status of Defendant: Defendant Released/Release Issued; Court Reporter: FTR−Gold; FTR Time Frame: Ctrm 4: [3:11:47−(3:48:34−4:11:32)−5:09:36]; Defense Attorney: David Benowitz and Rammy Barbari; US Attorney: Janani Iyengar; Pretrial Officer: Christine Schuck. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/12/2021) |
| 10/08/2021 | 7 | ORDER Setting Conditions of Release as to STEPHEN JOHNSON (1) Personal Recognizance. Signed by Magistrate Judge G. Michael Harvey on 10/8/2021. |

| | | |
|---|---|---|
| | | (Attachment: # 1 Appearance Bond) (ztl) [1:21−mj−00626−ZMF] (Entered: 10/12/2021) |
| 10/14/2021 | 8 | NOTICE OF ATTORNEY APPEARANCE: Emily A. Voshell appearing for STEPHEN JOHNSON (Voshell, Emily) (Main Document 8 replaced on 10/15/2021) (znmw). [1:21−mj−00626−ZMF] (Entered: 10/14/2021) |
| 10/15/2021 | 9 | MOTION to Withdraw as Attorney by David Benowitz. by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Benowitz, David) [1:21−mj−00626−ZMF] (Entered: 10/15/2021) |
| 10/16/2021 | 10 | ORDER granting 9 Motion to Withdraw as Attorney David Barry Benowitz withdrawn from case as to STEPHEN JOHNSON (1). Signed by Magistrate Judge G. Michael Harvey on 10/16/2021. (ztl) [1:21−mj−00626−ZMF] (Entered: 10/18/2021) |
| 11/04/2021 | 12 | Consent MOTION to Continue *Preliminary Hearing and Status Hearing* by STEPHEN JOHNSON. (Voshell, Emily) [1:21−mj−00626−ZMF] (Entered: 11/04/2021) |
| 11/04/2021 | 13 | MOTION to Exclude Time Under the Speedy Trial Act by STEPHEN JOHNSON. (See DE [12] to view document). (bb) [1:21−mj−00626−ZMF] (Entered: 11/05/2021) |
| 11/05/2021 | 14 | ORDER granting 12 Motion to Continue Status/Preliminary Hearing as to STEPHEN JOHNSON (1). Status/Preliminary Hearing continued to 1/4/2022 at 1:00 PM by Telephonic/VTC before Magistrate Judge G. Michael Harvey. Signed by Magistrate Judge Robin M. Meriweather on 11/5/2021. (ztl) [1:21−mj−00626−ZMF] (Entered: 11/08/2021) |
| 11/12/2021 | 15 | Consent MOTION to Modify Conditions of Release by STEPHEN JOHNSON. (Voshell, Emily) [1:21−mj−00626−ZMF] (Entered: 11/12/2021) |
| 11/12/2021 | 16 | ORDER Granting 15 Consent MOTION to Modify Conditions of Release by STEPHEN JOHNSON (1). Signed by Magistrate Judge Robin M. Meriweather on 11/12/2021. (zpt) [1:21−mj−00626−ZMF] (Entered: 11/16/2021) |
| 12/30/2021 | 17 | Consent MOTION to Continue *Preliminary Hearing and Status Hearing* by STEPHEN JOHNSON. (Voshell, Emily) [1:21−mj−00626−ZMF] (Entered: 12/30/2021) |
| 12/30/2021 | 18 | MOTION to Exclude Time Under the Speedy Trial Act. (See DE 17 to view document). by STEPHEN JOHNSON. (bb) [1:21−mj−00626−ZMF] (Entered: 12/30/2021) |
| 12/31/2021 | 20 | ORDER Granting 17 Consent MOTION to Continue Preliminary Hearing and Status Hearing by STEPHEN JOHNSON (1) and Granting 18 Time Under the Speedy Trial Act by STEPHEN JOHNSON (1). Time between 1/4/2022 and 2/8/2022 (35 Days) shall be excluded from calculation under the Speedy Trial Act in the interest of justice X−T. Preliminary/Status Hearing continued to 2/8/2022 at 01:00 PM in Telephonic/VTC before Magistrate Judge Robin M. Meriweather. Signed by Magistrate Judge G. Michael Harvey on 12/31/2021. (zpt) [1:21−mj−00626−ZMF] (Entered: 01/04/2022) |
| 02/04/2022 | 21 | Consent MOTION to Continue *Status and Preliminary Hearing* by STEPHEN JOHNSON. (Voshell, Emily) [1:21−mj−00626−ZMF] (Entered: 02/04/2022) |
| 02/04/2022 | 22 | |

| | | |
|---|---|---|
| | | Consent MOTION to Modify Conditions of Release by STEPHEN JOHNSON. (Voshell, Emily) [1:21−mj−00626−ZMF] (Entered: 02/04/2022) |
| 02/04/2022 | 23 | MOTION to Exclude Time Under the Speedy Trial Actby STEPHEN JOHNSON. (See DE 21 to view document). (bb) [1:21−mj−00626−ZMF] (Entered: 02/06/2022) |
| 02/08/2022 | 25 | ORDER granting 22 Motion to Modify Conditions of Release as to STEPHEN JOHNSON (1). Signed by Magistrate Judge Robin M. Meriweather on 2/8/2022. (ztl) [1:21−mj−00626−ZMF] (Entered: 02/10/2022) |
| 02/08/2022 | 26 | ORDER granting 21 Motion to Continue Preliminary Hearing as to STEPHEN JOHNSON (1). Preliminary Hearing continued to 3/25/2022 at 2:00 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui. Signed by Magistrate Judge Robin M. Meriweather on 2/8/2022. (ztl) [1:21−mj−00626−ZMF] (Entered: 02/28/2022) |
| 03/16/2022 | 27 | Consent MOTION to Modify Conditions of Release by STEPHEN JOHNSON. (Voshell, Emily) [1:21−mj−00626−ZMF] (Entered: 03/16/2022) |
| 03/24/2022 | 29 | ENTERED IN ERROR..... Consent MOTION to Continue *Preliminary Hearing and Status Hearing* by STEPHEN JOHNSON. (Voshell, Emily) Modified text on 3/28/2022 (zpt). [1:21−mj−00626−ZMF] (Entered: 03/24/2022) |
| 03/25/2022 | 30 | Consent MOTION to Continue by STEPHEN JOHNSON. (Voshell, Emily). Modified on 3/26/2022 (zhsj). (Additional attachment(s) added on 3/26/2022: # 1 Text of Proposed Order) (zhsj). [1:21−mj−00626−ZMF] (Entered: 03/25/2022) |
| 03/25/2022 | 31 | MOTION for Exclusion of Time Under the Speedy Trial Actby STEPHEN JOHNSON. (See Docket Entry 30 to View Document). (zhsj) [1:21−mj−00626−ZMF] (Entered: 03/26/2022) |
| 03/28/2022 | 32 | ORDER Granting 30 Consent MOTION to Continue by STEPHEN JOHNSON (1) and Granting 31 MOTION for Exclusion of Time Under the Speedy Trial Act by STEPHEN JOHNSON (1). Time between 3/25/2022 and 5/9/2022 (45 Days) shall be excluded from calculation under the Speedy Trial Act in the interest of justice X−T. Preliminary/Status Hearing set for 5/9/2022 at 01:30 PM in Telephonic/VTC before Magistrate Judge Robin M. Meriweather. Signed by Magistrate Judge Zia M. Faruqui on 3/28/2022. (zpt) [1:21−mj−00626−ZMF] (Entered: 03/28/2022) |
| 04/01/2022 | | Set/Reset Hearings as to STEPHEN JOHNSON: Motion Hearing set for 4/4/2022 at 10:00 AM in Telephonic/VTC before Magistrate Judge G. Michael Harvey. (zpt) [1:21−mj−00626−ZMF] (Entered: 04/01/2022) |
| 04/04/2022 | | MINUTE ORDER granting in part and denying in part 27 Motion to Modify Conditions of Release as to STEPHEN JOHNSON. The Court believes Defendant has done well under supervision to date because of the strict conditions of release that were originally set for him to reasonably assure the safety of the community. The Court is not prepared to alter those conditions in a way that would compromise the Pretrial Service Agency's ability to supervise him, undermine the ability of his third−party custodians to monitor him around the clock, or grant him further access to the public or potential access to Internet−enabled devices. For these reasons, the Court DENIES Defendant's requests to: remove the requirement that a third−party custodian be with him at all times; be permitted to renovated or manage the renovation of an apartments in an apartment building that he owns; be permitted to make trips unaccompanied to home improvement stores (i.e., Home Depot) or electric vehicle |

| | | |
|---|---|---|
| | | charging facilities; and be allowed to engage in outdoor exercise at Langston Golf Course. The Defendant has requested to move from his mother's residence (where he currently resides) to an apartment in a building he owns in Washington, D.C. The Court GRANTS Defendant's request to move his residence to an apartment in that building, but, again, DENIES his request to move freely within the apartment building, and on the property on which the building lies, to renovate or manage the renovation of that building, which is occupied by other renters. Defendant must coordinate his move to an apartment within that building with the Pretrial Services Agency. All other conditions of Defendant's pretrial release previously set by this Court, including the requirement that he be continuously monitored by his Court–appointed third–party custodians, remain unchanged and in effect now and after he moves his residence to the apartment building. With respect to Defendant's request to also and occasionally reside in his fiance's condo in Northern Virginia, the Court accepts the Pretrial Services Agency's representations that its GPS monitoring system cannot accommodate two residential addresses. Accordingly, and for the other reasons stated above, that request is DENIED. Defendant also requests the ability to visit his mother's residence (without limitation on the number and duration of "visits") after he moves his residence to the apartment building. The Court DENIES that request, as allowing Defendant unrestricted freedom to move back–and–forth between his apartment and his mother's residence runs counter to Defendant's release into home incarceration and to limiting his access to the public. Signed by Magistrate Judge G. Michael Harvey on 4/4/2022. (lccm) [1:21–mj–00626–ZMF] (Entered: 04/04/2022) |
| 04/04/2022 | | Minute Entry for proceedings held before Magistrate Judge G. Michael Harvey: VTC Motions Hearing as to STEPHEN JOHNSON (1) held on 4/4/2022 re 27 Consent MOTION to Modify Conditions of Release filed by STEPHEN JOHNSON (1). Bond Status of Defendant: Defendant remains on personal recognizance bond; Court Reporter: FTR Gold; FTR Time Frame: Ctrm 6 [10:13:14–11:07:16]; Defense Attorney: Emily Voshell; U.S. Attorney: Janani Iyengar; Pretrial Officer: John Copes. (bb) [1:21–mj–00626–ZMF] (Entered: 04/07/2022) |
| 05/05/2022 | 34 | Consent MOTION to Continue *Preliminary and Status Hearing* by STEPHEN JOHNSON. (Voshell, Emily) [1:21–mj–00626–ZMF] (Entered: 05/05/2022) |
| 05/05/2022 | 36 | MOTION for Exclusion of Time Under the Speedy Trial Actby STEPHEN JOHNSON. (See Docket Entry 34 to View Document). (zhsj) [1:21–mj–00626–ZMF] (Entered: 05/06/2022) |
| 05/06/2022 | 37 | Consent MOTION to Modify Conditions of Release by STEPHEN JOHNSON. (Voshell, Emily) [1:21–mj–00626–ZMF] (Entered: 05/06/2022) |
| 05/06/2022 | 38 | ORDER granting 34 Motion to Continue Preliminary Hearing as to STEPHEN JOHNSON (1). Preliminary Hearing continued to 5/20/2022 at 1:30 PM by Telephonic/VTC before Magistrate Judge Robin M. Meriweather. Signed by Magistrate Judge Robin M. Meriweather on 5/6/2022. (ztl) [1:21–mj–00626–ZMF] (Entered: 05/06/2022) |
| 05/06/2022 | | Set/Reset Hearings as to STEPHEN JOHNSON: Preliminary Hearing set for 5/20/2022 at 1:30 PM by Telephonic/VTC before Magistrate Judge Zia M. Faruqui. (ztl) [1:21–mj–00626–ZMF] (Entered: 05/06/2022) |
| 05/09/2022 | 39 | ORDER granting 37 Motion to Modify Conditions of Release as to STEPHEN JOHNSON (1). Signed by Magistrate Judge Robin M. Meriweather on 05/09/2022. |

| | | (zcll) [1:21−mj−00626−ZMF] (Entered: 05/10/2022) |
|---|---|---|
| 05/19/2022 | 41 | MOTION to Continue by USA as to STEPHEN JOHNSON. (Iyengar, Janani) [1:21−mj−00626−ZMF] (Entered: 05/19/2022) |
| 05/19/2022 | | MOTION for Exclusion of Time Under the Speedy Trial Act by USA. (See Docket Entry 40 to View Document.) (zcll) [1:21−mj−00626−ZMF] (Entered: 05/20/2022) |
| 05/19/2022 | 42 | ORDER granting 41 Motion to Continue Preliminary Hearing and Exclude Time as to STEPHEN JOHNSON (1). Set/Reset Hearings as to STEPHEN JOHNSON: Preliminary Hearing continued to 5/25/2022 at 1:00 PM by Telephonic/VTC before Magistrate Judge Robin M. Meriweather. Signed by Magistrate Judge Robin M. Meriweather on 5/19/2022. (zcll) [1:21−mj−00626−ZMF] (Entered: 05/20/2022) |
| 05/20/2022 | 43 | INDICTMENT as to STEPHEN JOHNSON (1) count(s) 1. (FORFEITURE ALLEGATION) (zstd) (Entered: 05/23/2022) |
| 05/23/2022 | | MINUTE ORDER: The hearing currently scheduled for 5/25/2022 before Magistrate Judge Robin M. Meriweather is hereby VACATED, as the Defendant has had an initial appearance in this jurisdiction, has retained counsel, has been released on conditions and has been charged by Indictment. As such, there are no pending matters necessitating action by a magistrate judge. The parties are directed to contact the assigned District Judge to schedule a status hearing [and arraignment], if one has not yet been set. The parties are instructed to address any requests to toll the Speedy Trial Act to the assigned District Judge. Signed by Magistrate Judge Robin M. Meriweather on 5/23/2022. (zcll) (Entered: 05/23/2022) |
| 05/23/2022 | 45 | NOTICE OF ATTORNEY APPEARANCE: Tony W. Miles appearing for STEPHEN JOHNSON (Miles, Tony) (Entered: 05/23/2022) |
| 05/23/2022 | 47 | NOTICE OF ATTORNEY APPEARANCE: Jonathan Jeffress appearing for STEPHEN JOHNSON (Jeffress, Jonathan) (Entered: 05/23/2022) |
| 05/23/2022 | 48 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Iyengar, Janani added. (Iyengar, Janani) (Entered: 05/23/2022) |
| 05/31/2022 | | NOTICE OF HEARING as to STEPHEN JOHNSON: Status Conference set for 6/10/2022 at 10:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcal) (Entered: 05/31/2022) |
| 06/10/2022 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference / Arraignment as to STEPHEN JOHNSON (1) Count 1 held on 6/10/2022. Not Guilty as to Count. Speedy Trial as to STEPHEN JOHNSON is Excluded from 6/10/2022 to 8/17/2022, in the Interest of Justice, XT. Status Conference set for 8/17/2022 at 11:00 AM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Jonathan Jeffress; US Attorney: Janani Iyengar. (zcal) (Entered: 06/10/2022) |
| 06/10/2022 | 50 | MOTION to Withdraw as Attorney by Emily Voshell. by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 06/10/2022) |
| 06/13/2022 | | MINUTE ORDER. Upon review of 50 Emily Voshells Motion to Withdraw, it is ORDERED that the Motion is GRANTED. Signed by Judge Carl J. Nichols on June 13, 2022. (lccjn2) (Entered: 06/13/2022) |

| 06/13/2022 | | Attorney update in case as to STEPHEN JOHNSON. Attorney Emily A. Voshell terminated. (zcal) (Entered: 06/15/2022) |
|---|---|---|
| 06/15/2022 | 51 | ENTERED IN ERROR.....NOTICE *of Discovery Letter for Production 1* by USA as to STEPHEN JOHNSON (Iyengar, Janani) Modified on 6/16/2022 (zstd). (Entered: 06/15/2022) |
| 06/15/2022 | | NOTICE OF ERROR as to STEPHEN JOHNSON regarding 51 Notice (Other). The following error(s) need correction: Incorrect format (Letter)– correspondence is not permitted (LCrR 49(f)(4)). Please refile. (zstd) (Entered: 06/16/2022) |
| 06/16/2022 | 52 | NOTICE *of Filing Discovery Letter for Production 1* by USA as to STEPHEN JOHNSON (Attachments: # 1 Discovery Letter)(Iyengar, Janani) (Entered: 06/16/2022) |
| 08/16/2022 | 54 | MOTION to Continue *the August 17, 2022, Status Hearing* by USA as to STEPHEN JOHNSON. (Iyengar, Janani) (Entered: 08/16/2022) |
| 08/16/2022 | | MINUTE ORDER as to STEPHEN JOHNSON. It is ORDERED that the 54 Consent Motion to Continue Status Hearing is GRANTED. It is further ORDERED that the parties shall appear for a telephone conference on September 26, 2022 at 1:00 P.M. It is further ORDERED that the period from August 17, 2022 to September 26, 2022 be excluded from computing the time within which a trial must commence under the Speedy Trial Act because the ends of justice served by such a continuance outweigh the interests of the public and Defendant STEPHEN JOHNSON in a speedy trial. *See* 18 U.S.C. § 3161. Signed by Judge Carl J. Nichols on August 16, 2022. (lccjn2) Modified on 8/16/2022 to correct hearing type (zcal). (Entered: 08/16/2022) |
| 08/16/2022 | 55 | MOTION for Excludable Delay by USA as to STEPHEN JOHNSON. (See docket entry 54 to view document). (zstd) (Entered: 08/16/2022) |
| 09/26/2022 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to STEPHEN JOHNSON held on 9/26/2022. Speedy Trial as to STEPHEN JOHNSON is Excluded from 9/26/2022 to 11/7/2022, in the Interest of Justice, XT. Status Conference set for 11/7/2022 at 01:00 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendants remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles; US Attorney: Janani Iyengar. (zcal) (Entered: 09/27/2022) |
| 10/26/2022 | 57 | MOTION to Continue by USA as to STEPHEN JOHNSON. (Iyengar, Janani) (Entered: 10/26/2022) |
| 10/26/2022 | | MINUTE ORDER as to STEPHEN JOHNSON. Upon review of the Government's 57 Consent Motion to Continue Status Hearing and Exclude Time Under the Speedy Trial Act, it is ORDERED that the Motion is GRANTED. The November 7, 2022 telephonic status conference is rescheduled for November 17, 2022 at 10:00 AM. It is further ORDERED that the period from November 7, 2022 to November 17, 2022 be excluded from computing the time within which a trial must commence under the Speedy Trial Act because the ends of justice served by such a continuance outweigh the interests of the public and Defendant in a speedy trial. *See* 18 U.S.C. § 3161. Signed by Judge Carl J. Nichols on October 26, 2022. (lccjn2) (Entered: 10/26/2022) |
| 10/26/2022 | 58 | MOTION for Excludable Delay by USA as to STEPHEN JOHNSON. (See docket entry 57 to view document.) (zstd) (Entered: 10/26/2022) |
| 11/17/2022 | | |

| | | |
|---|---|---|
| | | NOTICE OF HEARING as to STEPHEN JOHNSON: Status Conference RESET for 11/29/2022 at 10:00 AM in Telephonic/VTC before Judge Carl J. Nichols. (zcal) (Entered: 11/17/2022) |
| 11/21/2022 | 60 | MOTION to Continue by USA as to STEPHEN JOHNSON. (Iyengar, Janani) (Entered: 11/21/2022) |
| 11/21/2022 | 61 | MOTION for Excludable Delay by USA as to STEPHEN JOHNSON. (See docket entry 60 to view document.) (zstd) (Entered: 11/21/2022) |
| 11/21/2022 | | MINUTE ORDER as to STEPHEN JOHNSON. Upon review of the Government's 60 Motion to Continue Status Hearing and 61 Motion for Excludable Delay, it is ORDERED that the Motions are GRANTED. It is further ORDERED that the Parties shall appear for a telephonic status conference on November 30, 2022 at 10:00 AM. It is further ORDERED that the period from November 17, 2022 to November 30, 2022 be excluded, *nunc pro tunc*, from computing the time within which a trial must commence under the Speedy Trial Act because the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial.Signed by Judge Carl J. Nichols on November 21, 2022. (lccjn2) (Entered: 11/21/2022) |
| 11/30/2022 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to STEPHEN JOHNSON held on 11/30/2022. Speedy Trial as to STEPHEN JOHNSON is Excluded from 11/30/2022 to 2/6/2023, in the Interest of Justice, XT. Status Conference set for 2/6/2023 at 12:30 PM in Telephonic/VTC before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Tammy Nestor; Defense Attorney: Tony Miles; US Attorney: Janani Iyengar. (zcam) (Entered: 11/30/2022) |
| 01/27/2023 | 63 | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Courtney, Paul Vincent added. Substituting for attorney Janani Iyengar (Courtney, Paul) (Entered: 01/27/2023) |
| 02/02/2023 | 64 | Consent MOTION to Continue *Status Hearing*, Consent MOTION to Exclude *Time Under Speedy Trial Act* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 02/02/2023) |
| 02/03/2023 | | MINUTE ORDER as to STEPHEN JOHNSON. Upon review of Defendant's 64 Consent Motion for Continuance and Exclusion of Time, it is ORDERED that the Motion is GRANTED. The telephonic status conference scheduled for February 6, 2023, is VACATED and RESCHEDULED for February 24, 2023, at 11:00 AM. It is further ORDERED that the period from February 6, 2023, to February 24, 2023, be excluded from computing the time within which a trial must commence under the Speedy Trial Act because the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial. Signed by Judge Carl J. Nichols on February 3, 2023. (lccjn2) (Entered: 02/03/2023) |
| 02/24/2023 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to STEPHEN JOHNSON held on 2/24/2023. Speedy Trial as to STEPHEN JOHNSON is Excluded from 2/24/2023 to 4/10/2023, in the Interest of Justice, XT. Status Conference set for 4/10/2023 at 12:30 PM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles; US Attorney: Paul Courtney. (zcam) (Entered: 02/24/2023) |

| 03/20/2023 | | Set/Reset Hearings as to STEPHEN JOHNSON:Status Conference RESET for 4/13/2023 at 10:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. (zcam) (Entered: 03/20/2023) |
|---|---|---|
| 03/24/2023 | 67 | MOTION to Modify Conditions of Release by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 03/24/2023) |
| 04/10/2023 | | Set/Reset Hearings as to STEPHEN JOHNSON:Status Conference set for 4/26/2023 at 11:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. (mac) (Entered: 04/10/2023) |
| 04/12/2023 | | ENTERED IN ERROR.....MINUTE ORDER as to STEPHEN JOHNSON. It is ORDERED that the period from April 10, 2023 to April 26, 2023, be excluded *nunc pro tunc* from computing the time within which a trial must commence under the Speedy Trial Act because the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial. Signed by Judge Carl J. Nichols on April 12, 2023. (lccjn2) (Entered: 04/12/2023) |
| 04/12/2023 | | MINUTE ORDER as to STEPHEN JOHNSON. It is ORDERED that the period from April 10, 2023 to April 26, 2023, be excluded *nunc pro tunc* from computing the time within which a trial must commence under the Speedy Trial Act because the ends of justice served by such a continuance outweigh the best interests of the public and Defendant in a speedy trial. Signed by Judge Carl J. Nichols on April 12, 2023. (lccjn2) (Entered: 04/13/2023) |
| 04/14/2023 | 69 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 67 Motion to Modify Conditions of Release (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) (Entered: 04/14/2023) |
| 04/26/2023 | | Minute Entry for proceedings held before Judge Carl J. Nichols:Status Conference as to STEPHEN JOHNSON held on 4/26/2023. The Court Heard Representations From The Parties In Regards To 67 Motion To Modify Conditions Of Release. The Court Will Modify The Release Conditions As Follows: 1. The Court Will Allow The Defendant To Exercise Twice A Week (One Hour Sessions Each) As Long As A Third–party Custodian Is Present and 2.) One Round of 18 HolesOf Golf Per Month With The Presence Of A Third–Party Custodian.Status Conference set for 5/31/2023 at 12:30 PM in Courtroom 17– In Person before Judge Carl J. Nichols. With The Consent Of The Defendant, Speedy Trial Time Is Tolled 4/26/23 – 5/31/23 In The Interest Of Justice (XT). Bond Status of Defendant: PERSONAL RECOGNIZANCE; Court Reporter: LORRAINE HERMAN; Defense Attorney: TONY MILES/ JONATHAN JEFFRESS; US Attorney: PAUL COURTNEY/DENISE CHEUNG/AMY LARSON; (mac) (Entered: 04/26/2023) |
| 04/27/2023 | | MINUTE ORDER as to STEPHEN JOHNSON. For the reasons discussed at the April 26, 2023 status conference, it is ORDERED that Defendant's 67 Motion to Modify Conditions of Release is GRANTED IN PART and DENIED IN PART. It is further ORDERED that Defendant's conditions of release are MODIFIED such that (1) Defendant is permitted to leave his residence for a one–hour session of exercise twice per week, provided that a third–party custodian is present at all times, and (2) Defendant is permitted to leave his residence to play one round of 18 holes of golf once per month, provided that a third–party custodian is present at all times. It is further ORDERED that Defendant shall notify the Pretrial Services Agency before engaging in any outdoor activity. This notification must include the activity he intends to do and where he will do that activity. Signed by Judge Carl J. Nichols on April 27, |

| | | 2023. (lccjn2) (Entered: 04/27/2023) |
|---|---|---|
| 05/26/2023 | 73 | Joint MOTION to Continue *Status Hearing* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Miles, Tony) (Entered: 05/26/2023) |
| 05/26/2023 | 74 | MOTION for Exclusion of Time Under the Speedy Trial Act by STEPHEN JOHNSON. (See docket entry 73 to view document.) (zstd) (Entered: 05/26/2023) |
| 05/29/2023 | | MINUTE ORDER as to STEPHEN JOHNSON. Upon review of the 73 Joint Motion for Continuance and the 74 Motion for Exclusion of Time, it is ORDERED that the Motions are GRANTED. The status conference currently scheduled for May 31, 2023 is CONTINUED to July 13, 2023 at 1:00 PM in Courtroom 17. It is further ORDERED that the time between May 31, 2023, and July 13, 2023, shall be excluded from computing the time within which trial must commence under the Speedy Trial Act because the ends of justice served by granting such a continuance outweigh the best interest of the public and the defendant in a speedy trial. Signed by Judge Carl J. Nichols on May 29, 2023. (lccjn2) (Entered: 05/29/2023) |
| 07/13/2023 | | Minute Entry for proceedings held before Judge Carl J. Nichols:Status Conference as to STEPHEN JOHNSON held on 7/13/2023. Parties Updated The Court On The Current Posture Of This Matter And Request Jury Trial. Parties Will Meet/Confer And File A Proposed Pre–Tral Briefing Schedule due by 7/28/2023. Jury Selection/Trial set for 12/11/2023 at 9:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. With The Consent Of The Parties, Speedy Trial Time Is Excluded 07/13/23 – 12/11/23 In The Interest Of Justice (XT). The Court And The Parties Discussed Potential Conflict Of Counsel. Bond Status of Defendant: PERSONAL RECOGNIZANCE; Court Reporter: SARA WICK; Defense Attorney: TONY MILES/ JONATHAN JEFFRESS/JEFFREY O'TOOLE (CONFLICT COUNSEL); US Attorney: DENISE CHEUNG/ PAUL COURTNEY; (mac) (Entered: 07/14/2023) |
| 07/28/2023 | 76 | Joint MOTION *Regarding Scheduling Order* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Miles, Tony) (Entered: 07/28/2023) |
| 07/31/2023 | | MINUTE ORDER as to STEPHEN JOHNSON. It is ORDERED that the Parties shall appear for a telephonic status conference on August 8, 2023 at 11:00 AM to discuss changes to the trial schedule. Signed by Judge Carl J. Nichols on July 31, 2023. (lccjn2) (Entered: 07/31/2023) |
| 08/07/2023 | 77 | NOTICE OF ATTORNEY APPEARANCE Jocelyn Patricia Bond appearing for USA. (Bond, Jocelyn) (Entered: 08/07/2023) |
| 08/08/2023 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Telephone Status Conference as to STEPHEN JOHNSON held on 8/8/2023. Speedy Trial as to STEPHEN JOHNSON is Excluded from 12/11/2023 to 1/29/2024, in the Interest of Justice, XT. Proposed Scheduling Order due by 8/18/2023. Jury Selection / Jury Trial reset for 1/29/2024 at 09:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Jonathan Jeffress; US Attorney: Paul Courtney and Jocelyn Bond. (zcam) (Entered: 08/08/2023) |
| 08/16/2023 | 78 | Joint MOTION Regarding Proposed Scheduling Order by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order – Proposed Scheduling Order)(Courtney, Paul) Modified event type and text on 8/17/2023 (zstd). (Entered: 08/16/2023) |

| 09/28/2023 | 79 | SCHEDULING ORDER. Signed by Judge Carl J. Nichols on September 28, 2023. (lccjn2) (Entered: 09/28/2023) |
|---|---|---|
| 09/28/2023 |  | Set/Reset Deadlines/Hearings as to STEPHEN JOHNSON: Exhibit List due by 1/12/2024. Motions due by 11/8/2023. Proposed Voir Dire due by 1/12/2024. Proposed Jury Instructions due by 1/12/2024. Pretrial Statement due by 1/12/2024. Responses due by 11/22/2023 Replies due by 11/29/2023. Witness List due by 1/12/2024. Status Conference set for 1/19/2024 at 12:30 PM in Telephonic/VTC before Judge Carl J. Nichols. (zcam) (Entered: 09/29/2023) |
| 11/08/2023 | 80 | Unopposed MOTION for Extension of Time to File *Pretrial Materials* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Bond, Jocelyn) (Entered: 11/08/2023) |
| 11/22/2023 |  | MINUTE ORDER. The 80 unopposed motion to extend time is GRANTED. It is further ORDERED that the time in which the United States may file notice under Fed. R. Crim. P. 404(b) and the time in which attorneys for the defendant may file any motions to dismiss is extended to November 22, 2023. It is further ORDERED that the related responses and replies shall by filed by December 6, 2023 and December 13, 2023, respectively. So ORDERED by Judge Carl J. Nichols on November 22, 2023. (lccjn2) (Entered: 11/22/2023) |
| 11/22/2023 | 81 | Notice of Intent to Introduce Evidence of Other Bad Acts Pursuant to Federal Rule of Evidence 404(b) by USA as to STEPHEN JOHNSON. (Courtney, Paul) Modified text on 11/22/2023 (zstd). (Entered: 11/22/2023) |
| 11/22/2023 | 82 | MOTION to Suppress *Evidence from Google Account* by STEPHEN JOHNSON. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Miles, Tony) (Entered: 11/22/2023) |
| 11/22/2023 | 83 | MOTION to Suppress *Evidence Seized from Residence* by STEPHEN JOHNSON. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Miles, Tony) (Entered: 11/22/2023) |
| 11/22/2023 | 84 | MOTION to Suppress *Evidence from Electronic and Storage Devices* by STEPHEN JOHNSON. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Miles, Tony) (Entered: 11/22/2023) |
| 11/22/2023 | 85 | MOTION to Suppress *Statements* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Miles, Tony) (Entered: 11/22/2023) |
| 11/22/2023 | 86 | MOTION to Dismiss Case *for Insufficient Notice* by STEPHEN JOHNSON. (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Miles, Tony) (Entered: 11/22/2023) |
| 11/22/2023 | 87 | MOTION to Dismiss Case *Due to Duplicity* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Miles, Tony) (Entered: 11/22/2023) |
| 11/27/2023 | 88 | Consent MOTION for Extension of Time to *File Pretrial Motions* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) (Entered: 11/27/2023) |
| 12/02/2023 | 89 | MOTION for Hearing *for Court to Conduct Renewed Conflict−of−Interest Inquiry with Defendant Stephen Johnson* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) (Entered: 12/02/2023) |

| 12/02/2023 | 90 | MOTION for Hearing *for Court to Conduct Frye/Lafler Inquiry with Defendant Stephen Johnson* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) (Entered: 12/02/2023) |
|---|---|---|
| 12/04/2023 | | MINUTE ORDER as to STEPHEN JOHNSON. The 88 Consent Motion for Extension of Time to File Pretrial Motions is GRANTED. It is further ORDERED that the government shall file its pretrial motions (including motions in limine) on or before December 8, 2023; Defendant shall file any responses on or before December 22, 2023; and the government shall file any replies on or before December 29, 2023. So ORDERED by Judge Carl J. Nichols on December 4, 2023. (lccjn2) (Entered: 12/04/2023) |
| 12/04/2023 | | Set/Reset Deadlines as to STEPHEN JOHNSON: Motions due by 12/8/2023. Responses due by 12/22/2023 Replies due by 12/29/2023. (zcam) (Entered: 12/06/2023) |
| 12/06/2023 | 91 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 86 Motion to Dismiss Case, 87 Motion to Dismiss Case (Bond, Jocelyn) (Entered: 12/06/2023) |
| 12/06/2023 | 92 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 85 Motion to Suppress *Statements* (Bond, Jocelyn) (Entered: 12/06/2023) |
| 12/06/2023 | 93 | Memorandum in Opposition by STEPHEN JOHNSON re 81 Notice of Intent (Miles, Tony) Modified text on 12/7/2023 (zstd). (Entered: 12/06/2023) |
| 12/06/2023 | 94 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 83 Motion to Suppress, 82 Motion to Suppress, 84 Motion to Suppress *Government's Consolidated Memorandum in Opposition to Defendant Stephen Johnson's Motions to Suppress Evidence from Google Account, Seized from Residence, and from Electronic and Storage Devices* (Attachments: # 1 Exhibit A – Google CyberTip Warrant Application Submitted March 23, 2021, in Case No. 20–SW–321, # 2 Exhibit B – Google Product Manager Declaration Submitted April 21, 2021, in Case No. 20–SW–321, # 3 Exhibit C – Order Denying Google CyberTip Warrant Application Entered May 22, 2021, in Case No. 20–SW–321, # 4 Exhibit D – Google Search Warrant Issued March 30, 2021, in Case No. 21–SC–1056, # 5 Exhibit E – Residential Search Warrant Issued October 5, 2021, in Case No. 21–SW–334, # 6 Exhibit F – FBI 302 and Documentation Pertaining to Examination of Seized Digital Devices)(Courtney, Paul) (Entered: 12/06/2023) |
| 12/08/2023 | 95 | MOTION in Limine *to Exclude Non–Child Pornography Evidence* by STEPHEN JOHNSON. (Attachments: # 1 Exhibit A)(Miles, Tony) (Entered: 12/08/2023) |
| 12/11/2023 | 96 | Unopposed MOTION for Extension of Time to File Response/Reply as to 83 MOTION to Suppress *Evidence Seized from Residence*, 82 MOTION to Suppress *Evidence from Google Account*, 85 MOTION to Suppress *Statements*, 87 MOTION to Dismiss Case *Due to Duplicity*, 84 MOTION to Suppress *Evidence from Electronic and Storage Devices*, 86 MOTION to Dismiss Case *for Insufficient Notice* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Miles, Tony) (Entered: 12/11/2023) |
| 12/19/2023 | 97 | REPLY by USA as to STEPHEN JOHNSON re 93 Memorandum in Opposition *to Admitting Relevant 404(b) Evidence* (Bond, Jocelyn) (Entered: 12/19/2023) |
| 12/19/2023 | 98 | REPLY TO OPPOSITION to Motion by STEPHEN JOHNSON re 86 MOTION to Dismiss Case *for Insufficient Notice*, 87 MOTION to Dismiss Case *Due to Duplicity* |

| | | (Miles, Tony) (Entered: 12/19/2023) |
|---|---|---|
| 12/19/2023 | 99 | REPLY TO OPPOSITION to Motion by STEPHEN JOHNSON re 83 MOTION to Suppress *Evidence Seized from Residence*, 84 MOTION to Suppress *Evidence from Electronic and Storage Devices*, 82 MOTION to Suppress *Evidence from Google Account* (Miles, Tony) (Entered: 12/19/2023) |
| 12/19/2023 | 100 | REPLY TO OPPOSITION to Motion by STEPHEN JOHNSON re 85 MOTION to Suppress *Statements* (Miles, Tony) (Entered: 12/19/2023) |
| 12/21/2023 | | MINUTE ORDER as to STEPHEN JOHNSON. The 89 and 90 Motions for Hearings are GRANTED. It is further ORDERED that the parties shall appear for both hearings on January 9, 2023 at 10 AM in Courtroom 17.So ORDERED by Judge Carl J. Nichols on December 21, 2023. (lccjn2) (Entered: 12/21/2023) |
| 12/21/2023 | 101 | SUPERSEDING INDICTMENT as to STEPHEN JOHNSON (1) count(s) 1s–15s, 16s. (FORFEITURE ALLEGATION) (zstd) (Entered: 12/21/2023) |
| 12/22/2023 | 103 | MOTION for Order Permitting Disclosure of Items Protected by Federal Rule of Criminal Procedure 6(e) by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) Modified event type on 12/22/2023 (zstd). (Entered: 12/22/2023) |
| 12/27/2023 | 104 | Unopposed MOTION for Leave to File *Out of Time Memorandum in Opposition to Defendant's Motion in Limine to Exclude Evidence of Non–Child Pornographic Material* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Opposition to Defendant's Motion in Limine to Exclude Evidence of Non–Child Pornographic Material)(Courtney, Paul) (Entered: 12/27/2023) |
| 01/06/2024 | 106 | NOTICE *OF FILING* by USA as to STEPHEN JOHNSON (Attachments: # 1 January 6, 2024, Letter Memorializing Plea Offers)(Courtney, Paul) (Entered: 01/06/2024) |
| 01/09/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Status Conference / Arraignment as to STEPHEN JOHNSON (1): Counts 1s–15s,16s held on 1/9/2024. Not Guilty Plea as to all counts. Motion 103 ; Granted. Further Order to be issued by the Court. Speedy Trial as to STEPHEN JOHNSON (1) is Excluded from 1/29/2024 to 4/8/2024, in the Interest of Justice, XT. Parties notify Courtroom Deputy of attorney's availability due by 1/9/2024. Revised Proposed Scheduling Order due by 1/16/2024. Colloquy set for 1/19/2024 at 12:30 PM in Courtroom 17– In Person before Judge Carl J. Nichols. Jury Selection / Jury Trial reset for 4/8/2024 at 09:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles; US Attorney: Paul Courtney and Jocelyn Bond. (zcam) (Entered: 01/09/2024) |
| 01/15/2024 | | MINUTE ORDER as to Stephen Johnson. It is ORDERED that the 103 Motion for An Order Permitting Disclosure of Items Protected by Federal Rule of Criminal Procedure 6(e) is GRANTED. It is further ORDERED that the United States may provide in discovery materials protected by Federal Rule of Criminal Procedure 6(e). So ORDERED by Judge Carl J. Nichols on January 15, 2024. (lccjn2) (Entered: 01/15/2024) |
| 01/15/2024 | | MINUTE ORDER as to Stephen Johnson. It is ORDERED that the 104 Unopposed Motion for Leave to File Out of Time is GRANTED. The Court shall accept the |

| | | |
|---|---|---|
| | | Memorandum in Opposition submitted by the government as an attachment to its 104 Motion.So ORDERED by Judge Carl J. Nichols on January 15, 2024. (lccjn2) (Entered: 01/15/2024) |
| 01/16/2024 | 107 | Joint MOTION for Pretrial Scheduling Order(with two areas of disagreement noted) by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order Proposed Pretrial Scheduling Order (with two areas of disagreement noted))(Courtney, Paul) Modified event type and text on 1/17/2024 (zstd). (Entered: 01/16/2024) |
| 01/19/2024 | | Set/Reset Hearings as to STEPHEN JOHNSON: Status Conference reset for 1/25/2024 at 03:00 PM in Courtroom 17– In Person before Judge Carl J. Nichols. (zcam) (Entered: 01/19/2024) |
| 01/25/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Conflicts Hearing/ Plea Inquiry as to STEPHEN JOHNSON held on 1/25/2024. Defendant waived conflict of Jonathan Jeffress. Further Order to be issued by the Court. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles and Jonathan Jeffress; Jeffrey O'Toole (Conflicts Counsel); US Attorney: Jocelyn Bond and Paul Courtney. (zcam) (Entered: 01/25/2024) |
| 01/25/2024 | 109 | PRETRIAL SCHEDULING ORDER. Signed by Judge Carl J. Nichols on January 25, 2024. (lccjn2) (Entered: 01/25/2024) |
| 01/25/2024 | | Set/Reset Deadlines/Hearings as to STEPHEN JOHNSON: Exhibit List due by 3/22/2024. Motions due by 3/1/2024. Proposed Voir Dire due by 3/22/2024. Proposed Jury Instructions due by 3/22/2024. Pretrial Statement due by 3/22/2024. Responses due by 3/15/2024 Replies due by 3/22/2024. Witness List due by 3/22/2024. Pretrial Conference set for 4/2/2024 at 02:00 PM in Courtroom 17– In Person before Judge Carl J. Nichols. (zcam) (Entered: 02/14/2024) |
| 02/08/2024 | 110 | SECOND SUPERSEDING INDICTMENT as to STEPHEN JOHNSON (1) count(s) 1ss–15ss, 16ss. (FORFEITURE ALLEGATION) (zljn) (Entered: 02/09/2024) |
| 02/16/2024 | 112 | NOTICE of Expert Testimony by USA as to STEPHEN JOHNSON (Attachments: # 1 February 16, 2024, Letter Noticing James M. Fottrell and Dero Tucker as Expert Witnesses, # 2 Curriculum Vitae of James M. Fottrell, # 3 Curriculum Vitae of Dero Tucker)(Courtney, Paul) (Entered: 02/16/2024) |
| 03/01/2024 | 113 | MOTION in Limine to Protect Victim Privacy by USA as to STEPHEN JOHNSON. (Bond, Jocelyn) (Entered: 03/01/2024) |
| 03/01/2024 | 114 | NOTICE of Expert Testimony by STEPHEN JOHNSON (Attachments: # 1 Notice to Counsel/Party)(Jeffress, Jonathan) (Entered: 03/01/2024) |
| 03/01/2024 | 115 | MOTION to Dismiss Count Five and Count Eight by STEPHEN JOHNSON. (Miles, Tony) (Entered: 03/01/2024) |
| 03/01/2024 | 116 | MOTION to Dismiss Count Sixteen by STEPHEN JOHNSON. (Miles, Tony) (Entered: 03/01/2024) |
| 03/01/2024 | 117 | MOTION in Limine to Exclude Certain Evidence by STEPHEN JOHNSON. (Attachments: # 1 Exhibit A)(Miles, Tony) (Entered: 03/01/2024) |
| 03/06/2024 | 118 | |

| | | NOTICE OF SUBSTITUTION OF COUNSEL as to USA. Attorney Lipes, Ryan added. Substituting for attorney Jocelyn Bond (Lipes, Ryan) (Entered: 03/06/2024) |
|---|---|---|
| 03/08/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. In light of all pending motions, the parties are ORDERED to appear for a motions hearing on March 21, 2024 at 10 AM in Courtroom 17. So ORDERED by Judge Carl J. Nichols on March 8, 2024. (lccjn2) (Entered: 03/08/2024) |
| 03/11/2024 | 119 | Unopposed MOTION for Protective Order *Governing Discovery* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) (Entered: 03/11/2024) |
| 03/11/2024 | 120 | MOTION in Limine *to Compel the Defendant to File Sufficient Expert Notice for, and to Preclude Certain Expert Testimony From, Michele Bush* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Exhibit 1 – CV of Michele Bush)(Lipes, Ryan) (Entered: 03/11/2024) |
| 03/11/2024 | 121 | RESPONSE by STEPHEN JOHNSON re 112 Government's Expert Notice (Jeffress, Jonathan) Modified to add link on 3/12/2024 (zstd). (Entered: 03/11/2024) |
| 03/14/2024 | 122 | MOTION in Limine *to Exclude Proposed Evidence of Google Searches* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 03/14/2024) |
| 03/15/2024 | 123 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 116 Motion to dismiss count(s), 115 Motion to dismiss count(s) (Attachments: # 1 Exhibit A – CyberTipline Report 80891261, # 2 Exhibit B – CyberTipline Report 80886510)(Courtney, Paul) (Entered: 03/15/2024) |
| 03/15/2024 | 124 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 117 Motion in Limine, 122 Motion in Limine (Attachments: # 1 Exhibit A – Screenshots from the defendant's cellphone)(Courtney, Paul) (Entered: 03/15/2024) |
| 03/19/2024 | 125 | NOTICE *of Filing – Discovery Correspondence* by USA as to STEPHEN JOHNSON (Attachments: # 1 March 18, 2024, Letter from Jonathan S. Jeffress, Esq., and Tony W. Miles, Esq., to the United States, # 2 March 19, 2024, Letter from the United States to Jonathan S. Jeffress, Esq., and Tony W. Miles, Esq.)(Courtney, Paul) (Main Document 125 replaced on 3/20/2024) (zltp). (Entered: 03/19/2024) |
| 03/19/2024 | 126 | SUPPLEMENT by USA as to STEPHEN JOHNSON re 81 MOTION for 404(b) Evidence – *Government's Notice of Intent to Introduce Evidence of Other Bad Acts Pursuant to Federal Rule of Evidence 404(b)* (Courtney, Paul) (Entered: 03/19/2024) |
| 03/20/2024 | 127 | MOTION in Limine *to Exclude Hearsay Testimony regarding NCMEC reports* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 03/20/2024) |
| 03/20/2024 | 128 | NOTICE of Submission on 82 Motion to Suppress Evidence from Google Account by STEPHEN JOHNSON (Jeffress, Jonathan) Modified to add link on 3/21/2024 (zstd). (Entered: 03/20/2024) |
| 03/20/2024 | 129 | NOTICE *of Intent to Introduce Evidence Pursuant to Federal Rule of Evidence 902(11)* by USA as to STEPHEN JOHNSON (Lipes, Ryan) (Entered: 03/20/2024) |
| 03/20/2024 | 130 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 127 Motion in Limine (Attachments: # 1 Exhibit A – Redacted CyberTip)(Courtney, Paul) (Entered: |

| | | |
|---|---|---|
| | | 03/20/2024) |
| 03/21/2024 | 131 | Joint MOTION for Extension of Time to *Submit Joint Pretrial Statement and for Defendant to File Replies in Support of His Motions in Limine* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) (Entered: 03/21/2024) |
| 03/21/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The 131 Joint Motion for an Extension of Time is GRANTED. It is further ORDERED that the Joint Pretrial Statement and exhibits shall be filed on or before March 27, 2024. It is further ORDERED that Defendant shall file his forthcoming replies in support of his motions in limine on or before March 25, 2024. So ORDERED by Judge Carl J. Nichols on March 21, 2023. (lccjn2) (Entered: 03/21/2024) |
| 03/21/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols:Motion Hearing as to STEPHEN JOHNSON held on 3/21/2024 re 83 MOTION to Suppress *Evidence Seized from Residence* filed by STEPHEN JOHNSON, 84 MOTION to Suppress *Evidence from Electronic and Storage Devices* filed by STEPHEN JOHNSON, 82 MOTION to Suppress *Evidence from Google Account* filed by STEPHEN JOHNSON, 85 MOTION to Suppress *Statements* filed by STEPHEN JOHNSON. All motions heard and taken under advisement. Bond Status of Defendant: Personal Recognizance; Court Reporter: Bryan Wayne; Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes. (dot) (Entered: 03/21/2024) |
| 03/21/2024 | 132 | PROTECTIVE ORDER. Signed by Judge Carl J. Nichols on March 21, 2024. (lccjn2). (Entered: 03/21/2024) |
| 03/21/2024 | 133 | SUPPLEMENT by USA as to STEPHEN JOHNSON re 94 Memorandum in Opposition,,, 92 Memorandum in Opposition (Courtney, Paul) (Main Document 133 replaced on 3/22/2024) (zltp). (Main Document 133 replaced on 3/22/2024) (zltp). (Entered: 03/21/2024) |
| 03/22/2024 | 134 | RESPONSE by STEPHEN JOHNSON 133 Supplement on Motion to Suppress and Mr. Johnson's Supplement to Motion to Suppress Electronic Devices (Jeffress, Jonathan) Modified to add link and text on 3/25/2024 (zstd). (Entered: 03/22/2024) |
| 03/22/2024 | 135 | ENTERED IN ERROR.....ERRATA by STEPHEN JOHNSON (Jeffress, Jonathan) Modified on 3/25/2024 (zstd). (Entered: 03/22/2024) |
| 03/22/2024 | 136 | REPLY by USA as to STEPHEN JOHNSON re 134 Response to document (Courtney, Paul) (Entered: 03/22/2024) |
| 03/22/2024 | | NOTICE OF ERROR as to STEPHEN JOHNSON regarding 135 Errata. The following error(s) need correction: Incorrect format. Please refile a Notice of Filing with the Court's header and caption of the case, the search warrant will be an attachment to the Notice of Filing. (zstd) (Entered: 03/25/2024) |
| 03/25/2024 | 137 | REPLY in Support by STEPHEN JOHNSON re 117 MOTION in Limine *to Exclude Certain Evidence*, 122 MOTION in Limine *to Exclude Proposed Evidence of Google Searches* (Jeffress, Jonathan) (Entered: 03/25/2024) |
| 03/25/2024 | 138 | REPLY in Support by STEPHEN JOHNSON re 116 MOTION to Dismiss Count *Sixteen*, 115 MOTION to Dismiss Count *Five and Count Eight* (Miles, Tony) (Entered: 03/25/2024) |

| 03/27/2024 | 139 | NOTICE *of Filing of Joint Pretrial Submissions* by USA as to STEPHEN JOHNSON (Attachments: # 1 Neutral Statement of the Case, # 2 Proposed Voir Dire Questions, # 3 Proposed Jury Instructions, # 4 Government's Witness List, # 5 Defendant's Witness List, # 6 Government's Exhibit List, # 7 Defense Objections to Government's Exhibit List with Government's Responses, # 8 Proposed Verdict Form)(Lipes, Ryan) (Entered: 03/27/2024) |
|---|---|---|
| 03/28/2024 | 140 | SUPPLEMENT by USA as to STEPHEN JOHNSON re 136 Reply to document, 94 Memorandum in Opposition,,, 92 Memorandum in Opposition, 133 Supplement to any document – *Government's Pre–Hearing Memorandum* (Courtney, Paul) (Entered: 03/28/2024) |
| 03/29/2024 | | NOTICE OF HEARING as to STEPHEN JOHNSON: Evidentiary Hearing set for 4/1/2024 at 11:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. (zcam) (Entered: 03/29/2024) |
| 03/29/2024 | 141 | Unopposed MOTION to Unseal *Search Warrant 2018–SW–0326* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Lipes, Ryan) (Entered: 03/29/2024) |
| 03/31/2024 | 142 | RESPONSE by STEPHEN JOHNSON re 140 Government's Pre–Hearing Brief Regarding the Independent Source Doctrine (Jeffress, Jonathan) Modified to add link on 4/1/2024 (zstd). (Entered: 03/31/2024) |
| 04/01/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. Upon review of the government's representations in the 141 Unopposed Motion to Unseal Search Warrant 2018–SW–0326, it is ORDERED that the motion is GRANTED. SO ORDERED by Judge Carl J. Nichols on April 1, 2024. (lccjn2) (Entered: 04/01/2024) |
| 04/01/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Evidentiary Hearing as to STEPHEN JOHNSON held on 4/1/2024 as to Motion 82 . Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes; Witnesses: Detective Thomas Sullivan. (1 Government Exhibit) (zcam) (Entered: 04/01/2024) |
| 04/01/2024 | 143 | EXHIBIT LIST by USA as to STEPHEN JOHNSON. (zcam) (Entered: 04/01/2024) |
| 04/02/2024 | 145 | NOTICE *of Expert Witness* by STEPHEN JOHNSON (Attachments: # 1 Notice to Counsel/Party)(Miles, Tony) (Entered: 04/02/2024) |
| 04/02/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Pretrial Conference / Arraignment as to STEPHEN JOHNSON (1): Counts 1ss–15ss,16ss held on 4/2/2024. Not Guilty Plea as to all counts. Motions 82 , 83 , 84 , 85 , 115 , 116 , 122 , and 127 ; DENIED for reasons set forth on the record by the Court. Motions 95 and 113 ; Found as MOOT for reasons set forth on the record by the Court. Motion 117 ; Denied in part and Found Moot in Part for reasons set forth on the record by the Court. Government Motion due by midnight 4/4/2024. Defense Response date to be communicated to the Courtroom Deputy. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes. (zcam) (Entered: 04/02/2024) |
| 04/03/2024 | 146 | NOTICE *of Expert Witness (Amended)* by STEPHEN JOHNSON re 114 Notice (Other) (Attachments: # 1 Notice to Counsel/Party)(Miles, Tony) (Entered: |

| | | |
|---|---|---|
| | | 04/03/2024) |
| 04/03/2024 | 147 | NOTICE *of Expert Witness (Amended)* by STEPHEN JOHNSON re 145 Notice (Other) (Attachments: # 1 Notice to Counsel/Party)(Miles, Tony) (Entered: 04/03/2024) |
| 04/04/2024 | 148 | Second MOTION in Limine *to Preclude Expert Testimony* by USA as to STEPHEN JOHNSON. (Courtney, Paul) (Entered: 04/04/2024) |
| 04/05/2024 | 149 | NOTICE *of Filing of Expert Report* by STEPHEN JOHNSON (Attachments: # 1 Exhibit Expert Report, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E, # 7 Exhibit Exhibit F, # 8 Exhibit Exhibit G)(Jeffress, Jonathan) (Entered: 04/05/2024) |
| 04/07/2024 | 150 | RESPONSE by STEPHEN JOHNSON re 148 Second MOTION in Limine *to Preclude Expert Testimony* (Jeffress, Jonathan) (Entered: 04/07/2024) |
| 04/08/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Jury Selection as to STEPHEN JOHNSON began and held on 4/8/2024 as to Counts 1ss–15ss, 16ss. 12 Jurors and 2 Alternates selected. Jury Trial continued to 4/9/2024 at 09:15 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Jonathan Jeffress and Tony Miles; US Attorney: Paul Courtney and Ryan Lipes. (zcam) (Entered: 04/08/2024) |
| 04/08/2024 | | MINUTE ORDER: The Court having impaneled the jury in this action, it is hereby ORDERED that during trial and deliberations all meals for said jury shall be paid by the Clerk of the Court for the U.S. District Court for the District of Columbia. Approved by Judge Carl J. Nichols on 4/8/2024. (zcam) (Entered: 04/08/2024) |
| 04/09/2024 | 152 | SUPPLEMENT by STEPHEN JOHNSON re 150 Response to Motion in Limine to Exclude Dr. Sara Boyd (Jeffress, Jonathan) Modified to add link on 4/9/2024 (zstd). (Entered: 04/09/2024) |
| 04/09/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Jury Trial as to STEPHEN JOHNSON began and held on 4/9/2024 as to Counts 1ss–15ss,16ss. Jury of 12 and 2 Alternates sworn. Jury Trial continued to 4/10/2024 at 09:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Jonathan Jeffress and Tony Miles; US Attorney: Paul Courtney and Ryan Lipes; Witnesses: Daniel Hollar, Susan Lafontant, Special Agent Joseph Harvey, and Laura Cavillo. (zcam) (Entered: 04/09/2024) |
| 04/10/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Jury Trial as to STEPHEN JOHNSON resumed and held on 4/10/2024 as to Counts 1ss–15ss,16ss. Same Jury of 12 and 2 Alternates. Expert Witness Qualified. Government rests its case. Rule 29 Motion; DENIED by the Court for reasons set forth on the record. Jury Trial continued to 4/11/2024 at 09:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Jonathan Jeffress and Tony Miles; US Attorney: Paul Courtney and Ryan Lipes; Witness: Dero Tucker – Expert Witness. (zcam) (Entered: 04/10/2024) |
| 04/11/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Jury Trial as to STEPHEN JOHNSON resumed and held on 4/11/2024 as to Counts 1ss–15ss,16ss. |

| | | |
|---|---|---|
| | | Same Jury of 12 and 2 Alternates. Expert Witness Michele Bush Qualified. Voir Dire of potential expert witness Dr. Sara Boyd. Dr. Sara Boyd Qualified as an Expert Witness. Jury Trial continued to 4/12/2024 at 09:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes; Witnesses: Adanna Johnson, Michele Bush – Expert Witness, Brenda Donald, Adrian Washington, Kimberly Dailey, and Dr. Sara Boyd (Voir Dire). (zcam) (Entered: 04/11/2024) |
| 04/12/2024 | 154 | Jury Notes #1 as to STEPHEN JOHNSON (zjch, ) (Entered: 04/12/2024) |
| 04/12/2024 | 155 | **Signature Page of Foreperson** <br><br> as to STEPHEN JOHNSON in Jury Note #1. (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zjch, ) (Entered: 04/12/2024) |
| 04/12/2024 | | Minute Entry for Jury Trial as to STEPHEN JOHNSON held on 4/12/2024 before Judge Carl J. Nichols: Same jury. Alternates excused. Jury began deliberating. Jury Deliberation set for 4/15/2024 at 9:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes. Witnesses: Dero Tucker (zjch, ) (Entered: 04/12/2024) |
| 04/15/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Jury Trial as to STEPHEN JOHNSON resumed and held on 4/15/2024: Counts 1ss–15ss,16ss. Same Jury of 12. The Court dismissed jury for the day. Jury Deliberation continued to 4/16/2024 at 09:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes. (zcam) (Entered: 04/15/2024) |
| 04/16/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Jury Trial as to STEPHEN JOHNSON resumed and held on 4/16/2024 as to Counts 1ss–15ss,16ss. Same Jury of 12. Defense Oral Motion for Mistrial; Denied for reasons set forth on the record. Jury Deliberation continued to 4/17/2024 at 09:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. Bond Status of Defendant: Defendant remains on Personal Recognizance; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes. (zcam) (Entered: 04/16/2024) |
| 04/16/2024 | 156 | Jury Note (1) as to STEPHEN JOHNSON. (zcam) (Entered: 04/16/2024) |
| 04/16/2024 | 157 | **Signature Page of Foreperson** <br><br> as to STEPHEN JOHNSON in Jury Note (1). (Access to the PDF Document is restricted pursuant to the E–Government Act. Access is limited to Counsel of Record and the Court.) (zcam) (Entered: 04/16/2024) |
| 04/17/2024 | 158 | NOTICE OF ATTORNEY APPEARANCE Rick E. Blaylock, Jr appearing for USA. (Blaylock, Rick) (Entered: 04/17/2024) |
| 04/17/2024 | 159 | NOTICE *of Bill of Particulars for Forfeiture* by USA as to STEPHEN JOHNSON (Blaylock, Rick) (Entered: 04/17/2024) |

| 04/17/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Jury Trial as to STEPHEN JOHNSON resumed, held, and concluded on 4/17/2024 as to Counts 1ss−15ss,16ss. Same Jury of 12. GUILTY JURY VERDICT as to STEPHEN JOHNSON (1): Counts 1ss−2ss, 5ss, 7ss−8ss, 16ss. Not Guilty on Counts 3ss−4ss, 6ss, 9ss−15ss. Jury discharged. Defendant Oral Motion for Mistrial; DENIED for reasons set forth on the record. Sentencing Date and Presentence Referral Deferred. Parties are to notify Courtroom Deputy of agreed upon sentencing date. Defendant Ordered to Self−Surrender by 4/19/2024. Post Trial Motions due by 6/26/2024. Bond Status of Defendant: Defendant Ordered to Self−Surrender/ Commitment Pending; Court Reporter: Lorraine Herman; Defense Attorney: Tony Miles and Jonathan Jeffress; US Attorney: Paul Courtney and Ryan Lipes. (zcam) Modified on 4/19/2024 to add Presentence text (zcam). (Entered: 04/17/2024) |
| 04/17/2024 | [160](#) | ATTORNEYS' ACKNOWLEDGMENT OF TRIAL EXHIBITS as to STEPHEN JOHNSON. (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [161](#) | EXHIBIT LIST by USA as to STEPHEN JOHNSON. (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [162](#) | EXHIBIT LIST by STEPHEN JOHNSON. (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [163](#) | EXHIBIT LIST by USA and STEPHEN JOHNSON as to STEPHEN JOHNSON. (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [164](#) | Jury Notes (2) as to STEPHEN JOHNSON. (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [165](#) | **Signature Page of Foreperson** <br><br> as to STEPHEN JOHNSON in Jury Notes (2). (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.) (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [166](#) | VERDICT FORM as to STEPHEN JOHNSON. (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [167](#) | **Signature Page of Foreperson** <br><br> as to STEPHEN JOHNSON in Jury Verdict. (Access to the PDF Document is restricted pursuant to the E−Government Act. Access is limited to Counsel of Record and the Court.) (zcam) (Entered: 04/17/2024) |
| 04/17/2024 | [169](#) | FINAL Jury Instructions as to STEPHEN JOHNSON. (zcam) (Entered: 04/19/2024) |
| 04/18/2024 | [168](#) | ORDER. Signed by Judge Carl J. Nichols on April 18, 2024. (lccjn2) (Entered: 04/18/2024) |
| 04/19/2024 | [170](#) | NOTICE *of Filing − Discovery Correspondence* by USA as to STEPHEN JOHNSON re [125](#) Notice (Other), (Attachments: # [1](#) April 19, 2024, Letter from the United States to Jonathan S. Jeffress, Esq., and Tony W. Miles, Esq.)(Courtney, Paul) (Attachment 1 replaced on 4/25/2024) (zltp). (Entered: 04/19/2024) |
| 05/06/2024 | [171](#) | TRANSCRIPT OF MOTION HEARING in case as to STEPHEN JOHNSON before Judge Carl J. Nichols held on March 21, 2024; Page Numbers: 1−66. Date of Issuance: 5/6/2024. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the <u>Transcript Order Form</u> <br><br> For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. |

| | | |
|---|---|---|
| | | After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/27/2024. Redacted Transcript Deadline set for 6/6/2024. Release of Transcript Restriction set for 8/4/2024.(Wayne, Bryan) (Entered: 05/06/2024) |
| 05/13/2024 | 173 | ORDER as to STEPHEN JOHNSON. Signed by Judge Carl J. Nichols on 5/13/2024. (This document is SEALED and only available to authorized persons.) (zcam) (Entered: 05/13/2024) |
| 05/15/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The Clerk is directed to unseal the 173 Sealed Order. So ORDERED by Judge Carl J. Nichols on May 15, 2024. (lccjn2) (Entered: 05/15/2024) |
| 05/15/2024 | 174 | NOTICE OF FILING REDACTED DOCUMENT by USA as to STEPHEN JOHNSON as to 173 Sealed Order (Attachments: # 1 United States' Motion for Leave to File Under Seal Its Motion to Restrain Dissipation of Assets (originally filed at ECF No. 172), # 2 Proposed Order on United States' Motion for Leave to File Under Seal (originally filed at ECF No. 172−1), # 3 United States' Motion to Restrain Dissipation of Assets (redacted) (originally filed at ECF No. 172−2), # 4 Exhibit 1 − Declaration of Special Agent Kelly A. McLeod (redacted) (originally filed at ECF No. 172−3), # 5 Proposed Restraining Order (originally filed at ECF No. 172−4))(Courtney, Paul) (Entered: 05/15/2024) |
| 05/15/2024 | 180 | APPLICATION for Writ of Continuing Garnishment to J.P. Morgan Chase Bank, N.A by USA as to STEPHEN JOHNSON (Attachments: # 1 Notice of Continuing Prejudgment Non−Wage Garnishment, # 2 Writ of Continuing Prejudgment Non−Wage Garnishment, # 3 Claim for Exemptions Under Federal Law (18 U.S.C. 3613), # 4 Answer of the Garnishee, # 5 Request for Hearing or for Transfer)(zstd) (Entered: 07/22/2024) |
| 05/16/2024 | 175 | NOTICE OF ATTORNEY APPEARANCE: Courtney Roberts Forrest appearing for STEPHEN JOHNSON (Forrest, Courtney) (Entered: 05/16/2024) |
| 05/16/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The parties are ORDERED to appear in Courtroom 17 for sentencing at 4 PM on September 16, 2024. So ORDERED by Judge Carl J. Nichols on May 16, 2024. (lccjn2) (Entered: 05/16/2024) |
| 05/16/2024 | | REFERRAL TO PROBATION OFFICE for Presentence Investigation as to STEPHEN JOHNSON. (zkh) (Entered: 05/16/2024) |
| 05/24/2024 | 176 | Consent MOTION to Modify *Restraining Order* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order Modified Restraining Order)(Lipes, Ryan) (Entered: 05/24/2024) |
| 05/29/2024 | 177 | ORDER. Signed by Judge Carl J. Nichols on May 29, 2024. (lccjn2) (Entered: 05/29/2024) |

| 06/18/2024 | 178 | Consent MOTION for Extension of Time to *File Post−Trial Motions* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Forrest, Courtney) (Entered: 06/18/2024) |
|---|---|---|
| 06/24/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The 178 Consent Motion for Extension of Time is GRANTED in part. It is further ORDERED that Defendant shall file any post−trial motions on or before July 3, 2024; the government shall file its response on or before July 24, 2024; and Defendant shall file his reply on or before July 31, 2024. The Court is unlikely to grant any further extensions of time absent extenuating circumstances. So ORDERED by Judge Carl J. Nichols on June 24, 2024. (lccjn2) (Entered: 06/24/2024) |
| 07/03/2024 | 179 | MOTION pursuant to Rule 33 for new trial by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 07/03/2024) |
| 07/15/2024 | 181 | ANSWER TO WRIT OF GARNISHMENT by J.P. Morgan Chase Bank, N.A as to STEPHEN JOHNSON (zstd) (Entered: 07/22/2024) |
| 07/24/2024 | 182 | Memorandum in Opposition by USA as to STEPHEN JOHNSON re 179 Motion pursuant to Rule 33 for new trial (Lipes, Ryan) (Entered: 07/24/2024) |
| 07/31/2024 | 183 | REPLY in Support by STEPHEN JOHNSON re 179 MOTION pursuant to Rule 33 for new trial (Jeffress, Jonathan) (Entered: 07/31/2024) |
| 08/16/2024 | 185 | NOTICE OF ATTORNEY APPEARANCE Oliver W McDaniel appearing for USA. *(LIMITED)* (McDaniel, Oliver) (Entered: 08/16/2024) |
| 08/16/2024 | 186 | Consent MOTION FOR AN INTERIM DISPOSITION ORDER re 180 Application for Writ of Continuing Garnishment by USA, by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(McDaniel, Oliver) (Entered: 08/16/2024) |
| 08/16/2024 | 187 | Consent MOTION to Continue by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 08/16/2024) |
| 08/20/2024 | 188 | SUPPLEMENTAL NOTICE of Authority by STEPHEN JOHNSON (Attachments: # 1 Exhibit Asinor v. District of Columbia)(Jeffress, Jonathan) Modified text on 8/20/2024 (zstd). (Entered: 08/20/2024) |
| 08/21/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The 187 Consent Motion to Continue is GRANTED. The parties are ORDERED to appear in Courtroom 17 for sentencing at 12:00 PM on October 25, 2024. So ORDERED by Judge Carl J. Nichols on August 21, 2024. (lccjn2) (Entered: 08/21/2024) |
| 08/22/2024 | 189 | ORDER granting 186 Consent Motion for an Interim Disposition Order as to STEPHEN JOHNSON (1). Signed by Judge Carl J. Nichols on August 22, 2024. (lccjn2) (Entered: 08/22/2024) |
| 09/10/2024 | 191 | Unopposed MOTION for Leave to File *Response to Defendant's August 20, 2024, Supplemental Notice of Authority* by USA as to STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Courtney, Paul) (Entered: 09/10/2024) |
| 09/11/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The 191 Unopposed Motion for Leave to File is GRANTED. It is ORDERED that the Government shall file its response on or before September 13, 2024. So ORDERED by Judge Carl J. Nichols on September 11, 2024. (lccjn2) (Entered: 09/11/2024) |
| 09/12/2024 | 192 | |

| | | RESPONSE by USA as to STEPHEN JOHNSON re 188 Notice (Other) (Courtney, Paul) (Entered: 09/12/2024) |
|---|---|---|
| 09/17/2024 | 193 | REPLY by STEPHEN JOHNSON re 188 Notice (Other) *of Supplemental Authority* (Jeffress, Jonathan) (Entered: 09/17/2024) |
| 10/02/2024 | 195 | TRANSCRIPT OF STATUS CONFERENCE PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols, January 9, 2024. Page Numbers: 1−24. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/02/2024 | 196 | TRANSCRIPT OF PLEA INQUIRY PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols, on January 25, 2024. Page Numbers: 1−22. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/02/2024 | 197 | TRANSCRIPT OF EVIDENTIARY HEARING PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols on April 1, 2024. Page Numbers: 1−79. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: |

| | | |
|---|---|---|
| | | Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/02/2024 | <u>198</u> | TRANSCRIPT OF PRE−TRIAL CONFERENCE PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols, on April 2, 2024. Page Numbers: 1−63. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**<span style="color:red">NOTICE RE REDACTION OF TRANSCRIPTS:</span>** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/02/2024 | <u>199</u> | TRANSCRIPT OF JURY TRIAL PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols, held on April 8, 2024. Page Numbers: 1−277. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the <u>Transcript Order Form</u><br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter. |

| | | |
|---|---|---|
| | | **NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/02/2024 | 200 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols, held on April 9, 2024. Page Numbers: 278–558. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/02/2024 | 201 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols, on April 10, 2024. Page Numbers: 559–801. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. |

| | | |
|---|---|---|
| | | Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/02/2024 | 202 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS as to STEPHEN JOHNSON, before Judge Carl J. Nichols, on April 11, 2024. Page Numbers: 802–1114. Date of Issuance: October 2, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/23/2024. Redacted Transcript Deadline set for 11/2/2024. Release of Transcript Restriction set for 12/31/2024.(Herman, Lorraine) (Entered: 10/02/2024) |
| 10/04/2024 | 205 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS in the case as to STEPHEN JOHNSON, before Judge Carl J. Nichols, held on April 12, 2024. Page Numbers: 115–1331. Date of Issuance: October 4, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/25/2024. Redacted Transcript Deadline set for 11/4/2024. Release of Transcript Restriction set for 1/2/2025.(Herman, Lorraine) (Entered: 10/04/2024) |
| 10/04/2024 | 206 | TRANSCRIPT OF JURY TRIAL PROCEEDINGS, in the case as to STEPHEN JOHNSON, before Judge Carl J. Nichols, held on April 15, 2024; Page Numbers: 1332–1335. Date of Issuance: October 4, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form |

<table>
<tr><td></td><td></td><td>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 10/25/2024. Redacted Transcript Deadline set for 11/4/2024. Release of Transcript Restriction set for 1/2/2025.(Herman, Lorraine) (Entered: 10/04/2024)</td></tr>
<tr><td>10/04/2024</td><td>207</td><td>TRANSCRIPT OF JURY TRIAL PROCEEDINGS in the case as to STEPHEN JOHNSON, before Judge Carl J. Nichols, held on April 16, 2024. Page Numbers: 1336–1355. Date of Issuance: May 13, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 10/25/2024. Redacted Transcript Deadline set for 11/4/2024. Release of Transcript Restriction set for 1/2/2025.(Herman, Lorraine) (Entered: 10/04/2024)</td></tr>
<tr><td>10/04/2024</td><td>208</td><td>TRANSCRIPT OF JURY TRIAL PROCEEDINGS in the case as to STEPHEN JOHNSON, before Judge Carl J. Nichols, held on April 17, 2024. Page Numbers: 1556–1626. Date of Issuance: May 15, 2024. Court Reporter: Lorraine Herman. Email: Lorraine_Herman@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be</td></tr>
</table>

| | | |
|---|---|---|
| | | made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/25/2024. Redacted Transcript Deadline set for 11/4/2024. Release of Transcript Restriction set for 1/2/2025.(Herman, Lorraine) (Entered: 10/04/2024) |
| 10/05/2024 | 209 | Consent MOTION to Continue *Sentencing by One Week* by STEPHEN JOHNSON. (Attachments: # 1 Text of Proposed Order)(Jeffress, Jonathan) (Entered: 10/05/2024) |
| 10/07/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The 209 Consent Motion to Continue is GRANTED. The sentencing hearing currently scheduled for October 25, 2024, is hereby rescheduled to 2:00 PM on November 1, 2024. So ORDERED by Judge Carl J. Nichols on October 7, 2024. (lccjn2) (Entered: 10/07/2024) |
| 10/10/2024 | 210 | ORDER denying 179 MOTION for New Trial as to STEPHEN JOHNSON (1). Signed by Judge Carl J. Nichols on October 10, 2024. (lccjn2) (Entered: 10/10/2024) |
| 10/24/2024 | 214 | SENTENCING MEMORANDUM by STEPHEN JOHNSON (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit, # 15 Exhibit, # 16 Exhibit, # 17 Exhibit, # 18 Exhibit, # 19 Exhibit)(Jeffress, Jonathan) (Entered: 10/24/2024) |
| 10/24/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The 213 Motion for Leave to File Under Seal is GRANTED. The second exhibit attached to the motion shall be deemed filed. So ORDERED by Judge Carl J. Nichols on October 24, 2024. (lccjn2) (Entered: 10/24/2024) |
| 10/28/2024 | 217 | SENTENCING MEMORANDUM by USA as to STEPHEN JOHNSON (Courtney, Paul) (Main Document 217 replaced on 10/29/2024) (zstd). (Entered: 10/28/2024) |
| 10/28/2024 | | Set/Reset Hearings as to STEPHEN JOHNSON: Sentencing reset for 10/31/2024 at 10:00 AM in Courtroom 17– In Person before Judge Carl J. Nichols. (zcam) (Entered: 10/28/2024) |
| 10/28/2024 | | MINUTE ORDER as to STEPHEN JOHNSON. The 215 216 Motions for Leave to File Under Seal are GRANTED. The exhibits attached to those motions shall be deemed filed. So ORDERED by Judge Carl J. Nichols on October 28, 2024. (lccjn2) (Entered: 10/28/2024) |
| 10/30/2024 | 218 | RESPONSE by STEPHEN JOHNSON re 217 Sentencing Memorandum (Attachments: # 1 Exhibit)(Jeffress, Jonathan) (Entered: 10/30/2024) |
| 10/31/2024 | | Minute Entry for proceedings held before Judge Carl J. Nichols: Sentencing held on 10/31/2024 as to STEPHEN JOHNSON (1): Counts 1ss–2ss, 5ss, 7ss–8ss, and 16ss. Defendant Sentenced to Ninety (90) Months of Incarceration as to each count to run concurrently will all counts, followed by a term of One Hundred Twenty (120) Months of Supervised Release (with conditions). Defendant further Ordered to pay Restitution of $12,000.00, Special Assessment of $100.00 as to each count (total $600.00), AVAA Assessment of $10,000.00, and JVTA Assessment of $30,000.00. No Fine Imposed. Counts 3ss–4ss, 6ss, and 9ss – 15ss: Not Guilty Verdict Rendered by Jury. Counts 1, 1s–15s, and 16s: Dismissed on Oral Motion by the Government. Bond Status of Defendant: Defendant Committed/ Commitment Issued; Court |

|  |  | Reporter: Lorraine Herman; Defense Attorney: Jonathan Jeffress, Tony Miles, and Courtney Forrest; US Attorney: Paul Courtney and Ryan Lipes; Probation Officer: Kelli Willett. (zcam) (Entered: 11/01/2024) |
|---|---|---|
| 11/04/2024 | 219 | JUDGMENT as to STEPHEN JOHNSON. Statement of Reasons Not Included. Signed by Judge Carl J. Nichols on 11/4/2024. (zstd) (Entered: 11/05/2024) |
| 11/04/2024 | 220 | STATEMENT OF REASONS as to STEPHEN JOHNSON re 219 Judgment Access to the PDF Document is restricted per Judicial Conference Policy. Access is limited to Counsel of Record and the Court. Signed by Judge Carl J. Nichols on 11/4/2024. (zstd) (Entered: 11/05/2024) |
| 11/13/2024 | 221 | NOTICE OF APPEAL – Final Judgment by STEPHEN JOHNSON Filing fee $ 605, receipt number ADCDC–11295325. Fee Status: Fee Paid. Parties have been notified. (Forrest, Courtney) (Entered: 11/13/2024) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

**v.**

**STEPHEN JOHNSON**

**Defendant.**

**Case No. 1:22-cr-00176 (CJN)**

## NOTICE OF APPEAL

Notice is hereby given that Defendant Stephen Johnson in the above-captioned case appeals to the United States Court of Appeals for the District of Columbia Circuit from the final judgment and sentence entered in this action on November 4, 2024 (ECF No. 219), and all orders and judgments merged or subsumed therein, including without limitation the jury's finding of guilt as to Counts 1-2, 5, 7-8 and 16 of the Second Superseding Indictment after a jury trial on April 17, 2024 (ECF No. 166), and orders denying Mr. Johnson's motion for a new trial and motions to suppress. *See, e.g.,* ECF No. 210; 4/2/24 Tr.

Dated: November 13, 2024

Respectfully Submitted,

*/s/ Courtney R. Forrest*
Courtney R. Forrest (D.D.C. No. 996740)
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
cforrest@kaiserlaw.com

*Counsel for Stephen Johnson*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of November 2024, the foregoing was served electronically on the counsel of record through the U.S. District Court for the District of Columbia Document Filing System (ECF) and the document is available on the ECF system.

*/s/ Courtney R. Forrest*
Courtney R. Forrest

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
              Sheet 1

# UNITED STATES DISTRICT COURT

### District of Columbia  ▢▼

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| Stephen Johnson | Case Number: CR 22-176 (CJN) |
| | USM Number: 68598-509 |
| | Jonathan Jeffress, Tony Miles, and Courtney Forrest |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☑ was found guilty on count(s)   1ss-2ss, 5ss, 7ss-8ss, and 16ss
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 2252(a)(1), (b)(1) | ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING CHILD PORNO; Transportation of Child Pornography | 10/5/2020 | 1ss - 2ss |
| 18 § 2252(a)(1), (b)(1) | ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINING | 10/5/2020 | 5ss |

The defendant is sentenced as provided in pages 2 through ___9___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)   3ss-4ss, 6ss, and 9ss-15ss

☑ Count(s)   1, 1s-15s, 16s      ☐ is   ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/31/2024
Date of Imposition of Judgment

*Carl J. Nichols*
Signature of Judge

Carl J. Nichols    U. S. District Judge
Name and Title of Judge

11/4/2024
Date

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 1A

DEFENDANT:  Stephen Johnson
CASE NUMBER:  CR 22-176 (CJN)

Judgment—Page    2    of    9

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 § 2252(a)(1), (b)(1) | CHILD PORNO; Transportation of Child Pornography ACTIVITIES RE MATERIAL CONSTITUTING/CONTAINI | 10/5/2020 | 7ss - 8ss |
| 18 § 2252(a)(4)(B), (b)(2) | CHILD PORNO; Transportation of Child Pornography ACTIVITIES RE MATERIAL CONSTITUTING/ CONTAINING CHILD PORNO; Possession of Child Pornography | 10/5/2020 | 16ss |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | Judgment — Page 3 of 9 |
|---|---|

DEFENDANT:   Stephen Johnson
CASE NUMBER:   CR 22-176 (CJN)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Ninety (90) Months as to each count to run concurrently

☑ The court makes the following recommendations to the Bureau of Prisons:
　FCI Elkton
　8730 Scroggs Road
　Lisbon, OH 44432
　**RDAP

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐ before 2 p.m. on _____.

　☐ as notified by the United States Marshal.

　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
             Sheet 3 — Supervised Release

|  |  |  |  |  |
|---|---|---|---|---|
| | | Judgment—Page | 4 | of | 9 |

DEFENDANT:  Stephen Johnson
CASE NUMBER:  CR 22-176 (CJN)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

One Hundred Twenty (120) Months as to each count, to run concurrently

## MANDATORY CONDITIONS

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
      ☑ The above drug testing condition is suspended, based on the court's determination that you
         pose a low risk of future substance abuse. *(check if applicable)*
4.  ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of
      restitution. *(check if applicable)*
5.  ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.  ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as
      directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you
      reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.  ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached
page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

| | Judgment—Page | 5 | of | 9 |
|---|---|---|---|---|

DEFENDANT: Stephen Johnson
CASE NUMBER: CR 22-176 (CJN)

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
             Sheet 3D — Supervised Release

Judgment—Page ___6___ of ___9___

DEFENDANT: Stephen Johnson
CASE NUMBER: CR 22-176 (CJN)

## SPECIAL CONDITIONS OF SUPERVISION

Sex Offense Assessment – You must participate in a sex offense-specific assessment. You must pay a percentage of the costs of the assessment, as determined by the Probation Office.

Sex Offender Treatment - You must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay a percentage of the costs of the program, as determined by the Probation Office.

Sex Offense Testing [Polygraph] - You must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.

Location Restriction [Sex Offender] - You must not go to, or remain at, any place where you know children under the age of 18 are likely to be, including parks, schools, playgrounds, and childcare facilities.

Contact Restriction [Sex Offender] - You must not have direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer. If you do have any direct contact with any child you know or reasonably should know to be under the age of 18, without the permission of the probation officer, you must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

Computer Search - You must submit your computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. You must warn any other people who use these computers or devices capable of accessing the Internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

Computer Monitoring - You must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) you use.

Computer Monitoring/Search - To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

Mental Health Treatment - You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

Financial Information Disclosure - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

THE COURT ALSO imposes a $30,000 assessment pursuant to the Justice for Victims of Trafficking Act of 2015 and a $10,000 assessment pursuant to the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

|  |  | Judgment — Page | 7 | of | 9 |

DEFENDANT: Stephen Johnson
CASE NUMBER: CR 22-176 (CJN)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment\*** | **JVTA Assessment\*\*** |
|---|---|---|---|---|---|
| **TOTALS** | $ 600.00 | $ 12,000.00 | $ | $ 10,000.00 | $ 30,000.00 |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*\*\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Utah Crime Victims Legal Clinic | | $3,000.00 | |
| Attn: Taylor | | | |
| 404 East 4500 South Ste B24 | | | |
| Salt Lake City, Utah 84107 | | | |
| | | | |
| Deborah A. Bianco, in trust for Pia | | $3,000.00 | |
| P.O. Box 6503 | | | |
| Bellevue, WA 98008 | | | |

| **TOTALS** | $ 0.00 | $ 12,000.00 |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐  the interest requirement is waived for the   ☐  fine   ☐  restitution.

☑  the interest requirement for the   ☐  fine   ☑  restitution is modified as follows:  waived until term of incarceration ends.

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 5B — Criminal Monetary Penalties

Judgment—Page ___8___ of ___9___

DEFENDANT: Stephen Johnson
CASE NUMBER: CR 22-176 (CJN)

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Carol F. Hepburn, in trust for Sloane | | $3,000.00 | |
| P.O. Box 17718 | | | |
| Seattle, WA 98127 | | | |
| | | | |
| Carol F. Hepburn, in trust for Lily | | $3,000.00 | |
| P.O. Box 17718 | | | |
| Seattle, WA 98127 | | | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page  9  of  9

DEFENDANT:  Stephen Johnson
CASE NUMBER:  CR 22-176 (CJN)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☑  Lump sum payment of $  52,600.00  due immediately, balance due

    ☐  not later than _____ , or
    ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑  Special instructions regarding the payment of criminal monetary penalties:

    The financial obligations are immediately payable to the Clerk of the Court for the U.S. District Court, 333
    Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk
    of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Case Number
    Defendant and Co-Defendant Names                   Joint and Several        Corresponding Payee,
    (including defendant number)      Total Amount         Amount           if appropriate

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 22-cr-176 (CJN) |
| STEPHEN JOHNSON, | |
| *Defendant.* | |

**VERDICT FORM**

### COUNT ONE:  Transportation of Child Pornography

With respect to Count One, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY _____        GUILTY ___✓___

### COUNT TWO:  Transportation of Child Pornography

With respect to Count Two, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY _____        GUILTY ___✓___

### COUNT THREE:  Transportation of Child Pornography

With respect to Count Three, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY ___✓___        GUILTY _____

### COUNT FOUR:  Transportation of Child Pornography

With respect to Count Four, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY ___✓___        GUILTY _____

Page 1 of 4

**FIVE:  Transportation of Child Pornography**

With respect to Count Five, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY _____        GUILTY ✓_____

**COUNT SIX:  Transportation of Child Pornography**

With respect to Count Six, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY ✓_____        GUILTY _____

**COUNT SEVEN:  Transportation of Child Pornography**

With respect to Count Seven, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY _____        GUILTY ✓_____

**COUNT EIGHT:  Transportation of Child Pornography**

With respect to Count Eight, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY _____        GUILTY ✓_____

**COUNT NINE:  Transportation of Child Pornography**

With respect to Count Nine, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY ✓_____        GUILTY _____

**COUNT TEN:  Transportation of Child Pornography**

With respect to Count Ten, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY ✓_____        GUILTY _____

## COUNT ELEVEN:  Transportation of Child Pornography

With respect to Count Eleven, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY  ___✓___       GUILTY  _____

## COUNT TWELVE:  Transportation of Child Pornography

With respect to Count Twelve, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY  ___✓___       GUILTY  _____

## COUNT THIRTEEN:  Transportation of Child Pornography

With respect to Count Thirteen, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY  ___✓___       GUILTY  _____

## COUNT FOURTEEN:  Transportation of Child Pornography

With respect to Count Fourteen, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY  ___✓___       GUILTY  _____

## COUNT FIFTEEN:  Transportation of Child Pornography

With respect to Count Fifteen, the charge of Transportation of Child Pornography, we unanimously find the defendant:

NOT GUILTY  ___✓___       GUILTY  _____

## COUNT SIXTEEN:  Possession of Child Pornography

With respect to Count Sixteen, the charge of Possession of Child Pornography, we unanimously find the defendant:

NOT GUILTY _____        GUILTY ____✓____

*IF YOU UNANIMOUSLY FOUND THE DEFENDANT GUILTY OF COUNT SIXTEEN, PLEASE CONTINUE TO THE NEXT QUESTION.*

Do you unanimously find beyond a reasonable doubt that at least one visual depiction involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age?

NO _____        YES ____✓____

Dated: _April 17th, 2024_         _____
                                              FOREPERSON

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,

    v.

STEPHEN JOHNSON,

       *Defendant*.

Criminal Action No. 1:22-cr-176 (CJN)

**<u>ORDER</u>**

Following a five-day trial (and three days of deliberation), a jury convicted Stephen Johnson of five counts of transportation of child pornography, in violation of 18 U.S.C. § 2252(a)(1) and (b)(1), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). *See* ECF No. 166; 4/17/2024 Tr. at 1597-99. Johnson moves for a new trial, raising arguments that the Court previously rejected. *See* Johnson Mot. for New Tr. ("Johnson Br."), ECF No. 179. The Court denies that motion.

**A.**

Prior to trial, Johnson moved to suppress evidence from his digital devices and Google account. Following extensive briefing, *see* ECF Nos. 82, 84, 94, 99, 128, 133-34 & 136, a motions hearing, *see* 3/21/2024 Tr., and an evidentiary hearing, *see* 4/1/2024 Tr., the Court denied those motions and explained in detail its reasoning, *see* 4/2/2024 Tr. at 3-14, 16-17. The Court has reviewed Johnson's more recent filings on the topic and concludes that he has provided no new legal or factual bases that cause the Court to reconsider its prior decisions.

**B.**

Johnson also contends that certain evidence should not have been admitted at trial.

1

1.      Johnson first argues that the Court improperly admitted evidence that should have been excluded under Federal Rules of Evidence 404(b) and 403.  Johnson Br. at 36.  In particular, Johnson takes issue with the admission of evidence (1) that Johnson visited a Dropbox folder labeled "black teens and underage thots" ten times, (2) that Johnson belonged to Telegram groups advertising child pornography and that his phone contained child sexual abuse materials (CSAM) from those Telegram groups, and (3) that Johnson was a member of shared Google Photo albums titled "13-17 lesbian cp," "CINCITY PYT," and "pyt videos."  *Id.* at 36-42.

All of that evidence was properly admitted.  Generally, all relevant evidence is admissible.  *See* Fed. R. Evid. 402.  Rule 404(b) carves out an exception for evidence of "other crimes, wrongs, or acts" if introduced to prove a defendant's character, but such evidence is admissible if it is introduced for non-propensity purposes.  And under Rule 403, evidence is inadmissible if the danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence" stemming from admission "substantially outweigh[s]" the evidence's probative value.

The Dropbox, Telegram, and Google Photos evidence were admitted for non-propensity purposes—to demonstrate Johnson's intent, knowledge, and absence of mistake in possessing and uploading the charged materials.  *See* Fed. R. Evid. 404(b)(2) (listing permitted uses of evidence about other wrongs).  This evidence went to an issue at the trial:  Did Johnson accidentally download (and ultimately upload) the illegal child pornography while trying to access legal adult pornography?  Or did he do so intentionally, with knowledge of what was in the files he downloaded and uploaded?

Johnson wanted to tell a narrow story, focused only on the conduct for which he was charged—that he had one or two accidental brushes with child pornography.  The government

2

wanted to provide the jury with a fuller picture—that Johnson repeatedly found himself in contact with child pornography, and therefore acted with intention when it came to the charged conduct.

The government had a right to present that broader story to the jury, especially given Johnson's choice to put his accident theory front and center in the trial. *See Old Chief v. United States*, 519 U.S. 172, 187-89 (1997). A reasonable juror, when told that a defendant claims to have accidentally interacted with child pornography, might ask "has he done it before?" The government was entitled to proffer evidence suggesting that he had. Indeed, if it had failed to do so, the jury might "draw[] a negative inference against" the government and assume that there was no evidence that Johnson had other encounters with child pornography. *Id.* at 188.

No rule forces the government to live with such a result. Under Rule 404(b), this evidence was introduced for non-propensity purposes—to disprove Johnson's accident theory.[1] And the evidence had significant probative value, more than enough to survive 403 balancing. Regardless of whether Johnson accessed the Dropbox folder on different dates than he accessed the materials for which he was charged, the fact that, on more than one occasion, Johnson accessed a folder entitled "black teens and underage thots" was highly relevant to an assessment of his accident defense. Similarly, his presence in Telegram groups and Google Photos albums was relevant to whether his possession and uploading of the charged child pornography was accidental.[2]

---

[1] It is also "generally accepted in this Circuit and elsewhere that evidence of a defendant's sexual attraction to children (or teenagers) is probative of the specific intent element of criminal statutes involving sexual activity with minors," such that this type of evidence generally survives 404(b) challenges. *United States v. Lieu*, 298 F. Supp. 3d 32, 52 (D.D.C. 2018) (cleaned up).

[2] Evidence of other crimes or bad acts can be introduced only if "the evidence is sufficient to support a jury finding that the defendant committed the other crime or act." *United States v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000). Johnson argues that the government did not provide sufficient evidence that he intentionally joined the Telegram groups and Google Photos albums. *See* Johnson Reply at 21, ECF No. 183. But that argument misses the point of that evidence. The government was not trying to prove that *every* interaction Johnson had with child pornography was intentional. Rather, it introduced the evidence to show that Johnson so frequently found himself in contact

Johnson's argument might have some force in a different case, such as one revolving around whether the pornographic materials depicted minors. But one of the central issues in this trial was Johnson's *mens rea*—that is, whether his possession and uploading of child pornography was accidental or intentional—and evidence rebutting the possibility that his conduct was unintentional was probative enough to outweigh any concerns about unfair prejudice or cumulative presentation of evidence.[3]

Also eliminating concerns about unfair prejudice is the Court's instruction reminding the jury that "Johnson is not on trial for any act or any conduct not specifically charged in the indictment." Final Jury Instructions at 22, ECF No. 169. Jurors are, of course, presumed to follow such an instruction. *See infra* p. 8–9.

2. Johnson also contends that evidence of the presence of the Tor browser on his computer should have been excluded "as irrelevant and/or more prejudicial than probative." Johnson Br. at 42. But Johnson put the Tor issue on the table, making the government's evidence sufficiently probative to satisfy 403 balancing.

Before trial, the government stated that it did not intend to present evidence that the Tor browser (a browser which can be used to access the dark web) was on Johnson's computer. At

---

with child pornography as to make it less likely that that contact in general—and the charged conduct in particular—was accidental. Thus, the government's burden was to show that Johnson was in the groups and albums, not that he necessarily joined them on purpose. It easily met that burden.

[3] Johnson's concerns of unfair prejudice—that the jury might seek to punish Johnson for unindicted bad acts—are muted here, where the jury convicted Johnson of only those counts of transportation for which the government presented the best and clearest evidence. Government Exhibit 412A showed that five files had been saved and played on Johnson's computer prior to being uploaded to his Google Drive. Those were the only five files that the jury convicted Johnson of transporting. If the jury wanted to punish Johnson for his other bad acts, it might have convicted him across the board, or at least not been so discerning in acquitting him on the ten counts supported by less evidence.

4

trial, however, Johnson put the dark web, and Tor in particular, at issue.  In his opening, defense counsel stated to the jury that "[t]he main website here is not from the dark web.  It is not from Tor or anything like that."  4/9/24 Tr. at 309.  And defense counsel engaged in the following colloquy while cross examining FBI Special Agent Laura Calvillo:

> Mr. Jeffress:    And, just to be clear, there are websites out there that specifically cater to child pornography. Correct?
>
> SA Calvillo:    Mostly on – nowadays, on the dark net. But in the past there have been, yes.
>
> Mr. Jeffress:    That's right. Most of them are on the dark web. Correct?
>
> SA Calvillo:    Correct.
>
> Mr. Jeffress:    And they are specifically catered to child pornography. They are not, you know, public websites that may have child pornography in them. Correct?
>
> SA Calvillo:     Correct.
>
> Mr. Jeffress:    And if someone wants to find child pornography, all they need to do is go to the dark web, and they can go to a website that's exclusively all about this; isn't that right?
>
> SA Calvillo:    They can. I don't see that much in our investigations, but they can.
>
> Mr. Jeffress:    You don't see any dark web investigations?
>
> SA Calvillo:    In the users that I've seen, the majority of them are on chats or other ways of getting the links. On occasion, we see the Tor, as in the The Onion Router, but –

*Id.* at 467.

Johnson thus implied (both through his opening and his cross-examination) that a significant portion of child pornography is found on the dark web, using specific browsers, and that Johnson did not use the dark web or such browsers.  As the Court put it at the time, Johnson had essentially argued to the jury that "it is more likely that a mistake was made here or it's less

5

likely that there is *mens rea* when the government only has evidence that Mr. Johnson was using traditional Internet sites to access CSAM . . . . [l]eaving the impression, I think, that . . . he uses only such sites." 4/10/24 Tr. at 570:9-13. This created the risk that the jury would be left with a partial, and misleading, picture, believing that the government was unable to find evidence indicating that Johnson had the Tor browser or accessed the dark web. As a result, the Court explained, "the government's evidence as to Tor [had become] both more probative than it was before and less prejudicial than it would have been because of [defense counsel's] line of questioning." 4/10/24 Tr. at 570:15-22. The Court maintains that view: The evidence had significant probative value, particularly given the need to correct the implication that Johnson had (intentionally or not) created in his opening and cross-examination, and that probative value outweighed any 403 concerns.

## C.

Johnson also seeks a new trial based on alleged errors that occurred after the case was submitted to the jury.

1.      Johnson first argues that a new trial is necessary because the jury had access to both sides' complete exhibit lists during its deliberations. In particular, during the middle of the jury's deliberation, the Court learned that (contrary to the Court's normal practice) the jury had been given a copy of each party's exhibit list. Those lists included a short description of each potential exhibit (whether admitted into evidence or not). The descriptions of the exhibits that had not been admitted were redacted with a black marker, but, as the Court found at the time, it was "possible that some of the redacted [descriptions] could be viewed, if someone wanted to" try to do so.

6

4/16/24 Tr. at 1340:15-21.[4]  Many of those redacted descriptions were of meaningless phrases (such as photographs labelled "DSC_0093," "DSC_0094," "DSC_0097," and "DSC_0098"); others described the material in wholly objective terms (such as "Lenovo Yoga laptop Shell Bags").  ECF No. 161.

Johnson focuses on one entry on the government's exhibit list in particular: "October 7, 2021, Interview of Stephen Johnson."  Even assuming that the jury could and did read this item, the Court concludes that a new trial is not warranted.  This description was, like others, objective; it did not say "October 7, 2021, *Confession* of Stephen Johnson."  Johnson argues that the exhibit was found on the government's list, so the jurors might have "conclude[d] that the contents of the statement were inculpatory."  Johnson Br. at 35.  The more natural inference, however, would have been that the interview did not contain anything inculpatory because otherwise the government would have attempted to use it.  It was also no secret that the government had talked with Johnson.  Defense counsel elicited testimony at trial that "Johnson gave the passcode to [his] Lenovo computer [to law enforcement] the very day he was arrested."  4/10/2024 Tr. at 675:11-13.  Further, it seems unlikely that it would have been grounds for a new trial had the government attempted to introduce the video into evidence by asking a law-enforcement witness questions about the video in front of the jury.  The exhibit list's description of Johnson's custodial interview was more neutral than what a witness's testimony might have been in connection with an attempt to lay foundation.

Changing tack, Johnson argues that the mere fact that the jury could see that a higher proportion of entries on Johnson's exhibit list was crossed out than on the government's list would leave "jurors with the impression, even implicitly, that the government's case was stronger than it

---

[4] For admitted exhibits, the lists also contained the courtroom deputy's annotations about when each exhibit was admitted and through which witness the exhibit was introduced.

actually was, and/or that defense counsel had doubts about the strength of their proposed evidence." Johnson Br. at 35. This is pure speculation. To the extent jurors read into this at all, they may well have thought that defense counsel felt they didn't need to introduce further evidence because the government's case was weak and Johnson's presented evidence was strong.

In any event, the Court gave the jury a curative instruction that, together with the other instructions the Court gave throughout the trial, reduces the risk that jurors drew an improper inference from the exhibit lists. With respect to the exhibit lists specifically, the Court instructed that the jury that the "*lists are not themselves evidence, and you should not weigh anything in those documents, including their length, as evidence in this case. Furthermore, the lightly redacted or the drawn-through entries concerned exhibits never entered into evidence, so you should disregard those entirely as well. You must not consider either of the exhibit lists in your deliberations*." 4/16/2024 Tr. at 1352-53 (emphasis added). More generally, the Court instructed the jury that it "may consider only the evidence properly admitted in this trial," which consists of "the sworn testimony of the witnesses, the exhibits that were admitted into evidence and the facts and testimony stipulated to by the parties." Final Jury Instructions at 6. The Court similarly told the jury it "should determine the facts solely from a fair consideration of the evidence." Final Jury Instructions at 4. And it instructed that any "exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations." Final Jury Instructions at 14.

"Our legal system presumes" "that jurors can be relied upon to follow the trial judge's instructions." *Samia v. United States*, 599 U.S. 635, 646 (2023). If jurors can be trusted to follow instructions when it comes to far more probative, far more potentially damaging, and far more difficult to compartmentalize evidence—such as an instruction to consider a defendant's

statements procured via a *Miranda* violation only for impeachment purposes and not as evidence

of substantive guilt, *see Harris v. New York*, 401 U.S. 222, 223-26 (1971)—then the instruction to

disregard the exhibit lists here suffices too.

2.      Johnson also argues that a new trial is warranted because the Court instructed the

jury to continue deliberating after a post-verdict jury poll revealed a lack of unanimity.

a.      Here's what happened:  On April 17, 2024, the jury indicated that it had reached a

unanimous verdict.  4/17/24 Tr. at 1558-59.   The foreperson read the verdict—which found

Johnson guilty on the possession count as well as on six of the transportation counts, but not guilty

as to the other counts—in open court.  *Id.* at 1559-62.  As the foreperson did so, members of the

defendant's family (who were in the public seating area) loudly shouted "no" repeatedly, and one

person yelled "I hope you can sleep at night" at the jury.  *Id.* at 1568, 1570.  Johnson then asked

to poll the jurors.  *Id.* at 1563:8-9.  The courtroom deputy asked the jurors to individually indicate

"if [his or her] individual verdict is the same as that just announced," starting with Juror 1.  *Id.* at

1563:12-16.  Juror 1 responded "No" and began sobbing.  *Id.* at 1563:16-17, 1568:15-17.  The

polling continued and every other juror responded "Yes."  *Id.* at 1563-64.  Defense counsel initially

stated that "in light of Juror No. 1's clear answer that that was not his verdict, this was not a

unanimous verdict, and we would ask that they continue to deliberate," but then changed course

and moved for a mistrial.  *Id.* at 1564-65.

The Court did not declare a mistrial, but instead directed the jury to continue deliberating

and gave the following instruction:

> The goal here is not to force you to reach a verdict or to suggest in any way what
> your verdict should be.  Do not surrender honest conviction as to the weight or
> effect of evidence solely because of the opinion of your fellow jurors or for the
> mere purpose of returning a verdict.  But since you have not reached a unanimous
> verdict, please continue your deliberations.

9

*Id.* at 1581:5-12.

A couple of hours later, the jury again indicated that it had reached a unanimous verdict. This time, the Court cleared the courtroom to prevent further outburst; the foreperson announced the verdict, finding Johnson guilty on the possession count and five of the transportation counts, but not guilty as to all other counts; and the subsequent poll of the jury reflected that the jury was unanimous as to that verdict. *See id.* at 1596-1601.

Johnson requested that Juror 1 be questioned outside the presence of the remaining jurors to "be sure that that is truly his verdict; that it was without coercion." *Id.* at 1602:16-21. The Court agreed, in order "to ensure [], outside the presence of the jury" that the verdict "is, in fact, his verdict." *Id.* at 1603:9-15. In response to the Court's questions, Juror 1 agreed that the "verdict was [his] verdict," that he "agree[s] that the government proved the defendant guilty . . . [f]or the charges that [the jurors] all agreed upon," that the "verdict form . . . reflects [his] view of the proper verdict," and that "the evidence . . . establishes the defendant's guilt on every count the jury found him guilty of." *Id.* at 1604-05. The juror also volunteered that the case was difficult for him because "it's a very serious charge" and "a bad situation for everybody" and responded "yes" when the Court asked whether the "problem" he was having was because the case involved "a difficult subject and difficult charges." *Id.*

As the Court summed up contemporaneously, Juror 1 "agreed entirely with the verdict," "agreed with the slightly different statement that the government had proved beyond a reasonable doubt Mr. Johnson's guilt[] o[n] each of the counts reflected in the guilty verdict," and agreed "that the reason for his emotional response and the difficulty he was having with this case was the nature of the charges and the difficult situation everyone finds themselves in." *Id.* at 1606. Thus, the Court found, based on its observation of Juror 1's statements, that "the verdict has the

10

unanimous support of every juror and the polling response we saw earlier and his emotional reactions here are not because he believes the jury's verdict is incorrect or is not unanimous, but because he is suffering the emotional reaction to the difficulty of the topic, the videos and the like." *Id.* at 1607.

b.      Johnson argues that the "Court erred when it resumed deliberations" after Juror 1 "openly disagreed with the verdicts" because doing so "created a substantial risk of juror coercion." Johnson Br. at 31. The Court disagrees.

The record makes clear that the verdict was not the result of coercion. As noted above, the Court expressly instructed the jurors that they should not "surrender [their] honest conviction as to the weight or effect of evidence solely because of the opinion of [their] fellow jurors or for the mere purpose of returning a verdict." 4/17/24 Tr. at 1581:5-12. The jury deliberated for several hours before again returning a verdict. Then, outside the presence of the other jurors, Juror 1 stated expressly that he fully agreed with the verdict and that he believed the evidence demonstrated Johnson's guilt beyond a reasonable doubt on the counts for which he was convicted. And Juror 1 provided an explanation for his earlier hesitation and demeanor: They were a result of the emotional weight of the case—and understandably so, given the seriousness of the charges, the graphic and brutal nature of some of the evidence, and the emotional outbursts of Johnson's family as the verdict was being read. Based on Juror 1's statements and the Court's observation of his demeanor, the Court saw no indication that Juror 1 was coerced against his conscience into voting guilty on any count. *See United States v. Brooks*, 420 F.2d 1350, 1353 (D.C. Cir. 1969) (explaining that "the trial judge [has] a measure of discretion in assessing the impact of a dissenting vote during a jury poll," because "the trial judge is in a much better position . . . to determine whether a recalcitrant juror's eventual acquiescence in a verdict was in fact freely given").

11

Johnson argues (essentially) that there is coercion as a matter of law whenever there is a jury poll indicating an 11-1 split (as opposed to a situation where the court stops polling as soon as a lack of unanimity is revealed) based on one juror's "disagreement with the substance of the verdict." Johnson Br. at 32. He cites cases that, due to coercion concerns, disfavor a court inquiring into the numerical division among jurors when they may be deadlocked during deliberations. Johnson Br. at 31 (citing *Brasfield v. United States*, 272 U.S. 448, 450 (1926), and *United States v. Ligon*, 781 F. Supp. 1, 8 (D.D.C. 1991)). The question is whether that disfavor extends to polls to ensure juror unanimity after a verdict has been announced.

The Court of Appeals has held that it does not. As the Court of Appeals has put it, although "inqur[ing] what the numerical division among the jurors" mid-deliberation is "not to be sanctioned," "[a] jury poll, it is clear, stands on quite a different footing," even though it may exert "pressure toward conformity . . . because of its tendency to isolate the dissenting jurors." *United States v. Brooks*, 420 F.2d 1350, 1354 (D.C. Cir. 1969) (quoting *Brasfield*, 272 U.S. at 450). That distinction makes sense. There is little reason, other than imposing pressure on the jury, for a judge to ask about the numerical division of a jury during its deliberation. *See id.* at 1354. In contrast, there are legitimate reasons for polling the jury after it has reached its verdict: for one, such polls help ensure verdicts are truly unanimous, and for another, the judge must conduct one if requested under Federal Rule of Criminal Procedure 31(d).

Moreover, Rule 31(d) expressly authorizes continued deliberations after a post-verdict poll reveals the jury might not be unanimous: "If the poll reveals a lack of unanimity, the court may direct the jury to deliberate further or may declare a mistrial and discharge the jury." Johnson argues that once one juror has indicated that the verdict is not unanimous, it is error to continue polling. But Rule 31(d) states that the court "must . . . poll the jurors individually," suggesting

that the rule at least contemplates that every juror is polled.[5]  And if that poll reveals a lack of unanimity, the Court can *either* "declare a mistrial" *or* "direct the jury to deliberate further."

Of course, a court should not "direct the jury to deliberate further" when that would result in a coerced verdict.  But as explained above, there was no coercion here.  And given that the poll happened after the jury returned its first verdict, this is not a situation (unlike when there is a possible deadlock) where a poll might suggest that the judge is getting impatient with the pace of deliberations.[6]

*        *        *

Accordingly, it is **ORDERED** that Defendant's Motion for a New Trial, ECF No. 179, is **DENIED**.

**IT IS SO ORDERED**.

DATE:  October 10, 2024

CARL J. NICHOLS
United States District Judge

---

[5] Whether or not a Court *must* poll every juror even though a lack of unanimity is revealed before reaching the last juror, it does not follow that a court *cannot* continue to poll as Johnson suggests. *See Brooks*, 420 F.2d at 1354; *see also, e.g.*, *United States v. Penniegraft*, 641 F.3d 566, 580 (4th Cir. 2011); *United States v. Gambino*, 951 F.2d 498, 501 (2d Cir. 1991).  This is especially so in this case, where defense counsel requested the poll and did not object to continuing the poll after the lack of unanimity was revealed.

[6] Johnson raises one final argument.  He argues that even if none of the issues he has raised individually warrants a new trial, their "cumulative effect" does.  Johnson Br. at 43.  The Court disagrees.  The only arguable error identified by Johnson is providing the jury with the parties' exhibit lists, and that error was not prejudicial.